# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | NO. 2:25-cv-244<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>[PROPOSED]<br><br>NOTED FOR MOTION:<br>FEBRUARY 7, 2025 |

## I.   INTRODUCTION

This matter came before the Court on the emergency Motion for a Temporary Restraining Order filed by the States of Washington, Minnesota, and Oregon (collectively, Plaintiff States) and Physician 1, Physician 2, and Physician 3 (all collectively, Plaintiffs). Plaintiffs challenge Executive Order 14,187, issued January 28, 2025, by President Trump entitled "Protecting Children from Chemical and Surgical Mutilation." Having considered the motion, Defendants' response, if any, and the argument of the parties, if any, the Court GRANTS Plaintiffs' Emergency Motion for a 14-day Temporary Restraining Order effective at 12:01am on February ___, 2025. The Court enters the following findings of fact and conclusions of law.

ORDER GRANTING PLAINTIFFS'
MOTION FOR TEMPORARY
RESTRAINING ORDER
[PROPOSED]

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## II. FINDINGS OF FACT

1. Plaintiffs took the following steps to provide sufficient notice to Defendants:

    a. In advance of filing, on the morning of February 7, 2025, Plaintiffs' counsel called the Office of the United States Attorney for the Western District of Washington and emailed the United States Attorney for the Western District of Washington and the Chief of the Civil Division, to notify the office of Plaintiffs' intention to file the complaint and motion for temporary restraining order in the near term.

    b. Once on file, copies of the complaint, motion, declarations, and exhibits were delivered by hand and emailed to the United States Attorney's Office for the Western District of Washington;

    c. Hard copies of the complaint, motion, declarations, and exhibits were sent by certified mail to the Attorney General of the United States in Washington D.C.

2. Plaintiffs face irreparable injury as a result of the signing and implementation of Executive Order 14,187. The Order harms Plaintiffs by forcing medical institutions and providers within the Plaintiff States to choose between exercising their medical judgment and ethical obligations in providing gender-affirming medical care to their adolescent patients or risking losing substantial federal funding. Under the Order, physicians and providers face the risk of criminal liability for providing gender-affirming medical care. The threats to defund research and education grants and applying 18 U.S.C. § 116 to medical professionals providing gender-affirming care and families receiving such care will reduce the provision of gender-affirming care to individuals suffering from gender dysphoria in the Plaintiff States. The White House has agreed that the Order has caused hospitals to downsize or eliminate gender-affirming care programs.

3. These harms are immediate, ongoing, and significant, and cannot be remedied in the ordinary course of litigation.

ORDER GRANTING PLAINTIFFS'  
MOTION FOR TEMPORARY  
RESTRAINING ORDER  
[PROPOSED]

2

ATTORNEY GENERAL OF WASHINGTON  
Complex Litigation Division  
800 Fifth Avenue, Suite 2000  
Seattle, WA 98104  
(206) 464-7744

4.   A temporary restraining order against Defendants, as provided below, is necessary until a hearing on Plaintiffs' forthcoming motion for a preliminary injunction can be held.

### III.   CONCLUSIONS OF LAW

5.   The Court has jurisdiction over Defendants and the subject matter of this action.

6.   Plaintiffs' efforts to contact Defendants reasonably and substantially complied with the requirements of Federal Rule of Civil Procedure 65(b) and Local Civil Rule 65(b).

7.   The Court deems no security bond is required under Rule 65(c).

8.   To obtain a temporary restraining order, Plaintiffs must establish (1) they are likely to succeed on the merits; (2) irreparable harm is likely in the absence of preliminary relief; (3) the balance of equities tips in the Plaintiffs' favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); Fed. R. Civ. P. 65(b)(1).

9.   Plaintiffs are likely to succeed on the merits of their claims. Plaintiffs are likely to succeed in demonstrating that the Executive Order facially discriminates based on transgender status and sex and is thus subject to heightened scrutiny. *Doe v. Horne*, 115 F.4th 1083, 1102 (9th Cir. 2024); *Hecox v. Little*, 104 F.4th 1061, 1080 (9th Cir. 2024), *as amended* (June 14, 2024) (applying heightened scrutiny to discrimination based on sex and transgender status). The Executive Order expressly classifies based on transgender status and sex by penalizing and criminalizing healthcare only when provided to "an individual who does not identify as his or her sex," "to align an individual's physical appearance with an identity that differs from his or her sex," or to "transform an individual's physical appearance to align with an identity that differs from his or her sex or that attempt to alter or remove an individual's sexual organs to minimize or destroy their natural biological functions." Executive Order 14,187, § 2(c). Plaintiffs are also likely to succeed in demonstrating that there is no non-discriminatory justification for singling out and criminalizing the medical decisions made by transgender youth, their parents, and their doctors, given that gender-affirming care is supported by all major medical associations

ORDER GRANTING PLAINTIFFS'
MOTION FOR TEMPORARY
RESTRAINING ORDER
[PROPOSED]

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

as medically appropriate and often life-saving care for alleviating the significant distress of adolescents facing gender dysphoria.

10. Plaintiffs are likely to succeed in showing that the Executive Order violates the constitutional separation of powers by attaching conditions to funds appropriated by Congress without authorization by Congress. *City and County of San Francisco v. Trump*, 897 F.3d 1225, 1245 (2018).

11. Plaintiffs are likely to succeed in showing that the Executive Order thus intrudes on rights reserved by the Plaintiff States to regulate the practice of medicine in their own states in violation of the Tenth Amendment. *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 387 (2002); *Dent v. West Virginia*, 129 U.S. 114, 122 (1889) (recognizing the state's powers to regulate medical professions from "time immemorial").

12. Plaintiffs have also shown that they are likely to suffer irreparable harm in the absence of preliminary relief. The Executive Order directly impacts Plaintiffs, immediately risking substantial federal research and education grants and threatens prosecution for the provision of medical care that is lawful in the Plaintiff States. The Order also irreparably harms transgender and gender-diverse residents in the Plaintiff States, depriving them of their constitutional right to equal protection.

11. The balance of equities tips sharply toward Plaintiffs and the public interest strongly weighs in favor of entering temporary relief.

### IV.  TEMPORARY RESTRAINING ORDER

Now, therefore, it is hereby ORDERED that:

1. Defendants and all their respective officers, agents, servants, employees and attorneys, and any person in active concert or participation with them who receive actual notice of this order are hereby fully enjoined from the following:

  a. Enforcing or implementing Section 4 of Executive Order 14,187 within the Plaintiff States or against health care providers for care provided in Plaintiff States:

   b. Enforcing or implementing Section 8(a) of Executive Order 14,187 within the Plaintiff States, against health care providers for care provided in Plaintiff States, or against families receiving health care provided in Plaintiff States;

   c. Enforcing 18 U.S.C. § 116 against health care providers for care provided in Plaintiff States or against families receiving health care provided in Plaintiff States;

   d. Defendants' attorneys shall provide written notice of this Order to all Defendants and agencies and their employees, contractors, and grantees by, February ___, 2025, at __ a.m. Defendants shall file a copy of the notice on the docket at the same time.

 2. This injunction remains in effect pending further orders from this Court.

 3. Defendants shall remain enjoined until an expedited hearing can be held on the Plaintiffs' forthcoming motion for a preliminary injunction at _____ a.m./p.m. on _____ day of _____ 2025.

 DATED this ____ hour of this ____ day of February 2025.

                   _____
                   UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS'  
MOTION FOR TEMPORARY  
RESTRAINING ORDER  
[PROPOSED]

5

ATTORNEY GENERAL OF WASHINGTON  
Complex Litigation Division  
800 Fifth Avenue, Suite 2000  
Seattle, WA 98104  
(206) 464-7744

| | |
|---|---|
| 1 | Presented by: |
| 2 | NICHOLAS W. BROWN<br>Attorney General of Washington |
| 3 | |
| 4 | */s/ William McGinty*<br>WILLIAM MCGINTY, WSBA #41868<br>CYNTHIA ALEXANDER, WSBA #46019 |
| 5 | TERA HEINTZ, WSBA #54921<br>ANDREW R.W. HUGHES, WSBA #49515 |
| 6 | NEAL LUNA, WSBA #34085<br>CRISTINA SEPE, WSBA #53609 |
| 7 | LUCY WOLF, WSBA #59028<br>Assistant Attorneys General |
| 8 | 800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188 |
| 9 | (360) 709-6470<br>William.McGinty@atg.wa.gov |
| 10 | Cynthia.Alexander@atg.wa.gov<br>Tera.Heintz@atg.wa.gov |
| 11 | Andrew.Hughes@atg.wa.gov<br>Neal.Luna@atg.wa.gov |
| 12 | Cristina.Sepe@atg.wa.gov<br>Lucy.Wolf@atg.wa.gov |
| 13 | *Attorneys for Plaintiff State of Washington* |
| 14 | */s/ Lauryn K. Fraas*<br>LAURYN K. FRAAS, WSBA #53238 |
| 15 | COLLEEN MELODY, WSBA #42275<br>Assistant Attorneys General |
| 16 | 800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188 |
| 17 | (360) 709-6470<br>Lauryn.Fraas@atg.wa.gov |
| 18 | Colleen.Melody@atg.wa.gov<br>*Attorneys for Physicians Plaintiffs 1-3* |
| 19 | |
| 20 | |
| 21 | KEITH ELLISON<br>Attorney General of Minnesota |
| 22 | */s/ James W. Canaday*<br>JAMES W. CANADAY, MSBA #030234X* |
| 23 | Deputy Attorney General<br>445 Minnesota St., Ste. 600 |
| 24 | St. Paul, Minnesota 55101-2130<br>(651) 757-1421 |
| 25 | james.canaday@ag.state.mn.us<br>*Attorneys for Plaintiff State of Minnesota* |
| 26 | |

ORDER GRANTING PLAINTIFFS'
MOTION FOR TEMPORARY
RESTRAINING ORDER
[PROPOSED]

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1 | DAN RAYFIELD
Attorney General of Oregon

2

/s/ Allie M. Boyd
3 | ALLIE M. BOYD, WSBA #56444
Senior Assistant Attorney General
4 | Trial Attorney
1162 Court Street NE
5 | Salem, OR 97301-4096
(503) 947-4700
6 | allie.m.boyd@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*
7
*pro hac vice application forthcoming

ORDER GRANTING PLAINTIFFS'
MOTION FOR TEMPORARY
RESTRAINING ORDER
[PROPOSED]

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744