Honorable Lauren King

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | No. 2:25-cv-00244-LJK <br><br> **SERVICE EMPLOYEES INTERNATIONAL UNION'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF; AND PROPOSED AMICUS CURIAE BRIEF SUPPORTING PLAINTIFFS** <br><br> NOTE ON MOTION CALENDAR: <br> February 12, 2025 |

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802

# **TABLE OF CONTENTS**

UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF ............................1

PROPOSED AMICUS CURIAE BRIEF ................................................................................. 4

INTRODUCTION ................................................................................................................... 4

ARGUMENT............................................................................................................................ 4

    I.    The Order Is Already Causing Irreparable Harm by Denying Transgender Youth Necessary Healthcare and Services and Threatening the Livelihoods and Basic Personal Liberty of Their Physicians and Other Healthcare Providers................4

    II.   The Order Is One of an Onslaught of Blatantly Unlawful and Unconstitutional Executive Orders That the Courts Have a Duty to Enjoin. ................................................10

CONCLUSION.................................................................................................................... 14

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE
AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

i

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Service Employees International Union ("SEIU") respectfully requests leave to file the attached proposed Amicus Curiae Brief in support of Plaintiffs' emergency motion for temporary restraining order, ECF 11, which is set for hearing on February 14, 2025, at 10:00 AM. ECF 125. Counsel for Plaintiffs and Defendants have consented to the filing of this amicus brief.[1]

SEIU is a labor union of approximately two million working people across the United States, Canada, and Puerto Rico, including more than one million who serve in frontline healthcare roles. SEIU is the largest union of healthcare employees in North America. SEIU members include physicians, nurses, technicians, long term care workers, and other healthcare providers across the country who provide critical healthcare to their patients and who work for hospitals, clinics, universities, and other institutions that rely on federal funding to fulfill their healthcare missions. SEIU's affiliated local unions include:

- SEIU Healthcare 1199NW, a union of nurses and healthcare workers with more than 37,000 caregivers throughout hospitals, clinics, mental health, skilled home health and hospice programs in Washington and Montana. The healthcare facilities where SEIU Healthcare 1199NW's members are employed span the state of Washington, from the Puget Sound to the northwest corner of the State, east of the Cascades in the Inland Northwest area surrounding Spokane and Central Washington in and around Tri-Cities and Yakima. SEIU Healthcare 1199NW's members include registered nurses, licensed practical nurses, pharmacists, technicians, professionals, therapists, mental health workers, certified nursing assistants, and other healthcare workers;
- SEIU Local 49, representing more than 15,000 healthcare and building service workers, including certified nursing assistants, respiratory therapists, emergency

---

[1] No counsel for a party authored any part of this brief. No party, party's counsel, or any person other than amicus curiae, its members, or its counsel contributed money that was intended to finance the preparation or submission of this brief. *Cf.* Fed. R. App. P. 29.

department technicians, pharmacists, phlebotomists, dietary aides, housekeepers, janitors, security officers, and airport workers in Oregon and Southwest Washington;

- SEIU Local 503, with approximately 70,000 members across Oregon, including more than 30,000 homecare and personal support workers, 4,700 workers caring for seniors and people with disabilities in skilled nursing facilities, assisted living facilities, and memory care facilities, and more than 26,600 workers in State offices throughout Oregon, including at the Oregon State Hospital and Oregon's public universities;

- SEIU Healthcare Minnesota & Iowa, which unites nearly 50,000 healthcare and long-term care workers in hospitals, clinics, nursing homes, and home care throughout Minnesota and Iowa; and

- The Committee of Interns and Residents, representing more than 37,000 resident physicians and fellows across the country, including in Washington, California, Delaware, Florida, Illinois, Massachusetts, New Jersey, New Mexico, New York, Pennsylvania, Rhode Island, Vermont, and Washington, DC.

SEIU submits this brief and supporting declaration to highlight the irreparable harm to healthcare workers, including SEIU's members, that is currently being caused by Executive Order 14187. The proposed brief will assist the Court in evaluating Plaintiffs' pending emergency motion for temporary restraining order. "An amicus brief should normally be allowed when," as here, the amicus has an interest in matters that may be affected by the decision in the present case, or "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Int'l Partners for Ethical Care Inc. v. Inslee*, No. 3:23-CV-05736-DGE, 2024 WL 416859, at *1 (W.D. Wash. Feb. 5, 2024) (citation omitted). Both are true here.

DATED this 12th day of February, 2025.    Respectfully submitted,

/s/ Carson Flora
Carson Flora, WSBA #37608
SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200

|   |   |
|---|---|
| 1 | Kent, WA  98032 |
| 2 | Phone: (425) 306-2802 |
|   | Fax: (425) 917-9707 |
| 3 | carsonf@seiu1199nw.org |
| 4 | /s/ Matthew J. Murray |
|   | Barbara J. Chisholm (CA Bar 224656)* |
| 5 | Matthew J. Murray (CA Bar 271461)* |
| 6 | Aaron M. Schaffer-Neitz (CA Bar 358369)* |
|   | ALTSHULER BERZON LLP |
| 7 | 177 Post Street, Suite 300 |
|   | San Francisco, CA 94108 |
| 8 | (415) 421-7151 |
| 9 | bchisholm@altber.com |
|   | mmurray@altber.com |
| 10 | aschafferneitz@altber.com |


Kent, WA  98032
Phone: (425) 306-2802
Fax: (425) 917-9707
carsonf@seiu1199nw.org

/s/ Matthew J. Murray
Barbara J. Chisholm (CA Bar 224656)*
Matthew J. Murray (CA Bar 271461)*
Aaron M. Schaffer-Neitz (CA Bar 358369)*
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
bchisholm@altber.com
mmurray@altber.com
aschafferneitz@altber.com

Steven K. Ury (D.C. Bar 1643947)*
SERVICE EMPLOYEES
INTERNATIONAL UNION
1800 Massachusetts Ave., NW,
Legal Department, 6th Floor,
Washington, DC 20036
Telephone: (202) 730-7428
steven.ury@seiu.org

Elena Medina Neuman (CA Bar 258376)*
SERVICE EMPLOYEES
INTERNATIONAL UNION
3055 Wilshire Blvd., Suite 1050
Los Angeles, CA 90010
Telephone: (213) 399-2281
elena.medina@seiu.org

*Attorneys for Amicus Service Employees International Union*

*Pro Hac Vice application pending

I certify that this motion for leave to file amicus curiae brief contains 583 words, in compliance with the Local Civil Rules.

/s/ Carson Flora
Carson Flora

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

3

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA  98032
(425) 306-2802

# PROPOSED AMICUS CURIAE BRIEF

## INTRODUCTION

Service Employees International Union ("SEIU") respectfully urges the Court to grant an emergency temporary restraining order immediately enjoining Sections 4 and 8(a) of Executive Order 14187, cruelly and falsely titled "Protecting Children from Chemical and Surgical Mutilation," 90 Fed.Reg. 8771 (Jan. 28, 2025) (the "Order"). As borne out by the experiences of SEIU's healthcare provider members, the Order is already causing extreme irreparable harms across the country by cutting off life-saving medical care to vulnerable youth, threatening doctors and other healthcare providers with criminal prosecution for upholding their ethical duties to provide standard-of-care treatment, and risking the disruption of necessary healthcare across the general population through the threat of withdrawal of federal funding to hospitals and other medical institutions.

To be clear, the Order is causing irreparable harm right now. It is part of an onslaught of blatantly unlawful and unconstitutional executive orders and actions issued by President Trump in the first weeks of his presidency. One of the most fundamental duties of the federal judiciary is to prevent such unconstitutional actions by the Executive Branch. Other federal courts across the country have enjoined a wide range of the President's unlawful acts—including actions that, like the Order here, expressly and intentionally discriminate against transgender individuals and usurp Congress's spending powers. To protect transgender youths, their parents, their healthcare providers, and indeed our very constitutional fabric, this Court should do the same here.

## ARGUMENT

**I.     The Order Is Already Causing Irreparable Harm by Denying Transgender Youth Necessary Healthcare and Services and Threatening the Livelihoods and Basic Personal Liberty of Their Physicians and Other Healthcare Providers.**

Plaintiffs filed more than *100* declarations from youth, parents, physicians, other healthcare providers, and leaders demonstrating the serious, immediate harms threatened by the Order. *See* ECF 123 (Amended Declaration Index). The Order violates not only Plaintiffs'

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

4

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802

constitutional rights, but also the rights of hundreds of thousands of transgender youths (including legal adults), their parents, and their healthcare providers across Washington, Oregon, Minnesota, and the nation, including thousands of SEIU's members. *See* ECF 11 (TRO Motion) at 20-24; Declaration of Clarence Holmes ("Holmes Decl.") ¶¶5-9, filed herewith; Williams Institute, *Impact of the Ban on Gender-Affirming Care on Transgender Minors* (Jan. 2025) at 6, https://williamsinstitute.law.ucla.edu/wp-content/uploads/GAC-Access-EO-Jan-2025.pdf (an estimated 300,100 youths between ages 13 and 17 identify as transgender nationally, with more than 180,000 living in states like Washington, Oregon, and Minnesota where access to gender-affirming care is permitted); *Hecox v. Little*, 104 F.4th 1061, 1088 (9th Cir. 2024), *as amended* (June 14, 2024) (deprivation of constitutional rights is an irreparable injury).

The serious, irreparable harm to transgender youths that will result from restricting access to gender-affirming care, absent immediate relief from this Court, cannot be overstated. *See Poe by & through Poe v. Labrador*, 709 F.Supp.3d 1169, 1198 (D. Idaho 2023) (state law restricting transgender youth access to gender-affirming care caused irreparable harm; such care "can be a crucial part of treatment for adolescents with gender dysphoria, and necessary to preserve their health"), *partial stay granted on other grounds pending appeal*, 144 S.Ct. 921 (2024). As demonstrated by the detailed, and harrowing, declarations from youths, parents, and healthcare providers submitted in support of Plaintiffs' emergency motion, for many transgender and gender fluid young people affected by the Order, the issue before the Court is literally a matter of life and death. ECF 11 at 22; *see also* ECF 69 (Parent S.N.) ¶9; ECF 70 (Parent S.O.) ¶11; ECF 14 (Physician Plaintiff 2) ¶30; ECF 15 (Physician Plaintiff 3) ¶¶34, 36. The record is unequivocal: If the Trump administration succeeds in quashing access to gender-affirming care—as is already happening—"transgender adolescents will die," because "there are going to be young people who are going to take their lives if they can no longer receive this care." ECF 11 at 22 (quoting declarations); *see also* ECF 13 (Physician Plaintiff 1) ¶26; ECF 80 (C.L.) ¶12; ECF 111 (Z.C-L) ¶16; ECF 100 (Kaefer) ¶16.

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

5

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802

The Order is also harming healthcare providers. SEIU's healthcare provider members are suffering the same threats of prosecution and loss of federal funding that are causing ongoing harm to the plaintiff States and physicians. Like the plaintiff physicians, SEIU's members and other healthcare providers across the country are being forced—right now—to choose between complying with the unconstitutional, discriminatory Order while watching their patients suffer, or complying with their deeply held ethical commitments and obligations to provide life-saving gender-affirming care to their patients while risking the devastation of their professional practices and personal lives, through the loss of federal funding to their institutions and the threat of personal criminal prosecution. *See* Holmes Decl. ¶¶5-8.

In just the two weeks since the President signed the Order, hospital systems across the country have halted or modified their treatment of transgender youths, despite the fact that many state Attorneys General have warned that the termination of such care violates state anti-discrimination laws. *See, e.g.*, *Attorney General Bonta Reminds Hospitals and Clinics of Anti-Discrimination Laws Amid Executive Order on Gender Affirming Care* (Feb. 5, 2025), https://oag.ca.gov/news/press-releases/attorney-general-bonta-reminds-hospitals-and-clinics-anti-discrimination-laws; New York Attorney General Letitia James, *Dear Colleague Letter* (Feb. 3, 2025), https://ag.ny.gov/sites/default/files/letters/ag-james-to-hc-providers-re-tro-letter-2025.pdf. We summarize just some examples:

In this District, Seattle Children's Hospital has cancelled gender affirmation surgery, citing the Order. Ann Dornfeld, *Seattle Children's Halts Gender-Affirming Surgeries After Executive Order Threatens Loss of Federal Funds*, KUOW (Feb. 6, 2025, 3:12 PM), https://www.kuow.org/stories/seattle-children-s-halts-gender-affirming-surgeries-after-executive-order-threatens-loss-of-federal-funds. The hospital's spokesperson stated that it began cutting these services because "losing eligibility would jeopardize care for [the hospital's other] patients across the region." *Id.*

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

6

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802

Children's National Hospital in Washington DC, where many SEIU-represented healthcare providers work, stopped "all puberty blockers and hormone therapy prescriptions for transgender youth patients, per the guidelines in the Executive Order issued by the White House …." *Children's National Hospital Statement on Executive Order*, CHILDREN'S NAT'L (Jan. 30, 2025), https://www.childrensnational.org/about-us/newsroom/2025/statement-on-executive-order.

Children's Hospital of the King's Daughters, in Norfolk, Virginia, has "suspend[ed] hormone therapy and puberty blocker treatments … for children under the age of 19," because of "the White House Executive Order issued on January 28." *Gender-related Care at CHKD*, CHILDREN'S HOSP. OF THE KING'S DAUGHTERS (last visited Feb. 10, 2025), https://www.chkd.org/our-care/specialty-care/adolescent-medicine/gender-related-care-at-chkd/.

Children's Hospital of Los Angeles has "paus[ed] the initiation of hormonal therapy for 'gender affirming care patients'" as it assesses the "executive order from President Trump targeting gender-affirming care for young people." Emily Alpert Reyes, *Children's Hospital L.A. Stops Initiating Hormonal Therapy for Transgender Patients Under 19*, L.A. TIMES (Feb. 4, 2025 2:08 PT), https://www.latimes.com/california/story/2025-02-04/childrens-hospital-to-stop-initiating-hormonal-therapy-for-trans-patients-under-19.

Corewell Health, a medical system in Michigan, announced that it will no longer allow minors seeking gender-affirming care to start new hormone therapy regimens. Georgea Kovanis, *Corewell Becomes First Michigan Health System to Limit Gender-Affirming Care for Minors*, DETROIT FREE PRESS (Feb. 7, 2025, 1:04 PM), https://www.freep.com/story/news/health/2025/02/07/transgender-minors-michigan-corewell-beaumont-trump/78307419007/.

VCU Health, Children's Hospital of Richmond, and UVA Health in Virginia "suspended gender-affirming medications and gender-affirming surgical procedures for patients under 19 years old in response to" the Order. *Transgender*, CHILDREN'S HOSP. OF RICHMOND AT

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE
AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

7

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA  98032
(425) 306-2802

VCU (Feb. 1, 2025), https://www.chrichmond.org/services/transgender/; *Gender Health Services Impacted by Executive Order*, UVA HEALTH, https://childrens.uvahealth.com/services/transgender-youth-health (last visited Feb. 10, 2025).

NYU Langone Health in New York has begun to postpone planned procedures and cancel appointments for patients scheduled to receive puberty blocker medications. Joseph Goldstein, *Trans Youth Are Rattled by Efforts to Ban Gender Care. So Are Hospitals*, N.Y. TIMES (Feb. 8, 2025), https://www.nytimes.com/2025/02/08/nyregion/nyc-transgender-care-executive-order.html; Joseph Goldstein, *N.Y. Hospital Stops Treating 2 Children After Trump's Trans Care Order*, N.Y. TIMES (Feb. 1, 2025), https://www.nytimes.com/2025/02/01/nyregion/nyu-langone-hospital-trans-care-youth.html.

UCHealth and Denver Health in Colorado announced that they will no longer offer gender-affirming surgeries to those under age 19. Melissa Reeves & Jaleesa Irizarry, *UCHealth and Denver Health Pause Gender-Affirming Care for Trans Youth*, 9NEWS (Jan. 31, 2025), https://www.9news.com/article/news/local/local-politics/denver-health-pauses-genderaffirming-surgeries-minors-federal-funding/73-e61f598b-e32d-474e-94b4-4b11d4c5c8af. In a statement, Denver Health said that it "recognize[s] this order will impact gender-diverse youth, including increased risk of depression, anxiety and suicidality." *Id.* But, it explained:

> The executive order includes *criminal and financial consequences* for those who do not comply, including placing participation in federal programs including Medicare, Medicaid and other programs administered by HHS at risk. These programs represent a significant portion of Denver Health's funding, and the executive order specifically states that should we not comply, our participation in these programs is at risk. *The loss of this funding would critically impair our ability to provide care for the Denver community*.

*Id.* (emphasis added).

Healthcare providers across the country, including thousands of SEIU's members, are facing that same untenable situation. *See* Holmes Decl. ¶¶5-8. Other hospitals, health systems, clinics, and providers have likely already made similar choices to limit or halt life-saving care for transgender and gender fluid youth. Meanwhile, the Centers for Disease Control and Prevention

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

8

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802

("CDC") already sought to terminate at least one grant that was intended to support a transgender health and social services program due to the Trump Administration's discriminatory directives on transgender rights. *See infra* at 12 (discussing St. John's Community Health in Los Angeles). Although the clinic pushed back, its President and CEO emphasized in a sworn declaration that the termination of that grant could trigger layoffs and prevent the provision of "services to the patients who receive care through this funding." *New York v. Trump*, No. 1:25-cv-00039-JJM-PAS (Mangia Declaration, Feb. 5, 2025), ECF No. 68-38 ¶12. Day by day, more providers and institutions are likely to succumb to the unlawful coercion imposed by this Order and the Trump administration's other efforts to eliminate the existence of transgender people in this country. Indeed, that is the Order's express purpose.

Moreover, even at hospitals and healthcare institutions that have not stopped providing gender-affirming care, individual doctors and other providers are living every day under the threat of criminal prosecution for providing life-saving care to their patients. Holmes Decl. ¶¶4, 6; *see* ECF 11 at 6, 8, 23; Order §8(a). The Government argues that the threat of criminal prosecution is "hypothetical" given the limits in 18 U.S.C. § 116(b). ECF 136 at 26. Considering the President's sweeping attacks on transgender people, *see infra*, and reading the Order in its entirety, the threat of prosecution healthcare providers across the country are feeling right now is very real. The Order's message to providers could not be clearer: If you provide gender-affirming care—which the Order heartlessly defines as "chemical and surgical mutilation"—you risk criminal prosecution. Providers in other contexts threatened with criminal prosecution have challenged laws that violate their patients' rights. *Singleton v. Wulff*, 428 U.S. 106, 118 (1976) (plurality opinion) (finding that it is "generally … appropriate to allow a physician to assert the rights of … patients as against governmental interference with" abortion decisions); *Doe v. Bolton*, 410 U.S. 179, 188 (1973), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022) (physicians had standing to challenge state law outlawing abortion, despite fact that they had not been prosecuted or threatened with prosecution under the

law, because there was a credible threat that the statute would be enforced); *see also Eisenstadt v. Baird*, 405 U.S. 438, 445 (1972) (distributor of contraceptives may raise rights of prospective purchasers to challenge restrictions on distribution of contraceptives); *Griswold v. Connecticut*, 381 U.S. 479, 481 (1965) (similar). So too here.

This is an emergency. Healthcare providers "should not be required to await and undergo a criminal prosecution as the sole means of seeking relief." *Doe*, 410 U.S. at 188. A temporary restraining order protecting all providers in the plaintiff States is necessary now.

II.     **The Order Is One of an Onslaught of Blatantly Unlawful and Unconstitutional Executive Orders That the Courts Have a Duty to Enjoin.**

The flagrantly unconstitutional Order at issue here is part of a concerted effort by this Administration to expressly discriminate against transgender individuals, deny their existence, and exclude them from public life.[2] The Order is also one of many that violate the Separation of Powers by usurping Congress's appropriations power and denying federal funding by fiat, with no statutory basis. *See generally* Justin Jouvenal and Ann E. Marimow, *Tracking Trump's Wins and Losses in Court Cases Over His Executive Orders*, WASHINGTON POST (updated Feb. 12, 2025, 1:44 p.m. EST), https://www.washingtonpost.com/politics/2025/02/07/trump-lawsuits-executive-orders-actions-legal-challenges/ (tracking federal court challenges to President Trump's unlawful actions).

This President has shown no regard for the Constitution. It is the fundamental duty of the federal courts to protect the Constitution against such assaults. *Ex parte Quirin*, 317 U.S. 1, 19,

---

[2] *See* Scott Skinner-Thompson, *Donald Trump's Executive Orders Aim to Create Jim Crow for Trans People*, SLATE (Feb. 3, 2025), https://slate.com/news-and-politics/2025/02/donald-trump-anti-trans-executive-orders-jim-crow.html (citing Trump Administration actions that include "attempting to ban thousands of trans people who put their lives on the line for this country from continued military service, weakening American security in the process; forbidding transgender people from having accurate identification documents like passports; purporting to implement a nationwide prohibition on lifesaving medical care for transgender youth; weaponizing the Department of Education to investigate high schools that provide gender neutral bathrooms; endangering transgender inmates by imprisoning them inconsistent with their gender identity; trying to erase every single federal acknowledgment of and protection for transgender people; and, most recently, criminalizing the support of transgender students by teachers").

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

10

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802

*modified sub nom. U.S. ex rel. Quirin v. Cox*, 63 S. Ct. 2 (1942) (courts have a duty "to preserve unimpaired the constitutional safeguards of civil liberty"). "Within our system, it is the role of the judiciary to interpret the law, a duty that will sometimes require the '[r]esolution of litigation challenging the constitutional authority of one of the three branches.'" *Washington v. Trump*, 847 F.3d 1151, 1161 (9th Cir. 2017) (quoting *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 196 (2012)); *see also INS v. Chadha*, 462 U.S. 919, 943 (1983) ("Resolution of litigation challenging the constitutional authority of one of the three branches cannot be evaded by courts because the issues have political implications …."); *Sierra Club v. Trump*, 929 F.3d 670, 687 (9th Cir. 2019) (quoting *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 165-66 (1803)).

The Order is one in a series of discriminatory executive actions attacking transgender people, and it must be read within that larger context. *Supra* n.2. On January 20, 2025, the President signed a different executive order declaring it "the policy of the United States to recognize two sexes, male and female," directing federal agencies to effectively erase the existence of transgender and gender fluid individuals and "ensure grant funds do not promote gender ideology," and, among other things, directing the Bureau of Prisons ("BOP") to house transgender prisoners in prisons consistent with their biological sex rather than those that match their gender identity, and forbidding BOP from providing prisoners any gender-affirming care. Exec. Order 14168, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed.Reg. 8615 §§1-4 (Jan. 20, 2025). The District Court for the District of Columbia held that order likely violated the Eighth Amendment and would cause irreparable harm to transgender prisoners and issued a temporary restraining order barring the Administration from transferring the plaintiff transgender prisoners or denying them gender-affirming care. *Doe v. McHenry*, No. 1:25-cv-286-RCL (D.D.C. Feb. 4, 2025) (Lamberth, J.), ECF No. 23 at 8. The District of Massachusetts issued a similar TRO preventing the transfer of a transgender woman to a men's prison. *Moe v. Trump*, No. 1:25-cv-10195-GAO (D. Mass. Jan. 26, 2025) (O'Toole, J.), ECF No. 12 at 1.

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE
AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

11

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802

That same discriminatory January 20 "Gender Ideology" executive order has caused other harms. As noted above, the CDC terminated a $1.6 million grant for an HIV prevention program to support transgender health and services received by more than 500 people each year at St. John's Community Health, one of the largest free and reduced-cost providers in Los Angeles, where many SEIU members work. Kristen Hwang, *LA Clinics Lose Funding for Transgender Health Care as Trump Executive Orders Take Hold*, CALMATTERS (Feb. 4, 2025), https://calmatters.org/health/2025/02/trump-executive-order-transgender-health/; Cheryl Clark, *Hospitals Fret Executive Orders Targeting Trans Youth*, MEDPAGE TODAY (Feb. 6, 2025), https://www.medpagetoday.com/special-reports/exclusives/114109; *see New York v. Trump*, No. 1:25-cv-00039-JJM-PAS (Mangia Declaration, Feb. 5, 2025), ECF No. 68-38 (declaration from St. John's Community Health President and CEO describing harms that would result from this termination of funding).

In response to the "Gender Ideology" executive order, the CDC and the Food and Drug Administration also removed a broad range of health-related data and other information from their websites. *Doctors for America v. Office of Personnel Management*, No. 1:25-cv-00322-JDB (D.D.C. Feb. 4, 2025), ECF No. 1 ¶¶1, 14-18. To prevent irreparable harm, the District Court for the District of Columbia granted a temporary restraining order requiring defendants to restore their websites. *Id.* (D.D.C. Feb. 11, 2025) (Bates, J.), ECF No. 11.

The President's attacks on transgender individuals are also part of a larger effort to disregard constitutional mandates and to impose discrimination against other vulnerable populations as official federal government policy. On January 20, 2025, the President signed an executive order purporting to end birthright citizenship. Exec. Order 14160, *Protecting the Meaning and Value of American Citizenship*, 90 Fed.Reg. 8449 (Jan. 20, 2025). This Court (Coughenour, J.), the District of Maryland, and the District of New Hampshire each separately enjoined that order, finding that plaintiffs were likely to succeed on the merits of their claims that the order was facially unconstitutional and they would suffer irreparable harm without

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

12

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802

preliminary relief. *See generally Washington v. Trump*, 2:25-cv-00127-JCC (W.D. Wash. Feb. 6, 2025) (Coughenour, J.), ECF No. 114 at 6, 10 ("The Plaintiffs are likely to succeed on their claim that the Order violates the Citizenship Clause of the Fourteenth Amendment (and, in turn, the INA). … The Plaintiff States have also shown that they are likely to suffer irreparable economic harm in the absence of preliminary relief."); *Casa, Inc. v. Trump*, 8:25-cv-00201-DLB (D. Md. Feb. 5, 2025) (Boardman, J.), ECF No. 66 at 1-2 ("The Executive Order contradicts the plain language of the Citizenship Clause of the Fourteenth Amendment and conflicts with binding Supreme Court precedent.") (citation omitted); *New Hampshire Indonesian Cmty. Support v. Trump*, 1:25-cv-00038-JL-TSM (D.N.H. Feb. 10, 2025) (Laplante, J.), ECF No. 77.

Not only is the Order part of a larger attack on transgender people, but it is also part of the President's concerted efforts to usurp Congress's Spending Clause power and claim unilateral power for the Executive Branch, in blatant violation of the Constitution, requiring court intervention. On January 27, 2025, the Acting Director of the Office of Management and Budget ("OMB") issued a memorandum directing federal agencies to analyze all programs, projects, and activities that might be implicated by President Trump's recent executive orders. *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. 1:25-cv-00239-LLA (D.D.C. Feb. 3, 2025) (AliKhan, J.), ECF No. 30 at 1-2. District Courts for the District of Columbia and the District of Rhode Island both granted TROs against the funding pause. *Id.* at 3, 29-30; *New York v. Trump*, No. 1:25-cv-00039-JJM-PAS (D.R.I. Jan. 31, 2025) (McConnell, J.), ECF No. 50. One court concluded that the funding pause was likely arbitrary and capricious, in violation of the Administrative Procedure Act. *Nat'l Council of Nonprofits*, ECF No. 30 at 23-26. The other concluded that the pause, among other infirmities, would likely "violate the separation of powers." *New York*, ECF No. 50 at 5-6 ("The Executive Branch has a duty to align federal spending and action with the will of the people as *expressed through congressional appropriations*, not through 'presidential priorities.'") (emphasis in original). The same fundamental constitutional violations pervade the Order here.

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

13

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802

Then, just two days ago, the District of Rhode Island issued another order finding that despite the "plain language" of the TRO prohibiting all categories of pauses or freezes in disbursements on the basis of the challenged executive orders, "Defendants in some cases have continued to improperly freeze federal funds and refused to resume disbursement of appropriated federal funds." *New York v. Trump*, No. 1:25-cv-00039-JJM-PAS (D.R.I. Feb. 10, 2025), ECF No. 96 at 3. In other words, the Court found that the Administration had directly defied a federal court order and issued another order demanding compliance. *Id.* at 4-5.

The federal courts must act to prevent the President from violating the Constitution. Lives and health are at stake. Healthcare providers and systems are at risk. And our basic constitutional order is under threat. *See Bowsher v. Synar*, 478 U.S. 714, 722 (1986) ("[T]here can be no liberty where the legislative and executive powers are united in the same person …..") (quoting The Federalist No. 47, p. 325 (J. Cooke ed. 1961)).[3]

## CONCLUSION

For all these reasons, Plaintiffs' emergency motion for temporary restraining order should be granted, to protect transgender and gender fluid youth and their healthcare providers from ongoing, serious irreparable harm caused by Defendants' flagrantly unconstitutional and discriminatory Executive Order.

DATED this 12th day of February, 2025.        Respectfully submitted,

/s/ Carson Flora

---

[3] The cases cited here only scratch the surface of this President's sweeping unlawful conduct. As yet more examples, after the President announced plans to dismantle the U.S. Agency for International Development ("USAID"), the District Court for the District of Columbia issued a temporary restraining order preventing the Administration from putting almost 3,000 USAID workers on leave and blocking the agency from evacuating workers from their host countries. *American Foreign Serv. Ass'n v. Trump*, No. 1:25-cv-00352-CJN (D.D.C. Feb. 7, 2025) (Nichols, J.) ECF No. 15 at 2-3, 7. And over this past weekend, the Southern District of New York issued a temporary restraining order barring the newly created Department of Government Efficiency ("DOGE") from accessing sensitive personal data stored by the Department Treasury and ordering DOGE to "immediately destroy any and all copies of material downloaded from the Treasury Department's records and systems, if any." *New York v. Trump*, No. 1:25-cv-01144-JAV (S.D.N.Y. Feb. 8, 2025) (Engelmayer, J.), ECF No. 6 at 3.

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE    14
AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802

Carson Flora, WSBA #37608
SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
Phone: (425) 306-2802
Fax: (425) 917-9707
carsonf@seiu1199nw.org

/s/ Matthew J. Murray
Barbara J. Chisholm (CA Bar 224656)*
Matthew J. Murray (CA Bar 271461)*
Aaron M. Schaffer-Neitz (CA Bar 358369)*
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
bchisholm@altber.com
mmurray@altber.com
aschafferneitz@altber.com

Steven K. Ury (D.C. Bar 1643947)*
SERVICE EMPLOYEES INTERNATIONAL UNION
1800 Massachusetts Ave., NW,
Legal Department, 6th Floor,
Washington, DC 20036
Telephone: (202) 730-7428
steven.ury@seiu.org

Elena Medina Neuman (CA Bar 258376)*
SERVICE EMPLOYEES INTERNATIONAL UNION
3055 Wilshire Blvd., Suite 1050
Los Angeles, CA 90010
Telephone: (213) 399-2281
elena.medina@seiu.org

*Attorneys for Amicus Service Employees International Union*

*Pro Hac Vice application pending

SEIU'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF; AND PROPOSED AMICUS BRIEF
No. 2:25-cv-00244-LJK

15

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
(425) 306-2802