1

2

3

4

5

6

7

8

The Honorable Lauren King

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:25-cv-244 |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |
| v. | [PROPOSED] |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | NOTE ON MOTION CALENDAR: February 28, 2025, at 2:00 p.m. |
| Defendants. | ORAL ARGUMENT REQUESTED |

### I.    INTRODUCTION

This matter came before the Court on the Motion for a Preliminary Injunction filed by the States of Washington, Minnesota, Oregon, and Colorado (collectively, Plaintiff States) and Physician Plaintiff 1, Physician Plaintiff 2, and Physician Plaintiff 3 (all collectively, Plaintiffs). Plaintiffs challenge Executive Order 14,187, issued January 28, 2025, by President Trump entitled "Protecting Children from Chemical and Surgical Mutilation" and Executive Order 14,168 issued on January 20, 2025, entitled "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." Having considered the motion, Defendants' response, if any, and the argument of the parties, if any, the Court GRANTS Plaintiffs' Motion for a Preliminary Injunction effective immediately which shall continue until

ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION [PROPOSED]
NO. 2:25-cv-00244-LK

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

further order from the Court. The Court enters the following findings of fact and conclusions of law.

## II.    FINDINGS OF FACT

1.    This Court granted a 14-day temporary restraining order against Defendants in this matter on February 14, 2025, and set the hearing for this preliminary injunction motion at that time. Defendants had notice of the prior motion for temporary restraining order and were heard at the hearing on that motion. They were provided notice of this motion for preliminary injunction.

2.    Plaintiffs face irreparable injury as a result of the signing and implementation of Executive Orders 14,187 and 14,168. The Orders harm Plaintiffs by forcing medical institutions and providers within the Plaintiff States to choose between exercising their medical judgment and ethical obligations in providing gender-affirming medical care to their adolescent patients or risking losing substantial federal funding. Under the Orders, physicians and providers face the risk of criminal liability for providing gender-affirming medical care. The threats to defund research and education grants and applying 18 U.S.C. § 116 to medical professionals providing gender-affirming care and families receiving such care will reduce the provision of gender-affirming care to individuals suffering from gender dysphoria in the Plaintiff States. The White House has agreed that the Order has caused hospitals to downsize or eliminate gender-affirming care programs.

3.    These harms are immediate, ongoing, and significant, and cannot be remedied in the ordinary course of litigation.

4.    A preliminary injunction against Defendants, as provided below, is necessary to preserve the status quo and prevent irreparable harm during the pendency of this case.

## III.    CONCLUSIONS OF LAW

5.    The Court has jurisdiction over Defendants and the subject matter of this action.

6.    The Defendants had notice sufficient under Fed. Rule Civ. Pro. 65(a)(1).

ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION [PROPOSED]
NO. 2:25-cv-00244-LK

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

7.      The Court deems no security bond is required under Fed. R. Civ. Pro. Rule 65(c) because Defendants will not suffer any costs from the preliminary restraining order.

8.      To obtain a preliminary injunction, Plaintiffs must establish (1) they are likely to succeed on the merits; (2) irreparable harm is likely in the absence of preliminary relief; (3) the balance of equities tips in the Plaintiffs' favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); Fed. R. Civ. P. 65(b)(1).

9.      Plaintiffs are likely to succeed on the merits of their claims. Plaintiffs are likely to succeed in demonstrating that both Executive Order 14,168 and 14,187 facially discriminate based on transgender status and sex and are thus subject to heightened scrutiny. *Doe v. Horne*, 115 F.4th 1083, 1102 (9th Cir. 2024); *Hecox v. Little*, 104 F.4th 1061, 1080 (9th Cir. 2024), *as amended* (June 14, 2024) (applying heightened scrutiny to discrimination based on sex and transgender status). Order 14,168 expressly classifies based on transfer status and sex by prohibiting federal funding to programs that "promote[] gender ideology" by accepting the fact that transgender and gender diverse people exist, including programs that provide gender-affirming care to transgender and gender diverse people. Order 14,187 expressly classifies based on transgender status and sex by penalizing and criminalizing healthcare only when provided to "an individual who does not identify as his or her sex," "to align an individual's physical appearance with an identity that differs from his or her sex," or to "transform an individual's physical appearance to align with an identity that differs from his or her sex or that attempt to alter or remove an individual's sexual organs to minimize or destroy their natural biological functions." Executive Order 14,187, § 2(c). Plaintiffs are also likely to succeed in demonstrating that there is no non-discriminatory justification for singling out and criminalizing the medical decisions made by transgender youth, their parents, and their doctors, given that gender-affirming care is supported by all major medical associations as medically appropriate and often life-saving care for alleviating the significant distress of adolescents facing gender dysphoria.

ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION [PROPOSED]
NO. 2:25-cv-00244-LK

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1    10.    Plaintiffs are likely to succeed in showing that the Executive Orders violate the

2    constitutional separation of powers by attaching conditions to funds appropriated by Congress

3    without authorization by Congress. *City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225,

4    1245 (2018).

5    11.    Plaintiffs are likely to succeed in showing that the Executive Orders thus intrude

6    on rights reserved by the Plaintiff States to regulate the practice of medicine in their own states

7    in violation of the Tenth Amendment. *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 387

8    (2002); *Dent v. West Virginia*, 129 U.S. 114, 122 (1889) (recognizing the state's powers to

9    regulate medical professions from "time immemorial").

10    12.    Plaintiffs are likely to succeed in showing that the Executive Orders are

11    unconstitutionally vague in violation of the Fifth Amendment because they define "sex," "male,"

12    and "female" in non-scientific, nonsensical, and impossible to apply ways such that no person

13    would be "male" or "female" under their terms. It is thus impossible to know what the Executive

14    Orders prohibit, and a person of ordinary intelligence would be unable to comply with the Orders

15    rendering them unconstitutionally vague. *See United States v. Williams*, 553 U.S. 285, 304

16    (2008).

17    13.    Plaintiffs have also shown that they are likely to suffer irreparable harm in the

18    absence of preliminary relief. The Executive Orders directly impact Plaintiffs, immediately

19    risking substantial federal research and education grants and threaten prosecution for the

20    provision of medical care that is lawful in the Plaintiff States. The Order also irreparably harms

21    transgender and gender-diverse residents in the Plaintiff States, depriving them of their

22    constitutional right to equal protection.

23    14.    The balance of equities tips sharply toward Plaintiffs and the public interest

24    strongly weighs in favor of entering temporary relief.

25

26

ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION [PROPOSED]
NO. 2:25-cv-00244-LK

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## IV.    PRELIMINARY INJUNCTION

Now, therefore, it is hereby ORDERED that:

1.      Defendants and all their respective officers, agents, servants, employees and attorneys, and any person in active concert or participation with them who receive actual notice of this order are hereby fully enjoined from the following:

      a.      Enforcing or implementing Section 4 of Executive Order 14,187 within the Plaintiff States or against health care providers for gender-affirming care provided in Plaintiff States:

      b.      Enforcing or implementing Section 8(a) of Executive Order 14,187 within the Plaintiff States, against health care providers for gender-affirming care provided in Plaintiff States, or against families receiving health care provided in Plaintiff States to the extent that Section 8(a) of Executive Order 14,187 purports to redefine "female genital mutilation" under 18 U.S.C. § 116 as "chemical and surgical mutilation" as defined in Section 2(c) of Executive Order 14,187;

      c.      Enforcing 18 U.S.C. § 116 against health care providers for gender-affirming care provided in Plaintiff States or against families receiving health care provided in Plaintiff States to the extent that Section 8(a) of Executive Order 14,187 purports to redefine "female genital mutilation" under 18 U.S.C. § 116 as "chemical and surgical mutilation" as defined in Section 2(c) of Executive Order 14,187;

      d.      Enforcing Sections 3(e) or 3(g) of Executive Order 14,168 to condition or withhold federal funding based on the fact that a health care entity or health professional provides gender-affirming care within the Plaintiff States or against health care providers for gender-affirming care provided in Plaintiff States;

      e.      Defendants' attorneys shall provide written notice of this Order to all Defendants and agencies and their employees, contractors, and grantees by March ___, 2025. Defendants shall file a copy of the notice on the docket at the same time.

ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION [PROPOSED]
NO. 2:25-cv-00244-LK

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1         2.    This preliminary injunction remains in effect pending further orders from this

2    Court.

3         DATED this this _____ day of February 2025.

4

5                            _____
                        THE HONORABLE LAUREN KING

6                            United States District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING PLAINTIFFS'         6          ATTORNEY GENERAL OF WASHINGTON
MOTION FOR PRELIMINARY                         Complex Litigation Division
INJUNCTION [PROPOSED]                         800 Fifth Avenue, Suite 2000
NO. 2:25-cv-00244-LK                              Seattle, WA 98104
                                       (206) 464-7744

1    Presented by:

2    NICHOLAS W. BROWN
     Attorney General of Washington
3
     */s/ William McGinty*
4    WILLIAM MCGINTY, WSBA #41868
     CYNTHIA ALEXANDER, WSBA #46019
5    TERA HEINTZ, WSBA #54921
     ANDREW R.W. HUGHES, WSBA #49515
6    NEAL LUNA, WSBA #34085
     CRISTINA SEPE, WSBA #53609
7    LUCY WOLF, WSBA #59028
     Assistant Attorneys General
8    800 Fifth Avenue, Suite 2000
     Seattle, WA 98104-3188
9    (360) 709-6470
     William.McGinty@atg.wa.gov
10   Cynthia.Alexander@atg.wa.gov
     Tera.Heintz@atg.wa.gov
11   Andrew.Hughes@atg.wa.gov
     Neal.Luna@atg.wa.gov
12   Cristina.Sepe@atg.wa.gov
     Lucy.Wolf@atg.wa.gov
13   *Attorneys for Plaintiff State of Washington*

14   */s/ Lauryn K. Fraas*
     LAURYN K. FRAAS, WSBA #53238
15   COLLEEN MELODY, WSBA #42275
     Assistant Attorneys General
16   800 Fifth Avenue, Suite 2000
     Seattle, WA 98104-3188
17   (360) 709-6470
     Lauryn.Fraas@atg.wa.gov
18   Colleen.Melody@atg.wa.gov
     *Attorneys for Physicians Plaintiffs 1-3*
19

20   KEITH ELLISON
     Attorney General of Minnesota
21
     */s/ James W. Canaday*
22   JAMES W. CANADAY (admitted pro hac vice)
     Deputy Attorney General
23   445 Minnesota St., Ste. 600
     St. Paul, Minnesota 55101-2130
24   (651) 757-1421
     james.canaday@ag.state.mn.us
25   *Attorneys for Plaintiff State of Minnesota*

26

ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION [PROPOSED]
NO. 2:25-cv-00244-LK

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1

DAN RAYFIELD
Attorney General of Oregon

2

*/s/ Allie M. Boyd*

3

ALLIE M. BOYD, WSBA #56444
Senior Assistant Attorney General

4

Trial Attorney
1162 Court Street NE

5

Salem, OR 97301-4096
(503) 947-4700

6

allie.m.boyd@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

7

8

PHIL WEISER
Attorney General of Colorado

9

*/s/ Shannon Stevenson*

10

SHANNON STEVENSON*
Solicitor General

11

Office of the Colorado Attorney General
1300 Broadway, #10

12

Denver, CO 80203
(720) 508-6000

13

shannon.stevenson@coag.gov
*Attorneys for Plaintiff State of Colorado*

14

15

*pro hac vice application pending

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION [PROPOSED]
NO. 2:25-cv-00244-LK

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744