The Honorable Lauren King

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, et al.,

    Plaintiffs,

v.

DONALD J. TRUMP, et al.,

    Defendants.

Case No. 2:25-CV-00244

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE BY AMERICAN ACADEMY OF PEDIATRICS AND ADDITIONAL NATIONAL AND STATE MEDICAL AND MENTAL HEALTH ORGANIZATIONS**

NOTE ON MOTION CALENDAR: February 25, 2025

    Proposed *Amici Curiae* American Academy of Pediatrics and Additional National and State Medical and Mental Health Organizations hereby respectfully move for leave to file an amicus brief in support of Plaintiffs' motion for preliminary injunction. Counsel for Plaintiffs and counsel for Defendants both consent to the motion. In furtherance of the motion, proposed *amici* state as follows:

    Proposed *amici* are the American Academy of Pediatrics, the Academic Pediatric Association, the American Academy of Child & Adolescent Psychiatry, the American Academy of Nursing, the American College of Obstetricians and Gynecologists, the American College of Osteopathic Pediatricians, the American College of Physicians, the American Pediatric Society,

AAP ET AL.'S UNOPPOSED MOTION FOR
LEAVE TO FILE BRIEF OF AMICI CURIAE
No. 2:25-cv-00244-LJK- 1

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

4906-5095-3504.2

the Association of American Medical Colleges, Association of Medical School Pediatric Department Chairs, Inc., the Minnesota Chapter of the American Academy of Pediatrics, the Oregon Chapter of the American Academy of Pediatrics, the Washington Chapter of the American Academy of Pediatrics, the Endocrine Society, the National Association of Pediatric Nurse Practitioners, the Pediatric Endocrine Society, the Society for Adolescent Health and Medicine, the Society of Pediatric Nurses, and the World Professional Association for Transgender Health (collectively, "*amici*"). *Amici* are a group of 19 professional medical and mental health organizations seeking to ensure that all individuals, including those with gender dysphoria, receive the optimal medical and mental healthcare they need and deserve. *Amici* include both national and state organizations and represent thousands of health care providers who have specific expertise with the issues raised in the amicus brief.

As a group of well-respected medical and mental health organizations, *amici* seek to offer this Court their scientific views and insights regarding the serious medical condition known as gender dysphoria; the widely-accepted view of the professional medical community that gender-affirming care is the appropriate treatment for individuals (and particularly adolescents) suffering from gender dysphoria; and the harm that effectively denying access to important gender-affirming medical care would cause to such individuals, as would be required by Executive Order No. 14187 (the "Healthcare Ban").

*Amici* support Plaintiffs' motion for a preliminary injunction. No counsel for a party authored the proposed brief in whole or in part, and no person other than *amici* or their counsel made any monetary contributions intended to fund the preparation or submission of the proposed brief. The Court should consider *amici's* brief because it provides important expertise and addresses misstatements about the treatment for transgender adolescents. District courts have "broad discretion" regarding amicus participation and frequently welcome amicus briefs where, as here "the amicus has unique information that can help the court beyond the help that the

AAP ET AL.'S UNOPPOSED MOTION FOR
LEAVE TO FILE BRIEF OF AMICI CURIAE
No. 2:25-cv-00244-LJK- 2

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

4906-5095-3504.2

lawyers for the parties are able to provide." *Wagafe v. Biden*, 2022 WL 457983, at *1 (W.D. Wash. Feb. 15, 2022) (internal quotes omitted).

By submitting an amicus brief in this matter, *amici* seek to assist this Court on an issue of great importance to many transgender individuals, including adolescents and their families, as well as the medical professionals who treat them, namely the prevention and treatment of gender dysphoria. Drawing on empirical research and *amici's* extensive experience and expertise in their respective fields, the proposed amicus brief: (i) provides background on gender identity and gender dysphoria; (ii) describes the professionally accepted medical guidelines for treating gender dysphoria as they apply to adolescents, and the scientifically rigorous process by which these guidelines were developed; (iii) describes the evidence that supports the effectiveness of this care for adolescents with gender dysphoria; (iv) corrects inaccuracies in the purported basis for the Healthcare Ban; and (v) describe the irreparable harm that would be caused to adolescent patients if the Healthcare Ban is not enjoined. *Amici* thus fulfill the quintessential role for amici curiae, and courts routinely authorize the filing of amicus briefs in such circumstances. *See, e.g., Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) (describing the "classic role of amicus curiae" as "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention" to matters that might otherwise escape consideration).

Courts regularly permit *amici* to file amicus curiae briefs to offer their unique expertise and insight on issues of physical and mental health and welfare, including with respect to transgender youth. For example, district courts in many states considering similar challenges to laws targeting gender-affirming care have accepted and cited amicus briefs filed by many of the same organizations that seek to file a brief here. *See, e.g.*, *Brandt v. Rutledge*, 551 F. Supp. 3d 882, 890 (E.D. Ark. 2021), *aff'd sub nom. Brandt by & through Brandt v. Rutledge*, 47 F.4th 661 (8th Cir. 2022) (citing brief and observing "[t]he consensus recommendation of medical

AAP ET AL.'S UNOPPOSED MOTION FOR
LEAVE TO FILE BRIEF OF AMICI CURIAE
No. 2:25-cv-00244-LJK- 3

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

4906-5095-3504.2

organizations is that the only effective treatment for individuals at risk of or suffering from gender dysphoria is to provide gender-affirming care."); *Eknes-Tucker v. Marshall*, 2022 WL 1521889, at *2 (M.D. Ala. May 13, 2022) (citing brief and observing that several major medical organizations "endorse these guidelines as evidence-based methods for treating gender dysphoria in minors."); *see also Doe v. Thornbury*, Case No. 3:23-cv-00230, ECF No. 61 (W.D. Ky. June 28, 2023) (granting motion for leave to file similar amicus brief); *Koe v. Noggle*, Case No. 1:23-cv-02904, ECF No. 104 (N.D. Ga. Aug. 11, 2023) (same); *Poe v. Drummond*, Case No. 4:23-cv-00177, ECF No. 72 (N.D. Okla. June 12, 2023) (same); *see also, e.g.*, *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 594 n.1 (4th Cir. 2020) (crediting "leading medical, public health, and mental health organization[]" amici with helping the court to "develop[] a fact-based understanding of what it means to be transgender"); *Adams by Kasper v. Sch. Bd. of St. Johns Cnty.*, 318 F. Supp. 3d 1293, 1298 n.14 (M.D. Fla. 2018) (granting leave to file an amicus brief in support of a transgender male student and noting that "the position of [amici] as to the appropriate standard of care for gender dysphoria is useful to understanding that diagnosis").

Moreover, there is no downside to granting *amici*'s motion for leave to file the amicus brief. Courts have recognized that "it is preferable to err on the side of" permitting amicus briefs. *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.). This is so because "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief." *Id.* "On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Id*.

## CONCLUSION

For the foregoing reasons, proposed *amici* respectfully request that this Court grant their motion for leave to file the attached amicus brief in support of Plaintiffs' Motion for a Preliminary Injunction.

AAP ET AL.'S UNOPPOSED MOTION FOR
LEAVE TO FILE BRIEF OF AMICI CURIAE
No. 2:25-cv-00244-LJK- 4

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

4906-5095-3504.2

| | |
|---|---|
| Dated: February 25, 2025 | Respectfully submitted, |
| | */s/ Jennifer S. Divine* |
| Cortlin H. Lannin (*pro hac vice* forthcoming) | Jennifer S. Divine, WSBA No. 22770 |
| COVINGTON & BURLING LLP | */s/ John R. Knapp, Jr.* |
| Salesforce Tower | John R. Knapp, Jr., WSBA No. 29343 |
| 415 Mission St., Suite 5400 | MILLER NASH LLP |
| San Francisco, CA 94105 | 605 5th Ave S, Ste 900 |
| Phone: (415) 591-6000 | Seattle, WA 98104 |
| clannin@cov.com | (206) 624-8300 |
| | jennifer.divine@millernash.com |
| Yuval Mor (*pro hac vice* forthcoming) | john.knapp@millernash.com |
| COVINGTON & BURLING LLP | |
| The New York Times Building | D. Jean Veta (*pro hac vice* forthcoming) |
| 620 Eighth Avenue | William Isasi (*pro hac vice* forthcoming) |
| New York, NY 10018 | COVINGTON & BURLING LLP |
| Phone: (212) 841-1000 | One CityCenter |
| ymor@cov.com | 850 Tenth St., N.W. |
| | Washington, D.C. 20001 |
| | Phone: (202) 662-6000 |
| | jveta@cov.com |
| | wisasi@cov.com |
| | |
| | *Counsel for Amici Curiae* |

I certify that this unopposed motion for leave to file brief of *amici curiae* contains 1,127 words, in compliance with Local Civil Rules.

*/s/ Jennifer S. Divine*
Jennifer S. Divine

AAP ET AL.'S UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE
No. 2:25-cv-00244-LJK- 5

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

4906-5095-3504.2

CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington, that the foregoing document was presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 25th day of February, 2025.

*/s/ Kristin Martinez Clark*
Kristin Martinez Clark

CERTIFICATE OF SERVICE - 1
No. 2:25-cv-00244-LJK- 1

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

4906-5095-3504.2