# Exhibit 3

| | |
|---|---|
| **From:** | Melody, Colleen M (ATG) |
| **To:** | Daniel, Christian S. (CIV); Andrapalliyal, Vinita B. (CIV) |
| **Cc:** | McGinty, William (ATG); Heintz, Tera M. (ATG); Fraas, Lauryn (ATG); Sepe, Cristina (ATG); Hughes, Andrew (ATG); Luna, Neal (ATG); Wolf, Lucy (ATG); Allie.M.Boyd@doj.oregon.gov; James.Canaday@ag.state.mn.us; shannon.stevenson@coag.gov |
| **Subject:** | RE: Violation of Court Orders re: Gender-Affirming Care Research |
| **Date:** | Thursday, March 6, 2025 8:22:38 AM |
| **Attachments:** | 5R21HD107311-02-Noa.pdf |

Christian:

Your timing argument omits facts. Defendants issued the attached letter on March 4, four days after the PI was issued, deobligating more than $200,000 in funds because, according to NIH, research studies into "Transgender issues" "ignore, rather than seriously examine, biological realities." As made clear from the NIH webpage describing the study, the study involved the provision of, and improved delivery of, gender-affirming care. Termination of the grant therefore violated both the TRO and the preliminary injunction, which prohibited implementing Section 4 of EO 14,187. It also obviously violates the PI, which prohibits enforcing Sections 3(e) or 3(g) of Executive Order 14,168 by "withhold[ing] federal funding based on the fact that a health care entity or heal professional provides gender-affirming care within the Plaintiff States." There were funds left on the grant that was due to run through August, and the grant recipient is now being prevented from drawing them down and finishing its work.

Defendants have not provided a position on the Plaintiff States' forthcoming motion for contempt, shortened time, and attorneys' fees. If you'd like to provide a position, please do so by 9am PT. Otherwise, we will note that Defendants declined to take a position on the motion.

Thank you,

Colleen

**From:** Daniel, Christian S. (CIV) <Christian.S.Daniel@usdoj.gov>
**Sent:** Wednesday, March 5, 2025 3:59 PM
**To:** Melody, Colleen M (ATG) <colleen.melody@atg.wa.gov>; Andrapalliyal, Vinita B. (CIV) <Vinita.B.Andrapalliyal@usdoj.gov>
**Cc:** McGinty, William (ATG) <william.mcginty@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Fraas, Lauryn (ATG) <Lauryn.Fraas@ATG.WA.GOV>; Sepe, Cristina (ATG) <cristina.sepe@atg.wa.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Luna, Neal (ATG) <neal.luna@atg.wa.gov>; Wolf, Lucy (ATG) <lucy.wolf@atg.wa.gov>; Allie.M.Boyd@doj.oregon.gov; James.Canaday@ag.state.mn.us; shannon.stevenson@coag.gov
**Subject:** RE: Violation of Court Orders re: Gender-Affirming Care Research

[EXTERNAL]

Colleen,

Your emails have not cited any provision of any order issued by Judge King, and it remains unclear what part of any order you believe was violated and why. Nevertheless, we have

reviewed the attached NIH letter and conclude it does not violate any TRO or PI in the *Washington v. Trump*, 2:25-cv-00244 (W.D. Wash.) or *PFLAG v. Trump*, 8:25-cv-00337 (D. Md.) cases. The letter terminates funding for research into development of a "sexual education tool" for "[t]ransgender and gender expansive (TGE) youth." *An intervention to promote healthy relationships among transgender and gender expansive youth*, NIH RePORTER, https://reporter.nih.gov/project-details/10697301.

As an initial matter, the then-operative TRO in this case enjoined Defendants from "enforcing or implementing Section 4 of Executive Order 14,187 within the Plaintiff States." ECF No. 158 at 1. That section of the EO directs agencies, consistent with applicable law, to "take appropriate steps to ensure that institutions receiving Federal research or education grants end the chemical and surgical mutilation of children." EO 14,187 § 4. "[C]hemical and surgical mutilation" is defined in the EO to mean certain medical interventions or treatments, sometimes "referred to as 'gender affirming care,'" *id.* § 2(c), and does not include development of sexual education tools. The NIH letter therefore does not constitute enforcement or implementation of Section 4 of that EO. This is doubly so because, as set out in the letter, NIH terminated the grant based on its own authorities and NIH Grants Policy Statement, with attendant procedural protections described in the letter, and not as enforcement or implementation of Executive Order 14,187.

Judge King's subsequent PI order is not applicable because it had not been issued when the NIH letter was sent and specifically states that the injunction is "prohibitory, not mandatory," to "prevent future … violations." ECF No. 233 at 20 n.12. The NIH letter would not have violated that PI in any event, as, in addition to a provision mirroring the TRO provision discussed above, the PI only enjoins enforcement of Sections 3(e) and 3(g) of Executive Order 14,168 "based on the fact that a health care entity or health professional provides gender-affirming care within the Plaintiff States." *Id.* at 53. As stated, the funded research did not concern the provision of such gender-affirming care, nor was the grant terminated because of the grantee's provision of such care. *See* EO 14,187 § 2(c). And again, the NIH letter is an exercise of NIH's own independent authorities and NIH Grants Policy Statement, not enforcement of Executive Order 14,168. While not at issue in this case, the NIH letter also did not violate the then-operative TRO or later-issued PI in the *PFLAG* case for similar reasons.

Finally, the NIH letter does not violate the order you cite from *New York v. Trump*, No. 25-cv-39-JJM-PAS (D.R.I.). Any correspondence regarding orders in that case should be directed to counsel for the government in that case.

Best,
Christian

--
**Christian Daniel**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
Office: (202) 514-5838
Cell: (202) 993-5173

**From:** Melody, Colleen M (ATG) <colleen.melody@atg.wa.gov>

**Sent:** Tuesday, March 4, 2025 2:48 PM
**To:** Daniel, Christian S. (CIV) <Christian.S.Daniel@usdoj.gov>; Andrapalliyal, Vinita B. (CIV) <Vinita.B.Andrapalliyal@usdoj.gov>
**Cc:** McGinty, William (ATG) <william.mcginty@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Fraas, Lauryn (ATG) <Lauryn.Fraas@ATG.WA.GOV>; Sepe, Cristina (ATG) <cristina.sepe@atg.wa.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Luna, Neal (ATG) <neal.luna@atg.wa.gov>; Wolf, Lucy (ATG) <lucy.wolf@atg.wa.gov>; Allie.M.Boyd@doj.oregon.gov; James.Canaday@ag.state.mn.us; shannon.stevenson@coag.gov
**Subject:** [EXTERNAL] RE: Violation of Court Orders re: Gender-Affirming Care Research

Christian:

NIH's cited basis for immediate termination of the grant is that "[r]esearch programs based on gender identity are often unscientific" and "ignore, rather than seriously examine, biological realities." That is the same reasoning, steeped in stereotype, that underlies the Gender-Ideology Order and Denial-of-Care Order. Restrictions on funding under Sections 3(e) and 3(g) of the Gender-Ideology Order and Section 4 of the Denial-of-Care Order are enjoined. For avoidance of any doubt, the Maryland injunction includes a prohibition on taking "any steps to implement, give effect to, or reinstate [the enjoined conduct] under a different name." Temporary Restraining Order at 2, *PFLAG v. Trump*, No. 8:25-cv-00337-BAH (D. Md. Feb. 13, 2025), ECF 61. And in violation of yet a third injunction, the termination letter contravenes an order of the Rhode Island District Court ordering HHS "not to pause any funds based on pronouncements pausing funding incorporated into the OMB Directive," including the Gender-Ideology Order. *New York v. Trump*, No. 25-cv-39-JJM-PAS (D.R.I. Feb. 10, 2025), ECF 96.

Based on all of this, when I sent my email yesterday, I expected Defendants to respond that this was an inadvertent mistake that NIH would promptly correct. I hope that is what you say next.

Sincerely,

Colleen

---

**From:** Daniel, Christian S. (CIV) <Christian.S.Daniel@usdoj.gov>
**Sent:** Tuesday, March 4, 2025 10:41 AM
**To:** Melody, Colleen M (ATG) <colleen.melody@atg.wa.gov>; Andrapalliyal, Vinita B. (CIV) <Vinita.B.Andrapalliyal@usdoj.gov>
**Cc:** McGinty, William (ATG) <william.mcginty@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Fraas, Lauryn (ATG) <Lauryn.Fraas@ATG.WA.GOV>; Sepe, Cristina (ATG) <cristina.sepe@atg.wa.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Luna, Neal (ATG) <neal.luna@atg.wa.gov>; Wolf, Lucy (ATG) <lucy.wolf@atg.wa.gov>; Allie.M.Boyd@doj.oregon.gov; James.Canaday@ag.state.mn.us; shannon.stevenson@coag.gov
**Subject:** RE: Violation of Court Orders re: Gender-Affirming Care Research

[EXTERNAL]

Hi Colleen,

We are looking into the letter. Can you please explain why you believe it violates any court order?

Best,
Christian

--

**Christian Daniel**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
Office: (202) 514-5838
Cell: (202) 993-5173

---

**From:** Melody, Colleen M (ATG) <colleen.melody@atg.wa.gov>
**Sent:** Monday, March 3, 2025 7:23 PM
**To:** Andrapalliyal, Vinita B. (CIV) <Vinita.B.Andrapalliyal@usdoj.gov>; Daniel, Christian S. (CIV) <Christian.S.Daniel@usdoj.gov>
**Cc:** McGinty, William (ATG) <william.mcginty@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Fraas, Lauryn (ATG) <Lauryn.Fraas@ATG.WA.GOV>; Sepe, Cristina (ATG) <cristina.sepe@atg.wa.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Luna, Neal (ATG) <neal.luna@atg.wa.gov>; Wolf, Lucy (ATG) <lucy.wolf@atg.wa.gov>; Allie.M.Boyd@doj.oregon.gov; James.Canaday@ag.state.mn.us; shannon.stevenson@coag.gov
**Subject:** [EXTERNAL] Violation of Court Orders re: Gender-Affirming Care Research

Vinita, Christian:

Today, Washington became aware of the attached letter that was sent to Seattle Children's Hospital on February 28 terminating research into healthcare for transgender and gender-expansive youth. The grant description is available here and includes the development of a "gender-affirming intervention." This termination letter violated multiple injunctions at the time it was issued, including the temporary restraining orders in *Washinton v. Trump*, No. 2:25-cv-00244-LK (W.D. Wash. Feb. 14, 2025), and *PLAG v. Trump*, No. BAH-25-337 (D. Md. Feb. 13, 2025). Following the issuance of the preliminary injunction in *Washington v. Trump* on February 28, the letter is additionally in violation of that order.

Please confirm in writing within 48 hours that this termination letter has been withdrawn. Failure to confirm the same will result in emergency motions practice before Judge King.

Thank you,

Colleen

**Colleen Melody**
Wing Luke Civil Rights Division Chief
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000

Seattle, WA 98104
(206) 464-5342
She/her