The Honorable Lauren King

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:25-cv-00244-LK |
| Plaintiffs, | JOINT STATUS REPORT |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

Pursuant to the Court's March 6, 2025, Minute Order, Dkt. #241, counsel for the parties to this matter met and conferred on March 14, 2025, at 1:00 p.m. PT and respectfully submit this Joint Status Report.

**Proposed Next Steps**

**Plaintiffs' Position**: Plaintiffs respectfully request that the Court set a Rule 16(a) pretrial conference. Plaintiffs intend to conduct discovery regarding, inter alia, the factual assertions made in the challenged executive orders, the government interests intended to be served by those orders, and Defendants' compliance with this Court's orders since litigation began. Plaintiffs requested that the parties conduct a Rule 26(f) conference on March 14, 2025, but Defendants refused to participate in a 26(f) conference on that date, instead making themselves available only for a conference regarding the instant status report. Plaintiffs also requested that Defendants identify a

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1   date they would be available for a Rule 26(f) conference, noting that under Rules 16(b) and 26(f),

2   the conference must occur no later than March 24. Defendants represented that they would not make

3   themselves available for a 26(f) conference by March 24, and refused to provide a date they would

4   be available.

5       Plaintiffs intend to prosecute this case toward a final determination which will include

6   discovery and motions practice before this Court, and likely cross-motions for summary judgment.

7   Plaintiffs oppose a stay of this Court's proceedings pending any appeal. The record on the motion

8   for preliminary injunction is likely to be different from the record on summary judgment or at trial,

9   and any appellate guidance may have limited usefulness. *See California v. Azar*, 911 F.3d 558, 584

10  (9th Cir. 2018). That is especially true where, as here, Plaintiffs seek discovery into central questions

11  of fact having to do with Defendants' interest in the challenged orders and the assertions of fact

12  made in those orders, an issue upon which they have submitted no evidence whatsoever so far.

13  There is no guarantee that an appeal would be fully exhausted prior to when this case is ready for a

14  final merits determination in any event. *See Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir.

15  2012) (at the time the interlocutory opinion on a preliminary injunction was issued by the Ninth

16  Circuit, "final judgment [was] imminent"); *see also Sports Form, Inc. v. United Press Intern., Inc.*,

17  686 F.2d 750, 753 (9th Cir. 1982) ("We think it likely that this case, for instance, could have

18  proceeded to a disposition on the merits in far less time than it took to process this appeal.").

19      Staying proceedings pending appeal would also prevent Plaintiffs from amending their

20  complaint or moving to modify the preliminary injunction should either be necessary to protect their

21  legal interests. Defendants have already shown that they intend to skirt this Court's orders by

22  whatever means at their disposal (*see* Dkt. #245-8). These efforts so far are straightforwardly in

23  violation of this Court's injunction (*see generally* Dkt. #243), but it is possible, if not likely, that

24  Defendants will undertake new projects to deny gender-affirming care in the Plaintiff States and, if

25  they do, then Plaintiffs should not be barred from requesting additional relief from this Court.

26

JOINT STATUS REPORT
NO. 2:25-cv-00244-LK

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1    Moving forward with this case while Defendants appeal the preliminary injunction would

2  not prejudice Defendants in any way. Defendants raise the specter of thorny discovery disputes, but

3  simultaneously refuse to even meet for a Rule 26(f) conference to attempt to engage in discovery

4  cooperatively, as the rules require.

5    Plaintiffs request a Rule 16(a) pretrial conference to facilitate a speedy and efficient

6  resolution of this matter.

7    **Defendants' Position**: The Solicitor General has authorized Defendants to appeal this

8  Court's preliminary injunction. Because the Ninth Circuit's decision on appeal is likely to

9  materially bear on the significant legal issues in this case, Defendants propose that this Court

10  stay district-court proceedings—other than any necessary and jurisdictionally proper

11  proceedings regarding the scope or enforcement of the preliminary injunction—pending

12  resolution of Defendants' appeal. Although it is unclear whether and why Plaintiffs would need

13  to further amend the complaint while the appeal is pending, Defendants do not object to

14  exempting any proceedings regarding such an amendment from their requested stay. Defendants

15  further propose that the parties file another joint status report within 14 days of the conclusion

16  of all appellate proceedings to propose next steps in the case.[1]

17    Defendants' forthcoming appeal implicates important legal issues that the parties and the

18  Court will likely have to address in future proceedings, including whether this case is ripe for

19  review, the proper interpretation of the challenged Executive Orders, the scope of the President's

20  Article II authority, the relevance of agencies' delegated authority to award grants, the

21  appropriate level of review under the Equal Protection Clause, and the validity of the

22  government's interests intended to be served by the Executive Orders. An appellate decision on

23
24    [1] Contrary to Plaintiffs' assertions, Defendants did not refuse to make themselves
available for a 26(f) conference should one be required. Rather, Defendants stated that it was
25  premature to hold a Rule 26(f) conference in advance of the deadline for the joint status report
and before Defendants had decided whether to appeal. Further, Defendants explained that they
26  were unable to prepare for and conduct a proper 26(f) conference on the accelerated timeline
Plaintiffs proposed.

those (and other) issues will thus likely provide the Court and the parties significant aid in the ultimate resolution of this case. *Mobilize the Message LLC v. Bonta*, No. 2:21-CV-05115VAPJPRX, 2021 WL 6104312, at *5 (C.D. Cal. Sept. 17, 2021) ("It would be wise for the Court to preserve its judicial resources in light of the pending appellate review of issues central to this case.").

Pausing proceedings until the conclusion of further review would also defer and potentially avoid altogether the thorny legal issues surrounding discovery requests aimed at the White House itself, which would be at odds with the Supreme Court's admonition that the "Executive Branch's interest in maintaining the autonomy of its office and safeguarding the confidentiality of its communications" counsels "judicial deference and restraint" that should "inform the conduct of the entire proceeding, including the timing and scope of discovery." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 385 (2004); *see also Trump v. Vance*, 140 S. Ct. 2412, 2430 (2020) (similar); *La Unión del Pueblo Entero v. Ross*, 353 F. Supp. 3d 381, 399 (D. Md. 2018) (discovery targeting the White House would "implicate[] a whole set of . . . separation of powers issues, and executive privilege issues").

At the same time, a stay would not prejudice Plaintiffs, as this Court's preliminary injunction remains in place. Moreover, Defendants' requested stay would not reach any proceedings necessary for the Court to ensure compliance with its preliminary injunction, including resolution of Plaintiffs' pending contempt motion.[2] *See* Pls.' Mot. Contempt, ECF No. 243. Plaintiffs claim that they must have the opportunity to modify the preliminary injunction while the preliminary injunction is on appeal. But "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (per curiam); *Nat. Res. Def. Council, Inc. v. Sw. Marine*

---

[2] For the reasons explained in Defendants' Opposition to Plaintiffs' Motion for Contempt, Shortened Time, and Attorney's Fees, ECF No. 253, Plaintiffs are not entitled to discovery on their pending contempt motion. Nor is discovery on "Defendants' compliance with this Court's orders since litigation began" justified based on Plaintiffs' unsupported request.

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1    *Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). To the extent Plaintiffs are concerned about

2    maintaining the status quo with respect to the preliminary injunction, *NRDC*, 242 F.3d at 1166,

3    Defendants reiterate that they have no objection to participating in any necessary and

4    jurisdictionally proper proceedings regarding the scope or enforcement of the existing

5    preliminary injunction while other case deadlines are stayed.

6           Accordingly, Defendants intend to move for a stay of proceedings later this week unless

7    this Court *sua sponte* stays proceedings pending further review of its preliminary-injunction

8    decision. *See Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936) (A district court's "power

9    to stay proceedings is incidental to the power inherent in every court to control the disposition

10   of the causes on its docket with economy of time and effort for itself, for counsel, and for

11   litigants.").

12          DATED this 17th day of March 2025.

13   NICHOLAS W. BROWN                          NICHOLAS W. BROWN
     Attorney General of Washington             Attorney General of Washington
14

15   */s/ William McGinty*                       */s/ Lauryn K. Fraas*
     WILLIAM MCGINTY, WSBA #41868               LAURYN K. FRAAS, WSBA #53238
16   CYNTHIA ALEXANDER, WSBA #46019             COLLEEN MELODY, WSBA #42275
     TERA HEINTZ, WSBA #54921                   Assistant Attorneys General
17   ANDREW R.W. HUGHES, WSBA #49515            800 Fifth Avenue, Suite 2000
     NEAL LUNA, WSBA #34085                     Seattle, WA 98104-3188
18   CRISTINA SEPE, WSBA #53609                 (360) 709-6470
     LUCY WOLF, WSBA #59028                     Lauryn.Fraas@atg.wa.gov
19   Assistant Attorneys General               Colleen.Melody@atg.wa.gov
     800 Fifth Avenue, Suite 2000              *Attorneys for Physicians Plaintiffs 1-3*
20   Seattle, WA 98104-3188
     (360) 709-6470
21   William.McGinty@atg.wa.gov
     Cynthia.Alexander@atg.wa.gov
22   Tera.Heintz@atg.wa.gov
     Andrew.Hughes@atg.wa.gov
23   Neal.Luna@atg.wa.gov
     Cristina.Sepe@atg.wa.gov
24   Lucy.Wolf@atg.wa.gov
     *Attorneys for Plaintiff State of Washington*

25

26

KEITH ELLISON
Attorney General of Minnesota

*/s/ James W. Canaday*
JAMES W. CANADAY (admitted pro hac vice)
Deputy Attorney General
445 Minnesota St., Ste. 600
St. Paul, Minnesota 55101-2130
(651) 757-1421
james.canaday@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

PHIL WEISER
Attorney General of Colorado

*/s/ Shannon Stevenson*
SHANNON STEVENSON (admitted pro hac vice)
Solicitor General
Office of the Colorado Attorney General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
shannon.stevenson@coag.gov
*Attorneys for Plaintiff State of Colorado*

DAN RAYFIELD
Attorney General of Oregon

*/s/ Allie M. Boyd*
ALLIE M. BOYD, WSBA #56444
Senior Assistant Attorney General
Trial Attorney
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700
allie.m.boyd@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

ERIC HAMILTON
Deputy Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director

*/s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Senior Counsel
CHRISTIAN S. DANIEL
Trial Attorney
United State Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Vinita.B.Andrapalliyal@usdoj.gov
Christian.S.Daniel@usdoj.gov
*Attorneys for Defendants*

JOINT STATUS REPORT
NO. 2:25-cv-00244-LK

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744