The Honorable Lauren J. King

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

STATE OF WASHINGTON, et al.,

    Plaintiffs,

v.

DONALD TRUMP, in his official capacity as President of the United States, et al.,

    Defendants.

No. 2:25-cv-00244-LJK

**DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF PRELIMINARY INJUNCTION**

Noted For Consideration:
April 4, 2025

DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

## INTRODUCTION

Defendants move for a limited stay of proceedings pending resolution of their appeal of this Court's preliminary injunction. The Ninth Circuit's decision on appeal is likely to materially bear on the significant legal issues in this case, so a stay would streamline the questions of law and promote the orderly course of justice. A stay would also eliminate "the hardship [and] inequity" Defendants would otherwise suffer "in being required to go forward" with intrusive and potentially impermissible discovery on the highest levels of the executive branch without guidance from the Ninth Circuit. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Finally, Plaintiffs would not suffer hardship as a result of a stay of proceedings, since the preliminary injunction against Defendants would remain in place and Defendants do not propose to stay any ancillary proceedings regarding compliance with the preliminary injunction.

Accordingly, Defendants request that this Court stay district-court proceedings—other than any necessary and jurisdictionally proper proceedings regarding the scope or enforcement of the preliminary injunction—pending final resolution of Defendants' appeal.

## BACKGROUND

This Court is familiar with the background of this case, so Defendants will focus here on the facts relevant to the instant motion.

***The EOs.*** Plaintiffs challenge sections of two Executive Orders. They challenge Section 4 of Executive Order 14,187, 90 Fed. Reg. 8771, entitled *Protecting Children from Chemical and Surgical Mutilation* (the Protecting Children EO), and Sections 3(e) and 3(g) of Executive Order 14,168, 90 FR 8615, entitled *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government* (the Defending Women EO). Section 4

DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

of the Protecting Children EO directs agencies that provide research or educational grants to medical institutions to, "consistent with applicable law . . . immediately take appropriate steps to ensure that institutions receiving Federal research or education grants end the chemical and surgical mutilation of children." EO 14,187 § 4. Section 3 of the Defending Women EO, in relevant part, directs agencies to "take all necessary steps, as permitted by law, to end the Federal funding of gender ideology," *id.* § 3(e), including by "assess[ing] grant conditions and grantee preferences and ensur[ing] grant funds do not promote gender ideology," *id.* § 3(g).

***Preliminary Injunction.*** This Court entered a preliminary injunction on February 28, 2025. PI Order, ECF No. 233. The order "fully enjoined" all Defendants except the President "from enforcing or implementing Section 4 of [EO] 14,187 within the Plaintiff States." *Id.* at 53. The order also "fully enjoined" Defendants "from enforcing Sections 3(e) or 3(g) of [EO] 14,168 to condition or withhold federal funding based on the fact that a health care entity or health professional provides gender-affirming care within the Plaintiff States." *Id.* On March 17, 2025, this Court clarified the scope of its preliminary injunction as to Sections 3(e) and 3(g) of EO 14,168 and ordered limited discovery on two factual issues pertaining to a motion for contempt that Plaintiffs filed. *See* Order Denying Mot. for Contempt, ECF No. 258.

***Next steps.*** On March 17, 2025, the parties filed a joint status report proposing next steps in the case. Jt. Status Rep., ECF No. 257. Defendants informed this Court that the Solicitor General had authorized an appeal of the preliminary injunction and proposed a stay of further district court proceedings, other than any necessary and jurisdictionally proper proceedings regarding the scope or enforcement of the preliminary injunction. *Id.* at 3. Defendants stated their intent to file a motion to stay proceedings, and Plaintiffs stated their intent to oppose a request to stay proceedings. *Id.* at 2–3. Plaintiffs indicated that, if the case

DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

moves forward during the appeal, they "intend to conduct discovery regarding, inter alia, the factual assertions made in the challenged executive orders, the government interests intended to be served by those orders, and Defendants' compliance with this Court's orders since litigation began." *Id*. at 1.

On March 20, 2025, Defendants filed a notice of appeal of this Court's preliminary-injunction opinion and order. Defs.' Notice of Appeal, ECF No. 262.

## STANDARD OF REVIEW

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That power applies "especially in cases of extraordinary public moment," when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id*. at 707.

The Ninth Circuit has described various factors that should be considered when evaluating a motion to stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX*, 300 F.2d at 268 (citing *Landis v. North American Co.*, 299 U.S. 248 (1936)).

## ARGUMENT

Consideration of these factors warrants a stay of district-court proceedings in this case pending resolution of Defendants' appeal.

DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

## I. A STAY WOULD PROMOTE THE ORDERLY COURSE OF JUSTICE.

A stay of proceedings pending the final resolution of Defendants' appeal is likely to simplify the issues, proof, and questions of law in this case. Defendants' forthcoming appeal implicates important legal issues that the parties and the Court will likely have to address in future proceedings, including whether this case is ripe for review, the proper interpretation of the challenged Executive Orders, the scope of the President's Article II authority, the relevance and extent of agencies' delegated authority to award grants, the appropriate level of review under the Equal Protection Clause, and the validity of the government's interests intended to be served by the Executive Orders. An appellate decision on those (and other) issues will thus likely provide the Court and the parties significant aid in the ultimate resolution of this case. *Mobilize the Message LLC v. Bonta*, No. 2:21-CV-05115VAPJPRX, 2021 WL 6104312, at *5 (C.D. Cal. Sept. 17, 2021) ("It would be wise for the Court to preserve its judicial resources in light of the pending appellate review of issues central to this case."); *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *6 (N.D. Cal. Apr. 15, 2019) (concluding that a stay of proceedings pending interlocutory appeal "may dispose of the case or significantly reshape the merits"); *cf. RREEF Infrastructure (G.P.) Ltd. v. Kingdom of Spain*, No. 1:19-cv-03783 (CJN), 2021 WL 1226714, at *3 (D.D.C. Mar. 31, 2021) ("[L]itigating essentially the same issues in two separate forums is not in the interest of judicial economy," particularly when "it is clear that the outcome of the other proceedings may affect this Court's determinations." (alterations adopted and citations omitted)).

Moreover, here the issues implicated in the appeal—ripeness, Article II, agencies' delegated authority, the level of equal-protection review and more—are purely legal, potentially dispositive of all of Plaintiffs' claims, and will be reviewed *de novo* by the court of

DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

appeals. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014) (In an appeal of a district court's decision on a preliminary injunction, the appellate court "review[s] legal conclusions *de novo*."). The Ninth's Circuit's review of those dispositive legal questions thus makes this case unlike cases in which interlocutory appeals are taken on fact-bound preliminary injunction decisions that will be reviewed for clear error on an undeveloped record, which are unlikely to affect further proceedings in the district court. *See, e.g.*, *Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012); *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 752 (9th Cir. 1982). Accordingly, appellate review of this Court's legal conclusions would heavily bear on, if not fully control, the ultimate outcome of this litigation. "The order that is before the Court of Appeals implicates issues that are at the heart of this case," *Mobilize the Message*, 2021 WL 6104312, at *5, and "the Ninth Circuit's review of those issues would almost certainly affect the outcome of any proceedings in this Court," *id.*, which counsels in favor of a stay of proceedings.

## II.   ABSENT A STAY, DISCOVERY WILL IMPOSE A HEAVY BURDEN ON DEFENDANTS AND THE COURT.

In addition to "simplifying" the "issues, proof, and questions of law" that will likely arise as this case proceeds, a stay also will eliminate "the hardship [and] inequity" Defendants would otherwise suffer "in being required to go forward" without guidance from the Ninth Circuit. *CMAX*, 300 F.2d at 268. And a stay will reduce this Court's burden as well.

Plaintiffs "seek discovery into … the challenged [executive] orders and the assertions of fact made in those orders," ECF No. 257 at 2, which were orders of the President of the United States.  The Supreme Court has instructed that "the Executive's constitutional responsibilities and status are factors counseling judicial deference and restraint in the conduct of litigation against it." *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 385 (2004)

DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

(quotation omitted); *see also id.* ("[S]pecial considerations control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications are implicated."). Discovery targeting the White House would "implicate[] a whole set of . . . separation of powers issues, and executive privilege issues," placing a heavy burden on Defendants, *La Unión del Pueblo Entero v. Ross*, 353 F. Supp. 3d 381, 399 (D. Md. 2018), which go beyond the ordinary inconveniences of "being required to defend a suit," *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *see also Kuang*, 2019 WL 1597495, at *5 (concluding that the agency would be burdened by the plaintiffs' sought-after discovery in the absence of a stay of proceedings because the discovery would "implicate sensitive areas of military policy").

Burdening this Court with the resource-intensive litigation likely to ensue from the discovery Plaintiffs intend to seek is unwarranted while this case is on appeal, when the Ninth Circuit's decision will likely inform the necessity and scope of any discovery. *Rajput v. Synchrony Bank*, 2016 WL 6433134, at *5, *7 (M.D. Pa. Oct. 31, 2016) (granting stay where appellate ruling likely would impact "the scope of the issues and discovery needed in th[e] case"); *Brickman v. Facebook, Inc.*, 2017 WL 1508719, at *4 (N.D. Cal. Apr. 27, 2017) (granting stay where proceeding with discovery before appellate ruling would create "risk of incurring unnecessary litigation fees and expenses").

### III.  A STAY WILL NOT PREJUDICE PLAINTIFFS.

In contrast to the significant burdens engendered by proceeding with merits discovery in this matter while the Ninth Circuit considers Defendants' appeal, Plaintiffs will not be prejudiced by a stay. At Plaintiffs' behest, the Court entered a preliminary injunction enjoining Defendants "from enforcing or implementing Section 4 of Executive Order 14,187 within the

DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

Plaintiff States" and "from enforcing Sections 3(e) or 3(g) of Executive Order 14,168 to condition or withhold federal funding based on the fact that a health care entity or health professional provides gender-affirming care within the Plaintiff States." PI Order at 53. The limited stay Defendants request would not cover any necessary and jurisdictionally proper proceedings regarding the scope or enforcement of the Court's preliminary injunction, including the limited discovery this Court has ordered in connection with Plaintiffs' motion for contempt or any other discovery the Court may order in connection with any future compliance proceedings. *See* Order Denying Pls.' Mot. for Contempt, ECF No. 258. Nor would Defendants' requested stay of proceedings prevent Plaintiffs from seeking to amend their complaint. This operative relief would protect Plaintiffs' interests during the pendency of a stay, and "the potential for prejudice to Plaintiff[s] is minimal" where their objection is a mere "desire to move forward with the case" pending an appeal. *Spencer v. Kohl's Dep't Stores, Inc.*, 2017 WL 11670213, at *2 (D. Nev. Feb. 6, 2017).

## CONCLUSION

For these reasons, this Court should grant Defendants' Motion for Stay of Proceedings Pending Appeal of Preliminary Injunction.

DATED: March 21, 2025                    Respectfully submitted,

                                          YAAKOV M. ROTH
                                          Acting Assistant Attorney General
                                          Civil Division

                                          MICHELLE BENNETT
                                          Assistant Branch Director
                                          Federal Programs Branch

                                          */s/ Vinita B. Andrapalliyal*
                                          VINITA B. ANDRAPALLIYAL

DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

Senior Counsel (NY Bar Reg. No. 5231667)
CHRISTIAN S. DANIEL
Trial Attorney (DC Bar No. 1600226)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 305-0845
Fax: (202) 616-8460
vinita.b.andrapalliyal@usdoj.gov
christian.s.daniel@usdoj.gov

*Attorneys for Defendants*

*I certify that this memorandum contains 2043 words, in compliance with the Local Civil Rules.*

DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, I electronically filed the foregoing Opposition to Plaintiffs' Motion for Temporary Restraining Order using this Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: March 21, 2025                    */s/ Vinita. B. Andrapalliyal*
                                                         VINITA B. ANDRAPALLIYAL

DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS

*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 305-8902