The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>    Defendants. | NO. 2:25-cv-00244-LK<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF PRELIMINARY INJUNCTION<br><br>NOTE ON MOTION CALENDAR:<br>Friday, April 4, 2025 |

PLS.' OPP'N TO DEFS.' MOT. TO
STAY INJUNCTION PENDING
APPEAL OF PRELIM. INJ.
NO. 2:25-cv-00244-LK

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 1

III. LEGAL STANDARD ........................................................................................................... 2

IV. ARGUMENT ........................................................................................................................ 3

    A. A Stay Will Harm Plaintiffs ........................................................................................ 3

    B. A Stay Will Not Serve Judicial Economy .................................................................. 5

    C. Denial of a Stay Will Not Harm Defendants ............................................................. 8

V. CONCLUSION ..................................................................................................................... 9

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY
INJUNCTION PENDING APPEAL
NO. 2:25-cv-00244-LK

i

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## I. INTRODUCTION

This Court should deny Defendants' request for a stay of proceedings pending appeal. A stay of the case would materially prejudice Plaintiffs' ability to protect their rights, because it would stop Plaintiffs from pursuing their claims that Defendants have unconstitutionally threatened to criminally investigate and prosecute providers of gender-affirming care, a claim upon which this Court did not grant preliminary relief. Further, it would prevent Plaintiffs from amending their complaint and seeking additional relief without first bringing a motion to lift the stay. In light of Defendants' ongoing efforts to defund gender-affirming care and research supporting transgender and gender-diverse people generally, Plaintiffs cannot be deprived of a forum to challenge the developing and continuing unconstitutional actions by Defendants.

While a stay would hurt Plaintiffs, it would do nothing for the efficient management of this case. None of the legal issues that Defendants cite in their motion, or that will be presented by the appeal, are likely to dispose of this case. And, if a stay is granted, then the likeliest outcome is that this case will come back to this Court, at least a year from now, with no discovery having been done and the parties no closer to a disposition on the merits.

Defendants' request for a stay should be denied.

## II. BACKGROUND

Plaintiffs filed this suit on February 7, 2025, alleging that President Trump's Executive Order 14,187 (Denial-of-Care Order) unconstitutionally defunds and criminalizes gender-affirming care and requesting a temporary restraining order. *See generally* Dkt. ##1, 11. This Court granted a 14-day temporary restraining order (TRO) on February 14. Dkt. #158. It enjoined Defendants from enforcing or implementing Sections 4 and 8(a) of the Denial-of-Care Order to withhold federal funds from providers of gender-affirming care or applying 18 U.S.C. § 116, criminalizing female genital mutilation, to the provision or facilitation of gender-affirming care. *Id.*

Plaintiffs filed an Amended Complaint on February 19, 2025, adding claims against Executive Order 14,168 (Gender-Ideology Order). *See generally* Dkt. #164. Plaintiffs moved for a

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY
INJUNCTION PENDING APPEAL
NO. 2:25-cv-00244-LK

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1  preliminary injunction the same day (Dkt. #169), which this Court later granted. Dkt. #233. The
2  preliminary injunction (PI) enjoins Defendants from enforcing or implementing Section 4 of the
3  Denial-of-Care Order and also enjoins the Defendants from enforcing Sections 3(e) and 3(g) of the
4  Gender-Ideology Order "to condition or withhold federal funding based on the fact that a health
5  care entity or health professional provides gender-affirming care within the Plaintiff States."
6  *Id*. p. 53. The Court, however, did not grant Plaintiffs a preliminary injunction with respect to
7  Section 8(a) of the Denial-of-Care Order; it held instead that Plaintiffs lacked standing to pursue
8  that claim because there was not yet a credible threat of enforcement that the female genital
9  mutilation statute would be applied to providers or parents of individuals under 19 seeking
10  gender-affirming care. *Id.* pp. 18-19.

11  On March 6, less than a week after the PI was issued, Plaintiffs filed a motion for Defendants
12  to be held in contempt for violating its terms. Dkt. #243. Plaintiffs alleged that Defendants were
13  implementing the enjoined sections of the executive orders while claiming to be following newly
14  enacted, independent policies. *See generally id.* The Court did not grant Plaintiffs' motion, but it
15  did grant Plaintiffs' alternative request for expedited discovery. Dkt. #258 p. 15. Plaintiffs have
16  propounded discovery and the parties have held their Rule 26(f) conference. McGinty Decl., ¶¶ 2-
17  5; Exs. A, B, C.

### III.    LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* "The exertion of this power calls for the exercise of a sound discretion" as "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The "competing interests" include "the

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY
INJUNCTION PENDING APPEAL
NO. 2:25-cv-00244-LK

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1  possible damage which may result from the granting of a stay, the hardship or inequity which a
2  party may suffer in being required to go forward, and the orderly course of justice . . . ." *Id.*

### IV. ARGUMENT

#### A. A Stay Will Harm Plaintiffs

A stay will harm Plaintiffs in at least two ways. First, it will delay Plaintiffs' ability to prove their claims with respect to Section 8(a) of the Denial-of-Care Order. And, second, it will impair their ability to protect their rights should Defendants continue to adopt policies with the intent to end gender-affirming care and unlawfully effectuate other aspects of the Gender-Ideology and Denial-of-Care Orders.

Defendants argue that a stay will not harm Plaintiffs because Plaintiffs already have their requested PI. *See* Dkt. #263 pp. 7-8. But, even if the PI could protect Plaintiffs from Defendants' continuing and escalating efforts to impair gender-affirming care in the Plaintiff States (and, as described below, that is uncertain) Plaintiffs did not get all the preliminary relief they requested. This Court held that Plaintiffs did not show a likelihood of success on the issue of standing to pursue claims that Section 8(a) of the Denial-of-Care Order was unconstitutional. This was so, the Court held, because there is not yet a credible threat that 18 U.S.C. § 116 will be enforced against providers of gender-affirming care. Dkt. #233 pp. 18-19.

As the Court knows, Plaintiffs respectfully disagree with this holding. The United States has still not disavowed application of the female genital mutilation statute to providers of gender-affirming care, and providers and parents of patients fear bad-faith weaponization of this statute against them as part of a campaign of intimidation to force them to cease constitutionally protected medical treatment. *See, e.g.*, Dkt. #13 ¶ 29 (one clinician stopped providing gender-affirming care because "they weren't willing to risk prosecution"). Cessation of protected activity along with a refusal by enforcement authorities to disavow application of a statute to that activity is sufficient to show standing to challenge a criminal law. *See Isaacson v. Mayes*, 84 F.4th 1089, 1101 (9th Cir. 2023). The United States has not, and in light of its request for a

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY
INJUNCTION PENDING APPEAL
NO. 2:25-cv-00244-LK

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

stay apparently does not intend, to move to dismiss Plaintiffs' claims regarding Section 8(a) on standing grounds.[1] The record amply demonstrates that Section 8(a)'s threat of criminal prosecution for providing gender-affirming care is harming Plaintiffs and their patients right now, and Plaintiffs intend to move forward to show that they have standing to challenge it, that it is unconstitutional, and that it should be permanently enjoined. Defendants' requested stay would foreclose these efforts even though the legal issues having to do with Section 8(a) would not be on appeal. This alone is sufficient reason to deny Defendants' request. *See Karnoski v. Trump*, No. C17-01297MJP, 2017 WL 11434151 at *1 (W.D. Wash. Nov. 20, 2017) (denying stay where PI did not enjoin all sections of challenged executive order).

But Defendants' requested stay would harm Plaintiffs in another way by foreclosing their opportunity to seek additional relief from the Court—apart from seeking to enforce the preliminary injunction. Defendants are already skirting this Court's injunction by doing the exact things the enjoined executive orders would require them to do, while claiming that new policies, independent of the orders, are the actual reason. *See* Dkt. ##244-1, 244-2,[2] 245-5, 245-8, 245-9. The Court has held it needs more information before finding a square violation of the PI, and Plaintiffs must have the ability to conduct discovery to test the connection between these policies and the enjoined Orders. *See* Dkt. #258 pp. 14-15. Plaintiffs must also retain the ability, if necessary, to amend their complaint to challenge these new policies and additional ones Defendants may implement in the future. But if Defendants' requested stay is granted, then all proceedings in this Court would be stayed, and Plaintiffs would be forced to wait until

---

[1] Even if this Court's holding on the PI was correct, that would not preclude Plaintiffs from defeating a motion to dismiss for lack of standing. Standing is judged "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Where this Court held that Plaintiffs were not likely to show they had standing sufficient to be entitled to a PI, it does not necessarily follow that Defendants would succeed on a motion to dismiss where all plausible factual inferences must be drawn in Plaintiffs' favor.

[2] Defendants reinstated the grant to Seattle Children's Hospital. Dkt. ## 267, 267-1. But they maintain that terminating this grant in the first place was not a violation of the Court's orders. Dkt. #267 ¶ 6. And the reinstatement notice from NIH still says that it is contrary to NIH's policies to fund research "based on gender identity." Dkt. #267-1 p. 6.

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY
INJUNCTION PENDING APPEAL
NO. 2:25-cv-00244-LK

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

Defendants' appeal is exhausted before they could request additional relief or, at minimum, incur further delay in seeking relief by forcing Plaintiffs to first move to lift the stay. Defendants may argue that any such additional relief would be pointless while the appeal is pending anyway, because the appeal would divest this Court of jurisdiction. *See* Dkt. #257 pp. 4-5. But an appeal only divests the trial court of jurisdiction "over the matters *being appealed*." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (emphasis added). Merits discovery, supplemental motions regarding existing claims, amendments to the complaint, and requests for additional relief would of course not be on appeal since they haven't happened yet. And, in any event, "[w]hile an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction" while the appeal is pending. Fed. R. Civ. P. 62(d).

A stay would prejudice Plaintiffs by foreclosing them from seeking relief on their challenge to Section 8(a) of the Denial-of-Care Order and from additional relief from actions that Defendants have undertaken or may implement with respect to both enjoined Orders. The Court should not grant it.

**B.    A Stay Will Not Serve Judicial Economy**

There is no good reason to wait for appellate guidance prior to moving forward with this case. Defendants have not shown that any of the "legal issues" they seek to appeal will have a binding or even clarifying effect for the merits of this matter.

Given how fast the facts are developing in this case, the record on the motion for preliminary injunction is likely to be different from the record on summary judgment or at trial, and any appellate guidance may have limited usefulness. *See California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018) ("We have repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction."); *see also Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012) (at the time the interlocutory opinion on a preliminary injunction was issued by the Ninth Circuit, "final judgment [was] imminent"); *see also Sports Form, Inc. v. United Press*

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY
INJUNCTION PENDING APPEAL
NO. 2:25-cv-00244-LK

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1  *Intern., Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) ("We think it likely that this case, for instance, could
2  have proceeded to a disposition on the merits in far less time than it took to process this appeal.").

3        Defendants make only a passing mention of issues they intend to litigate on appeal and that
4  supposedly will guide this Court in future proceedings, but they do not substantiate their claim
5  beyond naming some legal ideas. *See* Dkt. #263 p. 5. The first issue they mention is ripeness and
6  argue that it is "purely legal." *Id.* Whether an issue is ripe for review is obviously impacted by
7  developing facts. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1141
8  (9th Cir. 2000) (en banc) (holding that whether a matter is prudentially ripe depends, inter alia, on
9  its "specific factual context"). Here, Defendants argued at the Rule 65 stage that because agencies
10 had not yet implemented the challenged executive orders the issue was not ripe. Dkt. #223 p. 10.
11 But now research grants have been terminated in clear reliance on those orders. *See* Dkt. #244-1.
12 This argument has lost whatever persuasive power it may have had a few weeks ago (and even then
13 this Court correctly rejected it). *See* Dkt. #233 p. 15 n.10. It is highly unlikely that by the time this
14 case is ready for a disposition on the merits any guidance the Ninth Circuit could give about whether
15 this case was ripe when the PI motion was filed will be relevant at all.

16       Defendants next cryptically cite "Article II" as an issue that needs Ninth Circuit clarification
17 prior to proceeding to the merits. Precisely what about Article II they plan to appeal or what legal
18 questions need to be answered before this case can move forward are left unsaid by Defendants. To
19 the extent they intend to argue that the Article II power gives the President unreviewable authority
20 to condition funding, that question has already been answered by the Ninth Circuit. *See City and*
21 *Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1245 (9th Cir. 2018) (enjoining enforcement of
22 an executive order illegally conditioning federal funds); *see also Armstrong v. Exceptional Child*
23 *Center, Inc.*, 575 U.S. 320, 327 (2015) ("The ability to sue to enjoin unconstitutional actions by
24 state and federal officers is the creation of courts of equity, and reflects a long history of judicial
25 review of illegal executive action, tracing back to England."). There is no good reason for this Court

26

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY
INJUNCTION PENDING APPEAL
NO. 2:25-cv-00244-LK

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

to delay proceeding to the merits of Plaintiffs' claims while Defendants pursue repeatedly rejected theories of executive supremacy.

The third issue Defendants claim merits appellate guidance is "agencies' delegated authority" (Dkt. #263 p. 5) but, as in every other instance in which Defendants have claimed congressional delegation, they fail to cite even one statute permitting Defendants to condition federal funds on bigotry against transgender and gender-diverse people. In the past, they said they could not cite any statutes because no grants had been terminated, and granular attention to the statutory authorization applicable to a particular grant was necessary. *See, e.g.*, Dkt. #223 p. 11. But that is no longer true. Dkt. #244-1. And, in any event, it is unclear what appellate guidance might issue on the PI record where Defendants' argument was that it was impossible to say whether congressional authority existed or not. If anything, Defendants' apparent insistence to continue terminating grants dealing with "Transgender issues" (Dkt. ##244-2 p. 6, 267-1 p. 6) provides Defendants with an opportunity in this Court to prove up their claim that they possess all requisite statutory authority to terminate the grants they *have now terminated*.

Finally, Defendants claim that appellate guidance is necessary on "the level of equal protection review." Dkt. #263 p. 5. But this question has been answered multiple times over in the Ninth Circuit: heightened scrutiny applies to laws that discriminate against transgender and gender-diverse people because they discriminate based on transgender status and sex. *Karnoski v. Trump*, 926 F.3d 1180, 1201 (9th Cir. 2019); *Hecox v. Little*, 104 F.4th 1061, 1074 (9th Cir. 2024); *Doe v. Horne*, 115 F.4th 1083, 1106 (9th Cir. 2024); *Roe by and through Roe v. Critchfield*, --- F.3d ----, 2025 WL 865721, at *5 (Mar. 20, 2025). Plaintiffs should not be forced to give Defendants an opportunity to overturn circuit precedent through en banc or Supreme Court decisions before making their case here. And, in any event, the Supreme Court has taken review of a Sixth Circuit opinion holding that a law banning gender-affirming care for minors was subject to rational basis review. *United States v. Skrmetti*, 144 S.Ct. 2679 (June 24, 2024) (accepting petition for certiorari); *see also L.W. by and through Williams v. Skrmetti*, 83 F.4th 460, 479 (6th Cir. 2023).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY INJUNCTION PENDING APPEAL
NO. 2:25-cv-00244-LK

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1  That case was argued in December of 2024 and an opinion is likely to issue before briefing on the
2  PI appeal concludes. If an intervening change in the law is to occur, the forthcoming opinion in
3  *Skrmetti* will cause it, not Defendants' appeal here. And in any event, this Court held on PI that at
4  least the Gender-Ideology Order would not satisfy *any* level of review because it serves no
5  legitimate government purpose. Dkt. #233 p. 45 ("Where, as here, government action is motivated
6  by purposeful discrimination it violates the Fifth Amendment's equal protection guarantee."). The
7  same is true for the Denial-of-Care Order. *See* Dkt. #169 pp. 15-16. There is simply no reason to
8  wait for a Ninth Circuit opinion to guide the issues in this case when guidance will likely issue from
9  the Supreme Court first and where the Plaintiffs will continue to press the argument that neither
10 order passes rational basis scrutiny, must less heightened scrutiny.

11 **C.    Denial of a Stay Will Not Harm Defendants**

12 The only burden that Defendants identify in going forward in this case is the burden of
13 discovery. And their only argument that they should be relieved of that burden is the speculative
14 assertion that Plaintiffs' discovery requests will tread on executive privilege. *See* Dkt. #263 p. 7.
15 These concerns are easy to manage. Plaintiffs have already issued discovery, and none of the
16 interrogatories or production requests sought anything from the White House. *Cf. id.*;
17 McGinty Decl., Exs. A, B, C. Nonetheless, if Plaintiffs propound discovery requests that
18 Defendants find objectionable, they can object. *E.g.*, Fed. R. Civ. P. 26. And if they want court
19 orders or limits on discovery to protect executive privilege, they are welcome to request such
20 procedures in the parties' upcoming Combined Joint Status Report and Discovery Plan. *See*
21 Dkt. #260. Notably, Defendants do not object to proceedings, including discovery, necessary to
22 enforce this Court's injunction.

23 Further, there is no reason to believe that waiting for the appeal to run will relieve
24 Defendants of the obligation to respond to Plaintiffs' discovery. As described above
25 (*supra* § IV.B) none of the legal issues that Defendants assert warrant staying this case are
26 dispositive to Plaintiffs' claims, or even especially relevant to the eventual merits disposition.

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY
INJUNCTION PENDING APPEAL
NO. 2:25-cv-00244-LK

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

The likely outcome of any stay would be at least a year's delay and nothing more.[3] And, at the end, discovery will be waiting for Defendants to respond to regardless. Proceeding now, when the facts are fresh in the witness's minds and the Court is apprised of the issues, will not unduly burden Defendants, and staying the case will not relieve them of any burden in any event.

## V.   CONCLUSION

The Court should deny Defendants' motion to stay.

DATED this 31st day of March 2025.

I certify that this memorandum contains 3,216 words, in compliance with the Local Civil Rules.

NICHOLAS W. BROWN
Washington State Attorney General

*/s/ William McGinty*
WILLIAM MCGINTY, WSBA #41868
CYNTHIA ALEXANDER, WSBA #46019
TERA HEINTZ, WSBA #54921
ANDREW R.W. HUGHES, WSBA #49515
NEAL LUNA, WSBA #34085
CRISTINA SEPE, WSBA #53609
LUCY WOLF, WSBA #59028
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
William.McGinty@atg.wa.gov
Cynthia.Alexander@atg.wa.gov
Tera.Heintz@atg.wa.gov
Andrew.Hughes@atg.wa.gov
Neal.Luna@atg.wa.gov
Cristina.Sepe@atg.wa.gov
Lucy.Wolf@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

---

[3] Merits briefing on the PI appeal will close on June 9, 2025, and the case will be scheduled for argument later in the summer. *See* Dkt. #265 (Ninth Circuit's Time Schedule Order); Ninth Circuit Rule 3-3 The Ninth Circuit's median interval from the filing of notice appeal to the last opinion is 13.1 months. *See* U.S. Courts of Appeals—Median Times for Civil and Criminal Cases Terminated on the Merits—During the 12-Month Periods Ending September 30, 2023 and 2024, https://www.uscourts.gov/data-news/data-tables/2024/09/30/judicial-business/b-4a.

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY
INJUNCTION PENDING APPEAL
NO. 2:25-cv-00244-LK

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

| | |
|---|---|
| 1 | */s/ Lauryn K. Fraas* |
| | LAURYN K. FRAAS, WSBA #53238 |
| 2 | COLLEEN MELODY, WSBA #42275 |
| | Assistant Attorneys General |
| 3 | 800 Fifth Avenue, Suite 2000 |
| | Seattle, WA 98104-3188 |
| 4 | (206) 464-7744 |
| | Lauryn.Fraas@atg.wa.gov |
| 5 | Colleen.Melody@atg.wa.gov |
| | *Attorneys for Physician Plaintiffs 1-3* |
| 6 | |
| 7 | KEITH ELLISON |
| | State of Minnesota Attorney General |
| 8 | |
| | */s/ James W. Canaday* |
| 9 | JAMES W. CANADAY (admitted pro hac vice) |
| | Deputy Attorney General |
| 10 | 445 Minnesota St., Ste. 600 |
| | St. Paul, Minnesota 55101-2130 |
| 11 | (651) 757-1421 |
| | james.canaday@ag.state.mn.us |
| 12 | *Attorneys for Plaintiff State of Minnesota* |
| 13 | |
| | DAN RAYFIELD |
| 14 | State of Oregon Attorney General |
| 15 | */s/ Allie M. Boyd* |
| | ALLIE M. BOYD, WSBA #56444 |
| 16 | Senior Assistant Attorney General |
| | Trial Attorney |
| 17 | 1162 Court Street NE |
| | Salem, OR 97301-4096 |
| 18 | (503) 947-4700 |
| | allie.m.boyd@doj.oregon.gov |
| 19 | *Attorneys for Plaintiff State of Oregon* |
| 20 | |
| 21 | PHIL WEISER |
| | Attorney General of Colorado |
| 22 | */s/ Shannon Stevenson* |
| | SHANNON STEVENSON (admitted pro hac vice) |
| 23 | Solicitor General |
| | Office of the Colorado Attorney General |
| 24 | 1300 Broadway, #10 |
| | Denver, CO 80203 |
| 25 | (720) 508-6000 |
| | shannon.stevenson@coag.gov |
| 26 | *Attorneys for Plaintiff State of Colorado* |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY INJUNCTION PENDING APPEAL
NO. 2:25-cv-00244-LK

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744