# Exhibit A

The Honorable Lauren King

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

8

9 | STATE OF WASHINGTON, et al.,

10 |        Plaintiffs,

11 |   v.

12 | DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

13 |

14 |        Defendants.

NO. 2:25-cv-00244-LK

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANTS

15
16
17
18
19
20
21
22
23
24
25
26

## I.    INSTRUCTIONS

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Plaintiffs State of Washington, Oregon, Minnesota, and Colorado (Plaintiff States) and Physician Plaintiffs 1, 2, and 3, (Physician Plaintiffs) (collectively, Plaintiffs) request that Defendants answer the following Interrogatories and Requests for Production (together, Discovery Requests) separately and fully under oath, within thirty (30) days of the date of service, and in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

These Discovery Requests are continuing in nature, and you must reasonably supplement or amend your answers and responses to these Requests pursuant to the Federal Rules of Civil Procedure to include certain types of information, specified in the rules, which you later acquire.

PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANTS
NO. 2:25-cv-00244-LK

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1    Documents are to be produced for inspection and copying at Office of the Attorney

2    General, Complex Litigation Division, 800 Fifth Avenue, Suite 2000, Seattle, WA 98104-3188,

3    with instructions specifying whether you wish them to be copied and returned or to be retained.

## II.    DEFINITIONS

5    For the purposes of these Discovery Requests, the following definitions apply:

6    1.    Document means any written, recorded, or other graphic matter, electronic or not,

7    however produced or reproduced. It includes all matter that relates or refers in whole or in part

8    to the subjects referred to in an interrogatory or a request for production. If a document has been

9    prepared in several copies, or if additional copies have been made, and the copies are not

10    identical, or have undergone alteration, each non-identical copy is a separate "document." This

11    definition includes, but is not limited to, the following: any paper, writing, chart, memo, note,

12    letter, inter-office memo, intra-office memo, email, report, study, statement, map, log entry,

13    drawing, photograph, sketch, picture, tape recording, any other verbal or pictorial representation

14    of any event or idea that has transpired, whether meant for communication to others or for

15    personal need.

16    2.    Person means all entities, including any individual, firm, partnership, joint

17    venture, corporation, association or business enterprise.

18    3.    You (or "your") or "Defendants" refers to: DONALD J. TRUMP, in his official

19    capacity as the President of the United States; U.S. DEPARTMENT OF JUSTICE;

20    PAM BONDI, in her official capacity as the United States Attorney General; U.S.

21    DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in

22    his official capacity as the Secretary of Health and Human Services; U.S. DEPARTMENT OF

23    AGRICULTURE; BROOKE ROLLINS, in her official capacity as the Secretary of Agriculture;

24    U.S. DEPARTMENT OF COMMERCE; HOWARD LUTNICK, in his official capacity as the

25    Secretary of Commerce; U.S. DEPARTMENT OF DEFENSE; PETE HEGSETH, in his official

26    capacity as the Secretary of Defense; U.S. DEPARTMENT OF EDUCATION;

PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANTS
NO. 2:25-cv-00244-LK

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1  DENISE L. CARTER, in her official capacity as the Acting Secretary of Education; U.S.
2  DEPARTMENT OF ENERGY; CHRIS WRIGHT, in his official capacity as the Secretary of
3  Energy; U.S. DEPARTMENT OF VETERANS AFFAIRS; DOUGLAS A. COLLINS, in his
4  official capacity as the Secretary of Veteran Affairs; NATIONAL AERONAUTICS AND
5  SPACE ADMINISTRATION; JANET PETRO, in her official capacity as the Acting
6  Administrator of the National Aeronautics and Space Administration; NATIONAL SCIENCE
7  FOUNDATION; SETHURAMAN PANCHANATHAN, in his official capacity as the Director
8  of the National Science Foundation; OFFICE OF THE DIRECTOR OF NATIONAL
9  INTELLIGENCE; TULSI GABBARD, in her official capacity as the Director of National
10 Intelligence; U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT; MARCO RUBIO, in
11 his official capacity as Acting Administrator for the U.S. Agency for International Development;
12 U.S. DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as the
13 Secretary of the Treasury; U.S. DEPARTMENT OF TRANSPORTATION; SEAN DUFFY, in
14 his official capacity as the Secretary of Transportation; U.S. SMALL BUSINESS
15 ADMINISTRATION; EVERETT WOODEL, JR., in his official capacity as the Acting
16 Administrator for the U.S. Small Business Administration; and the UNITED STATES OF
17 AMERICA, their agents, employees, investigators, experts, insurers, attorneys, or other
18 representatives, and their attorneys' agents, employees and investigators. When "you" (or "your"
19 or "Defendants") is used in a Discovery Request, or a part thereof, it is intended that the answer
20 to the Discovery Request, or part thereof, is to include all information known to Defendants,
21 their agents, employees, investigators, experts, insurers, attorneys, guardian ad litem, or other
22 representatives, and their attorneys' agents, employees, and investigators.

23      4.      Identity, the term "identify" (or "identity"), when used with reference to an
24 individual person, means to state his or her full name and present job title (if applicable), home
25 and business address, email address and telephone numbers. The term "identify" (or "identity"),
26 when used with reference to documents, means to state specifically (a) the type of document

PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANTS
NO. 2:25-cv-00244-LK

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1    involved (e.g., whether inter-office memorandum, etc.), together with information sufficient to

2    enable Plaintiffs to identify the document, such as its date; the name of the author, any addressee,

3    and any signer; the title or heading of the document and its approximate number of pages, and

4    (b) the identity of the person last known to have possession of the document, together with the

5    present or last known location of the document.

6        5.    "Relation To" as used in these Discovery Requests, means pertinent, relevant or

7    material to, evidencing, having a bearing on, or concerning, affecting, discussing, dealing with,

8    considering or otherwise relating to in any manner whatsoever, the subject matter of inquiry.

9                            **III.    INSTRUCTIONS**

10        1.    Pursuant to the Federal Rules of Civil Procedure, if you object, the grounds for

11    each objection must be stated.

12        2.    No specific Discovery Request should be construed to limit the scope of any other

13    Discovery Request, or of any term defined above, and no subpart of any Discovery Request

14    should be construed to limit the scope of any other subpart of such Discovery Request.

15        3.    When an answer contains both privileged and non-privileged material, the

16    non-privileged material must be disclosed to the fullest extent possible without thereby

17    disclosing the privileged material. If a privilege is asserted with regard to part of an answer, the

18    party claiming the privilege must clearly indicate the portions as to which the privilege is

19    claimed. When an answer that includes documents has been redacted or altered in any fashion,

20    identify as to each Document the reason for the redaction or alteration, the date of the redaction

21    or alteration, and the Person performing the redaction or alteration. Any redaction must be

22    clearly visible on the redacted Document.

23        4.    If you object to or otherwise decline to respond to any portion of a Discovery

24    Request, you shall provide all information called for by that portion of the Discovery Request to

25    which you do not object or to which you do not decline to respond. For those portions of a

26    Discovery Request to which you object or otherwise refuse to provide an answer, you shall state

PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANTS
NO. 2:25-cv-00244-LK

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1  the reasons for such objection or refusal, and you shall state whether you are refusing to provide

2  an answer.

3      5.      It is intended that these Discovery Requests will not solicit any material protected

4  either by the attorney-client privilege or by the work-product doctrine that was created by, or

5  developed by, counsel for the responding party after the date on which this litigation was

6  commenced, and they should be construed accordingly.

7      6.      If an answer to any Discovery Request is objected to on the grounds that the

8  Discovery Request is unduly burdensome, describe the burden or expense associated with

9  answering.

10      7.      Notwithstanding any definition set forth above, each word, term, or phrase used

11  in these interrogatories is intended to have the broadest meaning permitted under the Federal

12  Rules of Civil Procedure.

13                          **IV.    INTERROGATORIES**

14  **INTERROGATORY NO. 1:** Identify all persons involved in the decision to terminate

15  Grant No. 5R21HD107311, including, but not limited to, each author or contributor in any part

16  to Exhibits A and B to the declaration of Kym Ahrens (Dkt. ##244-1, 244-2). For each, describe

17  the person's role in the grant's termination.

18  **ANSWER:**

19

20  **INTERROGATORY NO. 2:** Identify and describe all criteria used to determine

21  whether Grant No. 5R21HD107311 "effectuate[s] [NIH's] priorities," Ahrens Decl., Ex. B

22  (Dkt. #244-2), including, as applicable, any key words used to identify already-awarded grants

23  that no longer "effectuate[s] [NIH's] priorities."

24  **ANSWER:**

25

26

PLAINTIFFS' FIRST SET OF                         5                    ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES AND REQUESTS                                          Complex Litigation Division
FOR PRODUCTION TO DEFENDANTS                                          800 Fifth Avenue, Suite 2000
NO. 2:25-cv-00244-LK                                                  Seattle, WA  98104
                                                                      (206) 464-7744

1    **INTERROGATORY NO. 3:** Identify all authors of the social media post attached as

2    Exhibit 2 to the Declaration of William McGinty (Dkt. #245-2), including each person's name,

3    job title, business address, email address, their role in the Department of Government Efficiency,

4    and their role in decision to terminate Grant No. 5R21HD107311.

5    **ANSWER:**

6

7    **INTERROGATORY NO. 4:** Identify the document attached as Exhibit 6 to the

8    Declaration of William McGinty (Dkt. #245-6), including a description of what it is, which

9    agency or agencies it originated in, the names or all authors, editors, or approvers who produced

10   it, to whom it was distributed, and the purposes for which it was used.

11   **ANSWER:**

12

13                    **V.    REQUESTS FOR PRODUCTION**

14   **REQUEST FOR PRODUCTION NO. 1:** All drafts of the following documents,

15   included as an exhibit to the declarations of Kym Ahrens (Dkt. #244) and William McGinty

16   (Dkt. #245): Ahrens Decl., Exs. A-B (Dkt. ##244-1, 244-2), and McGinty Decl., Ex. 6

17   (Dkt. #245-6).

18   **RESPONSE:**

19

20   **REQUEST FOR PRODUCTION NO. 2:** All drafts of the document titled "Staff

21   Guidance –Award Assessments for Alignment with Agency Priorities – March 2025" referenced

22   in Exhibit 5 of the declaration of William McGinty (Dkt. #245-5).

23   **RESPONSE:**

24

25   **REQUEST FOR PRODUCTION NO. 3:** All communications related to the following

26   documents, included as an exhibit to the declarations of Kym Ahrens (Dkt. #244) and

1   William McGinty (Dkt. #245): Ahrens Decl., Exs. A-B (Dkt. ##244-1, 244-2), and McGinty

2   Decl., Ex. 6 (Dkt. #245-6).

3   **RESPONSE:**

4

5   **REQUEST FOR PRODUCTION NO. 4:** All documents related to NIH's claims that

6   "Research programs based on gender identity are often unscientific, have little identifiable return

7   on investment, and do nothing to enhance the health of many Americans. Many such studies

8   ignore, rather than seriously examine, biological realities." Ahrens Decl., Ex. A (Dkt. #244-1).

9   **RESPONSE:**

10

11   **REQUEST FOR PRODUCTION NO. 5:** All documents related to NIH's claim that "It

12   is the policy of NIH not to prioritize these research programs." Ahrens Decl., Ex. A

13   (Dkt. #244-1).

14   **RESPONSE:**

15

16   **REQUEST FOR PRODUCTION NO. 6:** All documents related to NIH's claims that

17   "This award related to Transgender issues no longer effectuates agency priorities." Ahrens Decl.,

18   Ex. B (Dkt. #244-2).

19   **RESPONSE:**

20

21   **REQUEST FOR PRODUCTION NO. 7:** All documents that include descriptions of

22   policies, procedures, or guidance regarding termination of NIH grants dated between January

23   20, 2025 and March 6, 2025.

24   **RESPONSE:**

25

26

PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANTS
NO. 2:25-cv-00244-LK

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1    **REQUEST FOR PRODUCTION NO. 8:** All documents related to your answers to any

2    of the foregoing interrogatories.

3    **RESPONSE:**

4

5    DATED this 19th day of March 2025.

6                                    NICHOLAS W. BROWN
                                     Attorney General of Washington
7
                                     */s/ William McGinty*
8                                    WILLIAM MCGINTY, WSBA #41868
                                     CYNTHIA ALEXANDER, WSBA #46019
9                                    TERA HEINTZ, WSBA #54921
                                     ANDREW R.W. HUGHES, WSBA #49515
10                                   NEAL LUNA, WSBA #34085
                                     CRISTINA SEPE, WSBA #53609
11                                   LUCY WOLF, WSBA #59028
                                     Assistant Attorneys General
12                                   800 Fifth Avenue, Suite 2000
                                     Seattle, WA 98104-3188
13                                   (360) 709-6470
                                     William.McGinty@atg.wa.gov
14                                   Cynthia.Alexander@atg.wa.gov
                                     Tera.Heintz@atg.wa.gov
15                                   Andrew.Hughes@atg.wa.gov
                                     Neal.Luna@atg.wa.gov
16                                   Cristina.Sepe@atg.wa.gov
                                     Lucy.Wolf@atg.wa.gov
17                                   *Attorneys for Plaintiff State of Washington*

18                                   */s/ Colleen Melody*
                                     LAURYN K. FRAAS, WSBA #53238
19                                   COLLEEN MELODY, WSBA #42275
                                     Assistant Attorneys General
20                                   800 Fifth Avenue, Suite 2000
                                     Seattle, WA 98104-3188
21                                   (360) 709-6470
                                     Lauryn.Fraas@atg.wa.gov
22                                   Colleen.Melody@atg.wa.gov
                                     *Attorneys for Physicians Plaintiffs 1-3*
23

24

25

26

PLAINTIFFS' FIRST SET OF                    8          ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES AND REQUESTS                                  Complex Litigation Division
FOR PRODUCTION TO DEFENDANTS                                 800 Fifth Avenue, Suite 2000
NO. 2:25-cv-00244-LK                                              Seattle, WA  98104
                                                                   (206) 464-7744

1    KEITH ELLISON
     Attorney General of Minnesota

2    */s/ James W. Canaday*

3    JAMES W. CANADAY (admitted pro hac vice)
     Deputy Attorney General

4    445 Minnesota St., Ste. 600
     St. Paul, Minnesota 55101-2130

5    (651) 757-1421
     james.canaday@ag.state.mn.us

6    *Attorneys for Plaintiff State of Minnesota*

7

8    DAN RAYFIELD
     Attorney General of Oregon

9    */s/ Allie M. Boyd*

10   ALLIE M. BOYD, WSBA #56444
     Senior Assistant Attorney General
     Trial Attorney

11   1162 Court Street NE
     Salem, OR 97301-4096

12   (503) 947-4700
     allie.m.boyd@doj.oregon.gov

13   *Attorneys for Plaintiff State of Oregon*

14

15   PHIL WEISER
     Attorney General of Colorado

16   */s/ Shannon Stevenson*

17   SHANNON STEVENSON (admitted pro hac vice)
     Solicitor General
     Office of the Colorado Attorney General

18   1300 Broadway, #10
     Denver, CO 80203

19   (720) 508-6000
     shannon.stevenson@coag.gov

20   *Attorneys for Plaintiff State of Colorado*

21

22

23

24

25

26

PLAINTIFFS' FIRST SET OF                    9        ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES AND REQUESTS                                 Complex Litigation Division
FOR PRODUCTION TO DEFENDANTS                                800 Fifth Avenue, Suite 2000
NO. 2:25-cv-00244-LK                                           Seattle, WA 98104
                                                                (206) 464-7744

1

## **<u>CERTIFICATION</u>**

2      The undersigned attorney for Defendants has read the foregoing responses to Plaintiffs'

3 Discovery Requests to Defendants, and they are in compliance with the Federal Rules of Civil

4 Procedure.

5      DATED this _____ day of _____ 2025.

6

7                             Signed _____

8                             _____

9                             Printed

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANTS
NO. 2:25-cv-00244-LK

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1

**<u>DECLARATION OF SERVICE</u>**

2

I hereby declare that on this day I caused the foregoing document to be served, via

3

electronic mail, on the following:

4

Vinita B. Andrapalliyal
Senior Counsel

5

Christian S. Daniel
Trial Attorney

6

United State Department of Justice
Civil Division, Federal Programs Branch

7

1100 L Street NW
Washington, D.C. 20530

8

Vinita.B.Andrapalliyal@usdoj.gov
Christian.S.Daniel@usdoj.gov

9

*Attorneys for Defendants*

10

I declare, under penalty of perjury under the laws of the State of Washington, that the

11

foregoing is true and correct.

12

DATED this 19th day of March 2025, at Olympia, Washington.

13

*/s/ William McGinty*

14

WILLIAM MCGINTY, WSBA #41868
Assistant Attorney General

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANTS
NO. 2:25-cv-00244-LK

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

The Honorable Lauren King

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9 | STATE OF WASHINGTON, et al.,

NO. 2:25-cv-00244-LK

10 | Plaintiffs,

PLAINTIFFS' NOTICE OF
DEPOSITON OF MICHELLE
BULLS

11 | v.

12 | DONALD J. TRUMP, in his official capacity
as President of the United States, et al.,

13

Defendants.

14

15  TO:        MICHELLE BULLS, Director of the Office of Policy for Extramural Research
               Administration (OPERA) of the National Institutes of Health

16  AND TO:    VINITA ANDRAPALLIYAL, Senior Counsel, United States Department of
               Justice

17             CHRISTIAN DANIEL, Trial Attorney, United States Department of Justice

18         You and each of you, will please take notice that the testimony of the witness named

19  above will be taken upon oral examination at the request of Plaintiffs at the time, date, and place

20  specified below.

21         Date:        March 26, 2025

22         Time:        9:00 a.m. EST

23         Location:    1029 Vermont Ave NW, 10th Floor
                        Washington, DC 20005

24
           Reporter:    B&A Litigation Services
25

26

NOTICE OF DEPOSITION OF
MICHELLE BULLS
NO. 2:25-cv-00244-LK

1

1      The deposition shall be taken pursuant to the Federal Rules of Civil Procedure and shall

2  be subject to continuance until completed.

3      DATED this 19th day of March 2025.

4

5                     NICHOLAS W. BROWN
                       Attorney General of Washington

6                     */s/ William McGinty*

7                     WILLIAM MCGINTY, WSBA #41868
                     CYNTHIA ALEXANDER, WSBA #46019
                     TERA HEINTZ, WSBA #54921

8                     ANDREW R.W. HUGHES, WSBA #49515
                     NEAL LUNA, WSBA #34085

9                     CRISTINA SEPE, WSBA #53609
                     LUCY WOLF, WSBA #59028

10                    Assistant Attorneys General
                    800 Fifth Avenue, Suite 2000

11                   Seattle, WA 98104-3188
                    (360) 709-6470

12                   William.McGinty@atg.wa.gov
                    Cynthia.Alexander@atg.wa.gov

13                   Tera.Heintz@atg.wa.gov
                    Andrew.Hughes@atg.wa.gov

14                   Neal.Luna@atg.wa.gov
                    Cristina.Sepe@atg.wa.gov

15                   Lucy.Wolf@atg.wa.gov
                    *Attorneys for Plaintiff State of Washington*

16                     */s/ Colleen Melody*

17                     LAURYN K. FRAAS, WSBA #53238
                     COLLEEN MELODY, WSBA #42275

18                   Assistant Attorneys General
                    800 Fifth Avenue, Suite 2000

19                   Seattle, WA 98104-3188
                    (360) 709-6470

20                   Lauryn.Fraas@atg.wa.gov
                    Colleen.Melody@atg.wa.gov

21                   *Attorneys for Physicians Plaintiffs 1-3*

22

23

24

25

26

NOTICE OF DEPOSITION OF        2        ATTORNEY GENERAL OF WASHINGTON
MICHELLE BULLS                       Complex Litigation Division
NO. 2:25-cv-00244-LK                800 Fifth Avenue, Suite 2000
                                    Seattle, WA  98104
                                   (206) 464-7744

1    KEITH ELLISON
     Attorney General of Minnesota
2
     */s/ James W. Canaday*
3    JAMES W. CANADAY (admitted pro hac vice)
     Deputy Attorney General
4    445 Minnesota St., Ste. 600
     St. Paul, Minnesota 55101-2130
5    (651) 757-1421
     james.canaday@ag.state.mn.us
6    *Attorneys for Plaintiff State of Minnesota*

7
     DAN RAYFIELD
8    Attorney General of Oregon

9    */s/ Allie M. Boyd*
     ALLIE M. BOYD, WSBA #56444
10   Senior Assistant Attorney General
     Trial Attorney
11   1162 Court Street NE
     Salem, OR 97301-4096
12   (503) 947-4700
     allie.m.boyd@doj.oregon.gov
13   *Attorneys for Plaintiff State of Oregon*

14
     PHIL WEISER
15   Attorney General of Colorado

16   */s/ Shannon Stevenson*
     SHANNON STEVENSON (admitted pro hac vice)
17   Solicitor General
     Office of the Colorado Attorney General
18   1300 Broadway, #10
     Denver, CO 80203
19   (720) 508-6000
     shannon.stevenson@coag.gov
20   *Attorneys for Plaintiff State of Colorado*

21

22

23

24

25

26

1

## <u>DECLARATION OF SERVICE</u>

2      I hereby declare that on this day I caused the foregoing document to be served, via

3  electronic mail, on the following:

4      Vinita B. Andrapalliyal
       Senior Counsel
5      Christian S. Daniel
       Trial Attorney
6      United State Department of Justice
       Civil Division, Federal Programs Branch
7      1100 L Street NW
       Washington, D.C. 20530
8      Vinita.B.Andrapalliyal@usdoj.gov
       Christian.S.Daniel@usdoj.gov
9      *Attorneys for Defendants*

10      I declare, under penalty of perjury under the laws of the State of Washington, that the

11  foregoing is true and correct.

12      DATED this 19th day of March 2025, at Olympia, Washington.

13                          */s/ William McGinty*
                           WILLIAM MCGINTY, WSBA #41868
14                          Assistant Attorney General

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF DEPOSITION OF            4            ATTORNEY GENERAL OF WASHINGTON
MICHELLE BULLS                                        Complex Litigation Division
NO. 2:25-cv-00244-LK                                 800 Fifth Avenue, Suite 2000
                                                       Seattle, WA  98104
                                                        (206) 464-7744

1

2

3

4

5

6                                                                              The Honorable Lauren King

7                              **UNITED STATES DISTRICT COURT**
                              **WESTERN DISTRICT OF WASHINGTON**
8                                           **AT SEATTLE**

9    STATE OF WASHINGTON, et al.,              NO. 2:25-cv-00244-LK

10                   Plaintiffs,               SUBPEONA DUCES TECUM FOR
                                               DOCUMENTS AND TESTIMONY
11        v.                                   IN A CIVIL CASE

12   DONALD J. TRUMP, in his official capacity
     as President of the United States, et al.,
13
                     Defendants.
14

15   TO:        MICHELLE BULLS, Director of the Office of Policy for Extramural Research
                Administration (OPERA) of the National Institutes of Health
16   AND TO:    VINITA ANDRAPALLIYAL, Senior Counsel, United States Department of
                Justice
17              CHRISTIAN DANIEL, Trial Attorney, United States Department of Justice

18
         ☒ YOU ARE COMMANDED to produce and permit inspection and copying of the
19
     following documents or tangible things at the place, date, and time specified below:
20
                **See Exhibit A, attached hereto.**
21   | PLACE OF TESTIMONY:                          | COURTROOM:                  |
     | 1029 Vermont Ave NW, 10th Floor              | N/A                         |
22   | Washington, DC 20005                         | DATE AND TIME:              |
     |                                              | March 26, 2025; 9:00 a.m.   |
23   |                                              | EST                         |

24
         ☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to
25
     testify at the taking of a deposition in the above case. Your testimony will be recorded
26

SUBPOENA DUCES TECUM FOR                    1          ATTORNEY GENERAL OF WASHINGTON
DOCUMENTS AND TESTIMONY                                      Complex Litigation Division
IN A CIVIL CASE                                            800 Fifth Avenue, Suite 2000
NO. 2:25-cv-00244-LK                                             Seattle, WA 98104
                                                                 (206) 464-7744

1    stenographically. Your deposition is subject to continuance or adjournment from time to time and

2    place to place until completed.

3          Any organization not a party to this suit that is subpoenaed for the taking of a deposition

4    shall designate one or more officers, directors, or managing agents, or other persons who consent

5    to testify on its behalf, and may set forth, for each person designated, the matters on which the

6    person will testify. Fed. Rule Civ. Pro. 30(b)(6). The topics to be addressed during the deposition

7    include:

8          **See Exhibit A, attached hereto.**

| PLACE OF DEPOSITION:<br><br>1029 Vermont Ave NW, 10th Floor<br>Washington, DC 20005 | DATE AND TIME:<br>March 26, 2025; 9:00 a.m. EST |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE:<br><br><br>*/s/ William McGinty*<br>WILLIAM MCGINTY, WSBA #41868<br>Assistant Attorney General | DATE:<br>March 19, 2025 |
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER:<br><br>William McGinty, WSBA #41868<br>Counsel for Plaintiff State of Washington<br>Office of the Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>(206) 464-7744 | |

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK                    2                    ATTORNEY GENERAL OF WASHINGTON
                                                             Complex Litigation Division
                                                             800 Fifth Avenue, Suite 2000
                                                             Seattle, WA 98104
                                                             (206) 464-7744

**(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may,

instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1

**EXHIBIT A**

2

**DEFINITIONS**

3

For purposes of this Subpoena, the following terms shall have the following meaning:

4

1.      "Communication" shall mean any exchange of information by any means of

5

transmission, sending or receipt of information of any kind by or through any means, including,

6

but not limited to, verbal expression, gesture, writings, documents, language (machine, foreign,

7

or otherwise) of any kind, computer electronics, email, SMS, MMS or other "text" messages,

8

messages on "social networking" sites (including but not limited to Facebook, Google+,

9

MySpace and Twitter/X), shared applications from cell phones, "smartphones," netbooks and

10

laptops, sound, radio, or video signals, telecommunication, telephone, teletype, facsimile,

11

telegram, microfilm or by any other means. "Communications" includes, without limitation, all

12

originals and copies of documents reflecting inquiries, discussions, conversations,

13

correspondence, negotiations, agreements, understandings, meetings, notices, requests,

14

responses, demands, complaints, press, publicity or trade releases and the like that were provided

15

by you to another entity or to you by others.

16

2.      "Document" shall mean any writing, recording, drawing, graph, chart,

17

photograph, sound recording, image, and other data or data compilation, stored in any medium

18

from which information can be obtained either directly or, if necessary, after translation by the

19

responding party into a reasonably usable form, including all drafts, prior versions, metadata,

20

proofs and non-identical copies of any requested document, whether electronic, hand-written,

21

typed, printed or otherwise. "Document" is defined broadly to include all writings of any kind

22

or nature, of a written or graphic matter, however produced or reproduced, whether created on

23

hard copy or electronically, of any kind or description, whether or not sent or received, all copies

24

thereof that are different in any way from the original (whether by interlineations, receipt stamp,

25

notation, indication of copy sent or received or otherwise).

26

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

3.     "Employee" shall mean and include, but is not limited to, all current or former salaried employees, hourly employees, independent contractors, and individuals performing work as temporary employees.

4.     "Person" shall mean any natural person or such person's legal representative; any partnership, domestic or foreign corporation, or limited liability company; any company, trust, business entity, or association; and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, or trustee.

7.     "You" shall mean Michelle Bulls; "your" shall mean belonging to or associated with Michelle Bulls.

8.     "Relevant Time Period" unless otherwise defined, shall mean January 20, 2025 to present.

## REQUESTS FOR PRODUCTION

1.     All drafts in your possession, custody, or control of the following documents, included as an exhibit to the declarations of Kym Ahrens (Dkt. #244) and William McGinty (Dkt. #245): Ahrens Decl., Exs. A-B (Dkt. ##244-1, 244-2), and McGinty Decl., Ex. 6 (Dkt. #245-6).

2.     All drafts in your possession, custody, or control of the document titled "Staff Guidance –Award Assessments for Alignment with Agency Priorities – March 2025" referenced in Exhibit 5 of the declaration of William McGinty (Dkt. #245-5).

3.     All communications made to or by you related to the documents identified in Requests for Production 1 and 2.

4.     All documents in your possession, custody, or control, including communications made to or by you, related to the termination of NIH Grant No. 5R21HD107311.

5.     All documents in your possession, custody, or control related to NIH's claims that "Research programs based on gender identity are often unscientific, have little identifiable return on investment, and do nothing to enhance the health of many Americans. Many such

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1  studies ignore, rather than seriously examine, biological realities." Ahrens Decl., Ex. A (Dkt.
2  #244-1).

3      6.      All documents in your possession, custody, or control related to NIH's claim that
4  "It is the policy of NIH not to prioritize these research programs." Ahrens Decl., Ex. A (Dkt.
5  #244-1).

6      7.      All documents in your possession, custody, or control related to NIH's claims
7  that "This award related to Transgender issues no longer effectuates agency priorities." Ahrens
8  Decl., Ex. B (Dkt. #244-2).

9      8.      All documents in your possession, custody, or control that include descriptions
10 of policies, procedures, or guidance regarding termination of NIH grants dated between January
11 20, 2025 and March 6, 2025.

12     9.      All documents in your possession, custody, or control, including
13 communications, policy statements, or guidance documents related to or referencing Executive
14 Order 14,168, titled "Defending Women from Gender Ideology Extremism and Restoring
15 Biological Truth to the Federal Government," or Executive Order 14,187, titled "Protecting
16 Children from Chemical and Surgical Mutilation."

17     10.     All communications between you and any person(s) affiliated with the
18 Department of Government Efficiency, related to NIH grant funding.

19     11.     A copy of your current CV and/or resume.

20

21

22

23

24

25

26

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1

## **DECLARATION OF SERVICE**

2
I hereby declare that on this day I caused the foregoing document to be served, via

3
electronic mail, on the following:

4
 Vinita B. Andrapalliyal
 Senior Counsel

5
 Christian S. Daniel
 Trial Attorney

6
 United State Department of Justice
 Civil Division, Federal Programs Branch

7
 1100 L Street NW
 Washington, D.C. 20530

8
 Vinita.B.Andrapalliyal@usdoj.gov
 Christian.S.Daniel@usdoj.gov

9
 *Attorneys for Defendants*

10
I declare, under penalty of perjury under the laws of the State of Washington, that the

11
foregoing is true and correct.

12
DATED this 19th day of March 2025, at Olympia, Washington.

13
      */s/ William McGinty*
      WILLIAM MCGINTY, WSBA #41868

14
      Assistant Attorney General

15

16

17

18

19

20

21

22

23

24

25

26

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744