The Honorable Lauren J. King

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | No. 2:25-cv-00244-LJK <br><br> **DEFENDANTS' REPLY TO MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF PRELIMINARY INJUNCTION** <br><br> Noted For Consideration: <br> April 4, 2025 |

DEFENDANTS' REPLY TO MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

**INTRODUCTION**

Plaintiffs fail to marshal any sound reason against a stay. They fail to identify any material hardship they would suffer from the stay that Defendants have actually requested, instead objecting to a stay of their own creation that ignores the express limitations that Defendants set out in their motion. Plaintiffs' attempt to minimize the import of the Ninth Circuit's decision on appeal also falters. At bottom, Plaintiffs simply rehash their view of the merits and insist they will win on appeal. But these are substantial questions over which the Ninth Circuit may disagree; and Plaintiffs do not (and cannot) explain why if that court does so, it would not materially resolve critical issues in this case. Finally, Plaintiffs do not persuasively rebut Defendants' showing that proceeding to full-blown discovery will impose undue burdens on the parties and the Court—burdens that may be unnecessary or misdirected depending on the Ninth Circuit's decision. Defendants respectfully request that the Court issue a stay of proceedings on Plaintiffs' existing claims, other than any necessary and jurisdictionally proper proceedings regarding the scope or enforcement of the Court's preliminary injunction.

**ARGUMENT**

I.    **A STAY WOULD PROMOTE THE ORDERLY COURSE OF JUSTICE.**

As set out in Defendants' opening brief, a stay pending appeal is likely to materially simplify the issues in this case, because the Ninth Circuit's decision will bear on the central legal questions at issue, including: ripeness, the President's Article II authority, the relevance and extent of agencies' delegated authority to award grants, the appropriate level of review under the Equal Protection Clause, and the importance of the government's interests intended to be served by the Executive Orders at issue.

DEFENDANTS' REPLY TO MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

1. Plaintiffs unpersuasively respond primarily by arguing that Defendants are wrong on the merits. They argue that this case is ripe on the basis of a grant termination that the agency has since reinstated, *see* ECF No. 267, and disagree with what they claim are Defendants' "theories" of Article II authority. Pls.' Opp. to Defs.' Mot. for Stay of Proceedings Pending Appeal of PI ("Pls.' Opp.") at 6–7, ECF No. 269. They (wrongly) contend that Defendants bear the burden of showing that agencies have authority to take actions they have not yet taken, and accuse Defendants of failing to meet such a burden. *Id.* at 7. And they misconstrue Defendants' equal protection arguments as purely dependent on "overturn[ing] circuit precedent"—which is, for that matter, an outcome Plaintiffs themselves concede could well occur because of the Supreme Court's forthcoming decision in *United States v. Skrmetti*, No. 23-477 (U.S.). Pls.' Opp. at 7–8.

While Plaintiffs—and even the Court—may disagree with Defendants on these issues, they are nonetheless weighty ones over which (at minimum) reasonable minds can disagree. Given the import of these issues and the substantial potential for disagreement, thinking the Ninth Circuit might affirm is not a sufficient ground for declining a stay. *See, e.g.*, *Mobilize the Message LLC v. Bonta*, 2021 WL 6104312, at *5 (C.D. Cal. Sept. 17, 2021) (granting stay of proceedings pending outcome of interlocutory appeal of ruling on motion for preliminary injunction); *Kuang v. United States Dep't of Def.*, 2019 WL 1597495, at *6 (N.D. Cal. Apr. 15, 2019) (similar).

Plaintiffs also rely on dicta from distinguishable Ninth Circuit cases disfavoring stays pending interlocutory appeals in some circumstances, *see* Pls.' Opp. at 5–6, but do not address the cases Defendants cited that explain the limited scope of that dicta. As the court stated in *Mobilize the Message*, "courts do not interpret the Ninth Circuit's warnings as prohibitively as

DEFENDANTS' REPLY TO MOTION FOR STAY OF PROCEEDINGS
State of Washington, et al. v. Trump, et al., No. 2:25-cv-00244-LJK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

[Plaintiffs] suggest[]," and "[t]here are numerous examples of courts granting a motion to stay proceedings pending the appeal of an order granting or denying a preliminary injunction." 2021 WL 6104312, at *2. The Ninth Circuit's cases do not militate against a stay where there are "purely legal" issues at stake, *Kuang*, 2019 WL 1597495, at *6, nor is this a case where "no . . . justification or analysis supporting the stay" was provided, *California v. Azar*, 911 F.3d 558, 584 n.8 (9th Cir. 2018).

## II. ABSENT A STAY, DISCOVERY WILL IMPOSE A HEAVY BURDEN ON DEFENDANTS AND THE COURT.

Plaintiffs have little answer to Defendants' showing that proceeding with discovery will impose substantial burdens on the parties and the Court—particularly in sensitive areas of executive privilege and constitutional responsibility.

Instead, Plaintiffs puzzlingly point to the raft of discovery they have *already* served. That discovery only confirms the burdens of what would follow, absent a stay: Indeed, as their first step into what was to be "limited" expedited discovery on a "narrow issue" regarding a single (and now reinstated) grant termination, Order Denying Plaintiffs' Motion for Contempt and Attorney's Fees and Granting Plaintiffs' Motion for Expedited Discovery at 15, ECF No. 258, Plaintiffs noticed three depositions, served requests for production, interrogatories, and subpoenas duces tecum, and refused to withdraw any of these requests when the grant was reinstated.

It is no answer to say, as Plaintiffs do, that Defendants can simply "object" when future discovery disagreements arise. Pls.' Opp. at 8. Identifying, justifying, and adjudicating those objections is itself a burden on the parties and the Court—one that potentially embroils the parties and the Court in resource-intensive disputes on issues that may change significantly based on the Ninth Circuit's decision on Defendants' appeal (and the Supreme Court's decision

DEFENDANTS' REPLY TO MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

in *Skrmetti*). *Rajput v. Synchrony Bank*, 2016 WL 6433134, at *5, *7 (M.D. Pa. Oct. 31, 2016) (granting stay where appellate ruling likely would impact "the scope of the issues and discovery needed in th[e] case"). And such a course would disregard, rather than pay heed to, the "special considerations" that "control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications are implicated." *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 385 (2004).

### III. A STAY WILL NOT PREJUDICE PLAINTIFFS.

Neither of the two theories of harm Plaintiffs offer supports their contention that they will be prejudiced by a stay.

*First*, Plaintiffs say that they will be harmed during the pendency of Defendants' requested stay because the Court did not enjoin Section 8(a) of Executive Order 14,168, 90 Fed. Reg. 8615, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government* (the "Defending Women EO"). As an initial matter, the fact that Section 8(a) is not enjoined does not harm Plaintiffs because, as the Court has already concluded, they "do not have standing to challenge Section 8(a)" in the first place. Order Granting in Part and Denying in Part Motion for Preliminary Injunction at 18–19, ECF No. 233. For the same reasons, Plaintiffs have not established a "fair possibility" that they will be harmed by Section 8(a) during the pendency of a stay, which distinguishes their cited authority. *Karnoski v. Trump*, 2017 WL 11434151, at *1 (W.D. Wash. Nov. 20, 2017).

*Second*, Plaintiffs say that they will be harmed if the stay prevents them from "amend[ing] their complaint to challenge . . . new policies and additional ones Defendants may implement in the future." Pls.' Opp. at 4. This contention is unpersuasive because Defendants made clear that their requested stay would not "prevent Plaintiffs from seeking to amend their

DEFENDANTS' REPLY TO MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

complaint" to add new claims. Defs.' Mot. for Stay of Proceedings Pending Appeal of PI at 8, ECF No. 263. To the extent Plaintiffs demand that the stay order include an express provision disclaiming application to attempts by Plaintiffs to amend their operative complaint, or to move for relief from any stay in place, Defendants do not object to such a provision.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant Defendants' Motion for Stay of Proceedings Pending Appeal of Preliminary Injunction.

DATED: April 4, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

MICHELLE BENNETT
Assistant Branch Director
Federal Programs Branch

*/s/ Christian S. Daniel*
VINITA B. ANDRAPALLIYAL
Senior Counsel (NY Bar Reg. No. 5231667)
CHRISTIAN S. DANIEL
Trial Attorney (DC Bar No. 1600226)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 305-0845
Fax: (202) 616-8460
vinita.b.andrapalliyal@usdoj.gov
christian.s.daniel@usdoj.gov

*Attorneys for Defendants*

*I certify that this memorandum contains 1,297 words, in compliance with the Local Civil Rules.*

DEFENDANTS' REPLY TO MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2025, I electronically filed the foregoing Reply to Defendants' Motion to Stay Proceedings Pending Appeal of Preliminary Injunction using this Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: April 4, 2025
/s/ *Christian S. Daniel*
Christian S. Daniel

DEFENDANTS' REPLY TO MOTION FOR STAY OF PROCEEDINGS
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 305-8902