The Honorable Lauren J. King

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | No. 2:25-cv-00244-LJK <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY** <br><br> Noted For Consideration: <br> Wednesday, May 21, 2025 |

DEFENDANT'S MOTION TO DISMISS
*Ahmed v. Colvin*, No. 2:14-cv-00926 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 514-4964**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 1

ARGUMENT ................................................................................................................................ 6

I.    Plaintiffs' propounded discovery is moot. ........................................................................ 6

    A.    NIH's voluntary compliance renders the contempt inquiry moot. ....................... 6

    B.    Plaintiffs cannot prevent mootness by requesting monetary sanctions. ............... 7

    C.    The voluntary cessation doctrine does not apply. ................................................ 9

    D.    Plaintiffs wrongly contend that the Court has already ruled on mootness. ........ 11

II.    Defendants' other objections are proper. ....................................................................... 11

    A.    Defendants' mootness and other objections were not boilerplate. ..................... 11

    B.    Lack of a privilege log does not waive privilege objections. ............................. 13

III.    Plaintiffs are not entitled to attorney's fees. ................................................................... 14

CONCLUSION ........................................................................................................................... 14

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- i -

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

# TABLE OF AUTHORITIES

**CASES**

*A. Farber & Partners, Inc. v. Garber*,
  234 F.R.D. 186 (C.D. Cal. 2006) .................................................................................... 12

*Ala. Hosp. Ass'n v. Beasley*,
  702 F.2d 955 (11th Cir. 1983) ........................................................................................ 10

*Bahnmiller v. Derwinski*,
  923 F.2d 1085 (4th Cir. 1991) .......................................................................................... 7

*Barry v. Bowen*,
  884 F.2d 442 (9th Cir. 1989) ............................................................................................ 9

*Bowers v. Mortg. Elec. Registration Sys., Inc.*,
  No. 10-4141-JTM, 2012 WL 13048509 (D. Kan. Sept. 7, 2012) ................................... 11

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*,
  408 F.3d 1142 (9th Cir. 2005) ........................................................................................ 13

*Coleman v. Espy*,
  986 F.2d 1184 (8th Cir. 1992) .......................................................................................... 9

*Coliseum Square Ass'n v. Jackson*,
  465 F.3d 215 (5th Cir. 2006) ............................................................................................ 7

*Feldman v. Bomar*,
  518 F.3d 637 (9th Cir. 2008) ............................................................................................ 6

*In re Campbell*,
  628 F.2d 1260 (9th Cir. 1980) .......................................................................................... 9

*Lewis v. Caesars Ent. Corp.*,
  2019 WL 1571281 (D. Nev. Apr. 11, 2019) ..................................................................... 6

*Marcus I. ex rel. Karen I. v. Dep't of Educ.*,
  2012 WL 3686188 (D. Haw. Aug. 24, 2012) .................................................................... 7

*N. Am. Factory for Tech. Advanced Aircraft, LLC v. Weatherly Aircraft Co.*,
  2016 WL 11028257 (M.D. Ga. Oct. 18, 2016) ................................................................. 7

*Pearce v. Club Med Sales, Inc.*,
  172 F.R.D. 407 (N.D. Cal. 1997) ................................................................................... 14

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- ii -

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

*Powell v. McCormack*,
   395 U.S. 486 (1969) ............................................................................................................. 6

*Rosenblum v. Blackstone*,
   2020 WL 4258580 (C.D. Cal. Apr. 21, 2020) ...................................................................... 6

*Shorter v. Baca*,
   2013 WL 12131270 (C.D. Cal. Oct. 31, 2013) ................................................................... 13

*Truong v. KPC Healthcare, Inc.*,
   2024 WL 3496865 (C.D. Cal. July 17, 2024) ..................................................................... 13

*United States v. Hardesty*,
   977 F.2d 1347 (9th Cir. 1992) .............................................................................................. 9

*United States v. Morgan*,
   533 F. Supp. 3d 106 (W.D.N.Y. 2021) ................................................................................. 9

*United States v. Oakland Cannabis Buyers' Coop.*,
   190 F.3d 1109 (9th Cir. 1999), *rev'd on other grounds*, 532 U.S. 483 (2001) ..................... 6

*United States v. Woodley*,
   9 F.3d 774 (9th Cir. 1993) .................................................................................................... 9

**RULES**

Fed. R. Civ. P. 26(b)(5)(A) ........................................................................................................ 13

Fed. R. Civ. P. 37(a)(5)(2) .......................................................................................................... 14

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- iii -

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

**INTRODUCTION**

Plaintiffs' motion to compel should be denied because the compliance discovery sought is moot. In denying Plaintiffs' motion for contempt on the basis of the National Institutes of Health's termination of a grant to Seattle Children's Hospital, the Court previously found that good cause existed for expedited discovery to determine whether the grant termination violated the Court's preliminary injunction. After the Court issued its order, which also clarified the scope of the preliminary injunction, the agency reinstated the grant in full, eliminating in its entirety the putative basis for contempt Plaintiffs had sought to investigate.

There is no longer any live compliance inquiry with regard to the grant, and Defendants properly objected to the expedited—and now purposeless—compliance discovery propounded by Plaintiffs as moot. Plaintiffs' conjecture about the connection between the now-reinstated grant's termination and the challenged EOs (which Defendants rebut here) cannot overcome this reality. Instead, Plaintiffs seek to leverage the narrow compliance discovery authorized by the Court to conduct a boundless, burdensome inquiry that now lacks a Court-authorized objective.

Moreover, Defendants' other objections have not been waived, and Plaintiffs' fee request should be rejected. Defendants respectfully request that the Court deny Plaintiffs' motion.

**BACKGROUND**

On February 21, 2025, then-Acting Director of the National Institutes of Health (NIH), Dr. Matthew Memoli, issued a Directive on NIH Priorities, entitled "Restoring Scientific Integrity and Protecting the Public Investment in NIH Awards." Dr. Matthew Memoli, NIH, *Directive on NIH Priorities* (Feb. 21, 2021), Ex. A to Decl. of Jon Lorsch, Ex. 1. The directive

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 1 -

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

stated that "NIH personnel shall conduct an internal review of all . . . existing awards" with the aim of "ensuring [that] NIH grants . . . do not fund or support low-value and off-mission research activities or projects — including," among other categories, "DEI and gender identity research activities and programs." *Id.* at 2. The directive explained that "research programs based on gender identity are often unscientific, have little identifiable return on investment, and do nothing to enhance the health of many Americans. Many such studies ignore, rather than seriously examine, biological realities." *Id.* at 1. The directive states that "[i]t is the policy of NIH not to prioritize these research programs." *Id.* And it explains, "[w]hile this description of NIH's mission is consistent with recent Executive Orders issued by the President, [the Acting Director] issued this [D]irective based on [his] expertise and experience; consistent with NIH's own obligation to pursue effective, fiscally prudent research; and pursuant to NIH authorities that exist independently of, and precede, those Executive Orders." *Id.*; *see also* Lorsch Decl. ¶ 14.

On February 28, 2025, NIH terminated a research grant previously awarded to Seattle Children's Hospital (SCH). *See* NIH Grant Termination Letter, Decl. of Kim Ahrens Ex. A, ECF No. 244-1. NIH later provided a revised Notice of Award reflecting the termination and providing $40,091 in support of "patient safety and orderly closeout of the project." Ahrens Decl. Ex. B at 6, ECF No. 244-2. The SCH grant had funded a study titled "An intervention to promote healthy relationships among transgender and gender expansive youth." NIH RePORT – RePORTER, https://perma.cc/MP9E-Q587 (Project Summary). NIH's Acting Deputy Director for Extramural Research explained that he has knowledge about the grant termination "based on personal knowledge, information contained in NIH records, and information collected through reasonable diligence from those involved in the challenged grant

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

- 2 -

termination" Lorsch Decl. ¶ 4, and "it is his understanding that NIH terminated the SCH grant in accordance with the Directive, and not pursuant to" the challenged portions of the Executive Orders." Lorsch Decl. ¶ 15.

This Court entered a preliminary injunction (PI) on the evening of February 28, 2025. The PI order "fully enjoined" all Defendants except the President "from enforcing or implementing Section 4 of [EO] 14,187 within the Plaintiff States." PI Order at 53, ECF No. 233. The order also "fully enjoined" Defendants "from enforcing Sections 3(e) or 3(g) of [EO] 14,168 to condition or withhold federal funding based on the fact that a health care entity or health professional provides gender-affirming care within the Plaintiff States." *Id.*

On March 6, 2025, Plaintiffs filed a motion for contempt. ECF No. 243. Plaintiffs claimed that the SCH grant termination violated this Court's orders. It sought an order to hold Defendants in contempt of court; and require Defendants to rescind the termination, take no further actions to defund the grant, and refrain from "tak[ing] any steps to implement, give effect to, or reinstate the enjoined provisions of [EOs] 14,187 or 14,168 under a different name or guise." Pls.' Proposed Order in Supp. of Mot. for Contempt at 2, ECF No. 243-1. Plaintiffs requested expedited discovery "to test Defendants' assertions concerning the grant termination" "[i]f this Court concludes it does not yet have sufficient facts to find Defendants in contempt" and attorney's fees in the event they prevailed on the contempt motion. ECF No. 243 at 10.

The Court denied Plaintiffs' contempt motion but granted their request for expedited discovery. March 17, 2025 Order, ECF No. 258. Specifically, "Plaintiffs' request for expedited discovery [was] granted as to the narrow issue of whether the March 4 funding revocation was carried out on the basis of the enjoined provisions in the Gender Ideology EO 'based on the fact that' either [SCH] or the study at issue 'provides gender-affirming care[.]'" *Id.* at 15.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 3 -

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

On March 19, 2025, Plaintiffs served interrogatories and requests for production (RFPs) on Defendants. *See* Hughes Decl. Ex. A, ECF No. 276-1. They also served a subpoena duces tecum (SDT) to a current NIH employee, Michelle Bulls. *See id.* Ex. B, ECF No. 276-2. The subpoena commanded Ms. Bulls to appear for a deposition one week later, on March 26, and produce documents in response to eleven document requests by that date. *Id.* Defendants agreed to make Ms. Bulls available for a deposition on April 3, 2025. On March 25, 2025, Plaintiffs served an SDT on Liza Bundesen, a former NIH employee, commanding Ms. Bundesen to appear for a deposition on April 4 and respond to ten document requests by that date. Pls.' SDT to Liza Bundesen, Ex. 2.

On March 27, 2025, in consideration of the Court's March 17, 2025 order and to avoid further disputes, NIH reinstated the SCH grant in full. *See* Notice of Reinstatement, ECF No. 267. NIH has no plans to terminate the grant again, and funding on the grant is scheduled to end in August 2025. Lorsch Decl. ¶ 16. NIH has also reinstated several other grants, including all the grants that Plaintiffs brought to NIH's attention through counsel, *id.* ¶ 17, which NIH did before Plaintiffs filed this motion. At the same time, NIH continues to award funding regardless of whether the grantee institution is providing "gender-affirming care" as defined by this Court's March 17, 2025 order. *Id.* ¶ 18.

Defendants notified Plaintiffs and the Court of the SCH grant's reinstatement and stated their position that Plaintiffs' expedited discovery requests were moot. *See id*. Plaintiffs claimed that the discovery was not moot and that, in any event, merits discovery was permitted since the parties had participated in a Rule 26(f) discovery conference. *See* Hughes Decl. Ex. F, ECF No. 276-6. The parties called the Court, and Defendants requested a conference to resolve the dispute ahead of the scheduled depositions. On April 1, 2025, the parties received an email

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 4 -

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

from the courtroom deputy stating that "the Court declines to hold a status conference at this time because the parties have already had their Rule 26(f) conference." *Id.*

On April 2, 2025, Defendants served objections to Plaintiffs' document requests contained in Plaintiffs' SDT to Ms. Bulls. On April 3, 2025, Plaintiffs deposed Ms. Bulls. On April 3, 2025, Defendants served responses and objections to Plaintiffs' document requests contained in Plaintiffs' SDT to Ms. Bundesen. On April 4, 2025, Plaintiffs deposed Ms. Bundesen. In their objections to the SDT document requests and at the outset of both depositions, Defendants objected to the discovery requests and depositions because Plaintiffs' expedited discovery requests were moot. *See, e.g.*, Hughes Decl. Ex. K, ECF No. 276-10.

On April 18, 2025, Defendants responded to Plaintiffs' first set of RFPs and interrogatories and the document requests contained in Plaintiffs' SDT to Ms. Bulls. Hughes Decl. Exs. J, K. Defendants again objected to the requests "to the extent they were served pursuant to the Court's prior grant of expedited discovery relating to Plaintiffs' motion for contempt." *See* Hughes Decl. Ex. J. ¶ 1. Defendants also, in relevant part, made specific objections on the basis of relevance, privilege, and overbreadth.

On April 23, 2025, the Court granted Defendants' request for a limited stay of proceedings pending appeal of the PI. Order, ECF No. 273. Merits discovery is stayed under this order. *See id.*

On April 25, 2025, the parties met and conferred in an attempt to resolve the instant discovery dispute. On April 28, 2025, Defendants informed Plaintiffs that they maintained their objection to Plaintiffs' expedited discovery requests as moot. On April 30, 2025, Plaintiffs filed a motion to compel. ECF No. 275.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 5 -

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

# ARGUMENT

**I.   PLAINTIFFS' PROPOUNDED DISCOVERY IS MOOT.**

"The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quotation omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

Plaintiffs' request for expedited discovery was expressly tied to their attempts to show that Defendants were in contempt because NIH terminated the SCH grant. And the Court permitted compliance discovery at that time only as to the narrow issue of the SCH grant termination. Since the Court's order on Plaintiffs' contempt motion, NIH reinstated the SCH grant in full (along with every other grant for which Plaintiffs demanded reinstatement). Once Defendants reinstated the grant, the contempt issue presented by Plaintiffs' motion became "no longer 'live,'" *id.*, rendering the dispute—including the discovery Plaintiffs served pursuant to that dispute—moot.

**A. NIH's voluntary compliance renders the contempt inquiry moot.**

"Contempt proceedings are generally imposed to coerce compliance." *Lewis v. Caesars Ent. Corp.*, 2019 WL 1571281, at *10 (D. Nev. Apr. 11, 2019). Thus, when a party voluntarily cures the alleged contempt, the opposing party's "request for the sanction of a civil contempt order is moot." *Rosenblum v. Blackstone*, 2020 WL 4258580, at *3 (C.D. Cal. Apr. 21, 2020); *see also United States v. Oakland Cannabis Buyers' Coop*. 190 F.3d 1109 (9th Cir. 1999) ("A long line of precedent holds that once a civil contempt order is purged, no live case or controversy remains for adjudication." (citation omitted)), *rev'd on other grounds*, 532 U.S.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 6 -

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

483 (2001); *N. Am. Factory for Tech. Advanced Aircraft, LLC v. Weatherly Aircraft Co.*, 2016 WL 11028257, at *2 (M.D. Ga. Oct. 18, 2016) ("Mr. Gannett, although untimely, has substantially complied with the Court's order. . . . Thus this Court finds there is no justification to hold Mr. Gannett in civil contempt at this time.").

This principle extends beyond contempt to cases about recission of official actions generally. As courts have stated in those cases, "[w]ithdrawal or alteration of administrative policies can moot an attack on those policies. *See Bahnmiller v. Derwinski*, 923 F.2d 1085, 1089 (4th Cir. 1991); *see also Coliseum Square Ass'n v. Jackson*, 465 F.3d 215, 246 (5th Cir. 2006) ("Corrective action by an agency can moot an issue.").

Here, after the Court issued its order clarifying the scope of its preliminary injunction, ECF No. 258, and to avoid further dispute about the issue, NIH voluntarily reinstated the SCH grant. The question of whether or how NIH is permitted to terminate that grant under this Court's preliminary injunction is therefore without import, and there is no action by NIH to be coerced. The compliance discovery Plaintiffs seek is therefore moot. *See Marcus I. ex rel. Karen I. v. Dep't of Educ.*, 2012 WL 3686188, at *5 (D. Haw. Aug. 24, 2012) ("Marcus's contempt motion is DENIED as moot. The purpose of holding a party in civil contempt is to coerce compliance with a court order. There is no action to be coerced in the present case because, as Marcus concedes, the DOE has substantially [complied].").

**B. Plaintiffs cannot prevent mootness by requesting monetary sanctions.**

Plaintiffs' vague reference to "monetary sanctions" is insufficient to keep their contempt inquiry live. None of the monetary sanctions cases Plaintiffs cite arose in the contempt context, but instead involved issues like discovery sanctions under Rule 37 or attorney sanctions under Rule 11. *See* ECF No. 275, at 6–7. To the extent Plaintiffs mean that

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 7 -

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

they could seek Rule 37 or Rule 11 sanctions in this case, they did not raise such claims in their motion for contempt, and therefore such issues could not keep their contempt discovery live.[1]

Plaintiffs primarily rest their potential sanctions theory on whether "Defendants made misrepresentations to the Court in opposing the contempt motion" by "claim[ing] that 'NIH terminated this grant using its preexisting authority, without reference to either EO.'" *Id.* at 6 (quoting Defs.' Opp. at 6, ECF No. 253). NIH stands by its statement, and explains in the attached declaration that the SCH grant was terminated pursuant to an NIH policy directive. Lorsch Decl. ¶ 15.[2] But this newly-raised issue cannot keep Plaintiffs' contempt inquiry live regardless, because it was not the basis of the contempt motion in which Plaintiffs requested and received expedited compliance discovery. Plaintiffs' contempt motion contended that the Court's "[g]ood cause" for the requested discovery was "ensur[ing] compliance with its orders."  ECF No. 243 at 5; *see also id.* at 10 (contending that the Court should "permit Plaintiffs expedited discovery" "[i]f this Court concludes it does not yet have sufficient facts to find Defendants in contempt"). That Plaintiffs may now want discovery for other reasons is not a basis to keep their contempt inquiry live.

In all events, monetary sanctions are an improper purpose for Plaintiffs' compliance discovery because the United States is immune from them. "Money awards can be imposed against the United States only if there has been an express waiver of sovereign immunity," and the Ninth Circuit has not "found[] anything which suggests that the United States expressly has

---

[1] Defendants address Plaintiffs' Rule 37 request for attorney's fees for bringing this motion to compel *supra* Sec.III.

[2] As set out in the declaration, neither of the documents Plaintiffs claim to have received from a current NIH employee is to the contrary. *See* Lorsch Decl. ¶¶ 19–24. Nor do Plaintiffs cite anything to the contrary in the testimony of Ms. Bulls or Ms. Bundesen.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 8 -

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

waived its sovereign immunity with respect to contempt sanctions." *Barry v. Bowen*, 884 F.2d 442, 443 (9th Cir. 1989). Although the Circuit later stated that courts have a supervisory power to impose monetary sanctions against the government "to remedy a violation of recognized statutory, procedural, or constitutional rights," *United States v. Woodley*, 9 F.3d 774, 782 (9th Cir. 1993), the Circuit's prior decision in *Barry* controls. *See United States v. Hardesty*, 977 F.2d 1347, 1347 (9th Cir. 1992). Moreover, contempt is not a proceeding regarding "recognized statutory, procedural, or constitutional rights." 9 F.3d at 782; *see also id.* ("revers[ing] the court-imposed sanctions against the government" and stating that courts should consider "alternatives to monetary sanctions"); *Coleman v. Espy*, 986 F.2d 1184, 1192 (8th Cir. 1992).

### C. The voluntary cessation doctrine does not apply.

Plaintiffs provide no authority suggesting that the voluntary cessation doctrine applies to a dispute over contempt, and it is unclear how it could apply, as Defendants cannot be brought into compliance as to an action they have already rescinded. Instead, as one court concluded:

> [A] contempt motion is not the proper forum in which to litigate hypothetical future violations of the Stipulated Orders. If such violation occurs, the issue may be brought to the Court's attention and appropriate relief may be sought at that time . . . . But the Court is not going to speculate at this juncture as to what may occur in the future.

*United States v. Morgan*, 533 F. Supp. 3d 106, 113 (W.D.N.Y. 2021). The Ninth Circuit has stated that it takes a "near-certainty of repetition" to cast aside the rule that the "purging of the contempt orders moot[s]" the issue. *In re Campbell*, 628 F.2d 1260, 1261–62 (9th Cir. 1980).

Even if the Court were to apply the voluntary cessation doctrine to contempt proceedings, it should still deny Plaintiffs' motion because there is no reasonable basis to believe that NIH will re-terminate the SCH grant during the pendency of the PI. The "mere

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 9 -

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

possibility" that an agency might reoffend "does not, for purpose of mootness, enliven the controversy." *Ala. Hosp. Ass'n v. Beasley*, 702 F.2d 955, 961 (11th Cir. 1983). As set out in the accompanying declaration, NIH has no plans to terminate the grant, which is set to naturally expire in a few months. Lorsch Decl. ¶ 16. Plaintiffs' accusation that Defendants did not restore the grant immediately upon being made aware of it elides an important, intervening event: this Court's order explicating the scope of its preliminary injunction. *See* ECF No. 258. While NIH continues to believe that the grant termination did not violate the PI, NIH reinstated it in an abundance of caution and to avoid further disputes in the wake of the Court's order. There is no reasonable expectation that NIH will reanimate the dispute now.

Plaintiffs' unsupported accusation that Defendants "continue to violate the PI via multiple new grant terminations," ECF No. 275 at 7, cannot save their argument, and in fact Defendants' actions undermine Plaintiffs' position.[3] As Plaintiffs concede, *see id.* at 4, and as set out in the accompanying declaration, Defendants have worked cooperatively to reinstate every grant for which Plaintiffs have demanded reinstatement to date. *Id.* ¶ 17. Nothing about this course of conduct suggests that NIH will re-terminate the SCH grant, and instead suggests that NIH is working to minimize compliance disputes. In all events, the Court specifically denied Plaintiffs' request for expanded compliance discovery into other grants, making such questions irrelevant to this motion. *See* ECF No. 258 at 15 n.5.

---

[3] Plaintiffs wrongly characterize the CDC grant terminations Defendants disclosed as "in violation of this Court's TRO," ECF No. 275 at 4, when in fact those grant terminations occurred before Plaintiffs filed this action, and all grants were reinstated prior to the Court's TRO, *see* ECF No. 272.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 10 -

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

**D. Plaintiffs wrongly contend that the Court has already ruled on mootness.**

Plaintiffs insinuate that the Court has already rejected Defendants' mootness argument, but the Court has not done so. As the Court is aware, Defendants contacted the Court on March 31, 2025, to obtain a ruling on this issue. *See* Hughes Decl. Ex. F. The Court declined to hold a status conference at that time on because the parties had already had their Rule 26(f) conference, and did not rule on the mootness issue. *See id.* Defendants did not provide mootness arguments in their motion for a stay of proceedings, which was aimed at the merits. And Defendants made clear in that motion that they were not proposing "to stay any ancillary proceedings regarding compliance." Mot. for Stay at 2, ECF No. 263. Nothing about the Court's stay order, which only mentioned the compliance discovery to exempt it from the stay (as Defendants had expressly requested), addressed the separate, unbriefed question of whether the compliance proceedings were moot. *See* ECF No. 273. That order is therefore not fairly read to "reiterat[e] that Plaintiffs remain entitled to take" compliance discovery at this time. ECF No. 275 at 1.

## II. DEFENDANTS' OTHER OBJECTIONS WERE PROPER.

### A. Defendants' mootness and other objections were not boilerplate.

Defendants' other objections were clearly explained and do not constitute waiver. In objecting that Plaintiffs' expedited discovery requests were not "relevant to the claims and defenses in this case," Defendants were responding to Plaintiffs' alternative argument as to mootness: their contention that their requests were proper as part of merits discovery in light of the parties' Rule 26(f) conference. *See* Hughes Decl. Ex. F at 2 (contending that "the parties' Rule 26(f) conference has now occurred such that discovery would be proper even if the Court had not ordered expedited discovery"); *Bowers v. Mortg. Elec. Registration Sys., Inc.*, No. 10-4141-JTM, 2012 WL 13048509, at *1 (D. Kan. Sept. 7, 2012) (The "nature of defendants'

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 11 -

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

1  Objections . . . must be viewed in the context of the present action."). Given that merits

2  discovery is stayed, however, the Court need not evaluate this objection.[4]

3      Defendants' other specific objections, meanwhile, are adequately supported.

4  Defendants' overbreadth objection to Request 9 of Ms. Bulls's SDT is straightforward:

5  Defendants objected on that basis because the request "seeks documents 'related to or

6  referencing' aspects of the referenced Executive Orders not at issue in Plaintiffs' Amended

7  Complaint." Hughes Decl. Ex. K at 6. Similarly, Defendants' objection to Request 10 of Ms.

8  Bulls's SDT is sufficiently specific. That request, which sought all communications between

9  Ms. Bulls and "anyone affiliated with the Department of Government Efficiency," was

10 objectionable because "'any person affiliated with the Department of Government Efficiency'

11 is vague and ambiguous" and therefore the request "imposes a requirement on the responding

12 party to undertake a review of information and make determinations that are not apparent on

13 the face of the documents being requested." *Id.* at 6–7.

14     Moreover, Defendants' privilege objections are fully intelligible. Defendants objected

15 to requests seeking "all drafts" of certain agency documents as definitionally seeking privileged

16 information and specified applicable privileges. *See, e.g.*, Hughes Decl. Ex. J, at 6. And

17 Defendants objected to other discovery requests, such as those seeking "all documents" relating

18 to the agency's statements in the grant termination letter or "all communications" relating to

19 various agency documents, insofar in that these broad requests sought privileged information. If

20 this Court concludes that Plaintiffs' compliance discovery is live, Defendants will produce a

---

[4] And even to the extent the Court finds the objections to be "boilerplate," the objections are not waived. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 193 (C.D. Cal. 2006).

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 12 -

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

1  privilege log that substantiates these privilege assertions. *See Burlington N. & Santa Fe Ry. Co.*

2  *v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

3  There is no basis to conclude that Defendants waived the objections they raised.

4  **B.  Lack of a privilege log does not waive privilege objections.**

5  Plaintiffs argue that Defendants waived their privilege objections by failing to produce a

6  privilege log along with their objections. But Defendants are not required to submit a privilege

7  log when Defendants have objected to the discovery requests in full as moot. Defendants

8  lodged secondary objections to many of Plaintiffs' requests as seeking information protected by

9  various privileges. As the court explained in *Truong v. KPC Healthcare, Inc.*, 2024 WL

10 3496865 (C.D. Cal. July 17, 2024), Defendants have no obligation to produce a privilege log in

11 such a context:

12 > Plaintiff asks the Court to deem the attorney-client privilege objection waived, because Defendants have not submitted a privilege log describing the documents withheld on privilege grounds. … Rule 26 . . . requires parties "withholding *otherwise discoverable* information" on the ground of privilege to produce information concerning the nature of the documents withheld on privilege grounds. Fed. R. Civ. P. 26(b)(5)(A) (emphasis added). The KPC Defendants maintained their position that the documents responsive to the challenged RFPs were not otherwise discoverable. Under those circumstances, they had no obligation to produce a privilege log.

17 *Id.* at *4; *see also Shorter v. Baca*, 2013 WL 12131270, at *2 (C.D. Cal. Oct. 31, 2013).

18 Plaintiffs cite *Burlington* as authority for waiving Defendants' privilege objections.

19 However, that court specifically "reject[ed] a *per se* waiver rule that deems a privilege waived

20 if a privilege log is not produced within Rule 34's 30-day time limit." *Burlington N*, 408 F.3d at

21 1149 . Producing a privilege log here defies logic and would be wholly unnecessary when

22 Defendants' position is the entire basis for compliance discovery is moot and Plaintiffs are not

23 entitled to obtain compliance or merits discovery at this time.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 13 -

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

### III. PLAINTIFFS ARE NOT ENTITLED TO ATTORNEY'S FEES.

Plaintiffs' request for attorney's fees in connection with their motion to compel should be denied because their motion to compel should be denied. And even if this Court grants Plaintiffs' motion, it should still decline to award fees because Defendants' positions are substantially justified. Fed. R. Civ. P. 37(a)(5)(2). This is not a situation where "the vast bulk of legal authority was against [Defendants'] position, and there are no circumstances evident which would make an award of expenses unjust." *Pearce v. Club Med Sales, Inc.*, 172 F.R.D. 407, 411 (N.D. Cal. 1997). Rather, Defendants' positions are grounded in applicable legal principles and the context of this Court's grant of expedited discovery. Therefore, Plaintiffs' request for fees should be denied.[5]

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel should be denied.

DATED: May 15, 2025                    Respectfully submitted,

                                       YAAKOV M. ROTH
                                       Acting Assistant Attorney General
                                       Civil Division

                                       MICHELLE BENNETT
                                       Assistant Branch Director
                                       Federal Programs Branch

                                       */s/ DRAFT*
                                       VINITA B. ANDRAPALLIYAL
                                       Senior Counsel (NY Bar Reg. No. 5231667)
                                       CHRISTIAN S. DANIEL (DC Bar No. 1600226)
                                       ROBERT C. BOMBARD (CO Bar No. 45388)
                                       Trial Attorneys

---

[5] If this Court decides to award attorneys' fees, Defendants request the opportunity to address the appropriate fee amount after Plaintiffs complete their submission by providing timesheets.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 14 -

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 305-0845
Fax: (202) 616-8460
vinita.b.andrapalliyal@usdoj.gov
christian.s.daniel@usdoj.gov
robert.bombard2@usdoj.gov

*Attorneys for Defendants*

*I certify that this memorandum contains 4,200 words, in compliance with the Local Civil Rules.*

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LJK

- 15 -

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, I electronically filed the foregoing Opposition to Plaintiffs' Motion to Compel Discovery using this Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: May 15, 2025            */s/ Vinita B. Andrapalliyal*
                               VINITA B. ANDRAPALLIYAL

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-00141 (JLR)

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**