# Exhibit 2

The Honorable Lauren King

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:25-cv-00244-LK |
| Plaintiffs, | SUBPEONA DUCES TECUM FOR DOCUMENTS AND TESTIMONY IN A CIVIL CASE |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

TO:     LIZA BUNDESEN

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or tangible things at the place, date, and time specified below:

**See Exhibit A, attached hereto.**

| PLACE OF TESTIMONY: | COURTROOM: |
|---|---|
| 1029 Vermont Ave NW, 10th Floor Washington, DC 20005 | N/A |
| | DATE AND TIME: April 4, 2025; 9:00 a.m. EST |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Your testimony will be recorded stenographically. Your deposition is subject to continuance or adjournment from time to time and place to place until completed.

SUBPOENA DUCES TECUM FOR DOCUMENTS AND TESTIMONY IN A CIVIL CASE
NO. 2:25-cv-00244-LK

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1  Any organization not a party to this suit that is subpoenaed for the taking of a deposition
2  shall designate one or more officers, directors, or managing agents, or other persons who consent
3  to testify on its behalf, and may set forth, for each person designated, the matters on which the
4  person will testify. Fed. Rule Civ. Pro. 30(b)(6). The topics to be addressed during the deposition
5  include:
6  **See Exhibit A, attached hereto.**

| PLACE OF DEPOSITION:<br>1029 Vermont Ave NW, 10th Floor<br>Washington, DC 20005 | DATE AND TIME:<br>April 4, 2025; 9:00 a.m. EST |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE:<br><br>*/s/ William McGinty*<br>WILLIAM MCGINTY, WSBA #41868<br>Assistant Attorney General | DATE:<br>March 25, 2025 |
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER:<br><br>William McGinty, WSBA #41868<br>Counsel for Plaintiff State of Washington<br>Office of the Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>(206) 464-7744 | |

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

# EXHIBIT A

# DEFINITIONS

For purposes of this Subpoena, the following terms shall have the following meaning:

1. "Communication" shall mean any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means, including, but not limited to, verbal expression, gesture, writings, documents, language (machine, foreign, or otherwise) of any kind, computer electronics, email, SMS, MMS or other "text" messages, messages on "social networking" sites (including but not limited to Facebook, Google+, MySpace and Twitter/X), shared applications from cell phones, "smartphones," netbooks and laptops, sound, radio, or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm or by any other means. "Communications" includes, without limitation, all originals and copies of documents reflecting inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, press, publicity or trade releases and the like that were provided by you to another entity or to you by others.

2. "Document" shall mean any writing, recording, drawing, graph, chart, photograph, sound recording, image, and other data or data compilation, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, including all drafts, prior versions, metadata, proofs and non-identical copies of any requested document, whether electronic, hand-written, typed, printed or otherwise. "Document" is defined broadly to include all writings of any kind or nature, of a written or graphic matter, however produced or reproduced, whether created on hard copy or electronically, of any kind or description, whether or not sent or received, all copies thereof that are different in any way from the original (whether by interlineations, receipt stamp, notation, indication of copy sent or received or otherwise).

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

3. "Employee" shall mean and include, but is not limited to, all current or former salaried employees, hourly employees, independent contractors, and individuals performing work as temporary employees.

4. "Person" shall mean any natural person or such person's legal representative; any partnership, domestic or foreign corporation, or limited liability company; any company, trust, business entity, or association; and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, or trustee.

7. "You" shall mean Liza Bundesen; "your" shall mean belonging to or associated with Liza Bundesen.

8. "Relevant Time Period" unless otherwise defined, shall mean January 20, 2025 to present.

## REQUESTS FOR PRODUCTION

1. All documents relating to the termination of National Institutes of Health research grants relating to trans issues or gender identity.

2. All drafts in your possession, custody, or control of the document titled "Staff Guidance –Award Assessments for Alignment with Agency Priorities – March 2025" referenced in in the March 6, 2025, article published by the journal "Nature" titled "Exclusive: NIH to terminate hundreds of active research grants" authored by Max Kozlov and Smriti Mallapaty.

3. All communications made to or by you related to the documents identified in Requests for Production 1 and 2.

4. All documents, including communications made to or by you, related to the termination of NIH Grant No. 5R21HD107311.

5. All documents related to NIH's claims that "Research programs based on gender identity are often unscientific, have little identifiable return on investment, and do nothing to enhance the health of many Americans. Many such studies ignore, rather than seriously examine, biological realities."

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

6. All documents related to NIH's claim that "It is the policy of NIH not to prioritize these research programs."

7. All documents that include descriptions of policies, procedures, or guidance regarding termination of NIH grants dated between January 20, 2025 and March 6, 2025.

8. All documents including communications, policy statements, or guidance documents related to or referencing Executive Order 14,168, titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," or Executive Order 14,187, titled "Protecting Children from Chemical and Surgical Mutilation."

9. All communications between you and any person(s) affiliated with the Department of Government Efficiency, related to NIH grant funding.

10. A copy of your current CV and/or resume.

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be served, via electronic mail, on the following:

Vinita B. Andrapalliyal
Senior Counsel
Christian S. Daniel
Trial Attorney
United State Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Vinita.B.Andrapalliyal@usdoj.gov
Christian.S.Daniel@usdoj.gov
*Attorneys for Defendants*

I declare, under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct.

DATED this 25th day of March 2025, at Olympia, Washington.

*/s/ William McGinty*
WILLIAM MCGINTY, WSBA #41868
Assistant Attorney General

SUBPOENA DUCES TECUM FOR
DOCUMENTS AND TESTIMONY
IN A CIVIL CASE
NO. 2:25-cv-00244-LK

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744