1

2

3

4

5

6

7

8

The Honorable Lauren King

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9

10

11

12

13

14

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:25-cv-00244-LK |
| Plaintiffs, | PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | NOTE ON MOTION CALENDAR: Wednesday, May 21, 2025 |
| Defendants. | |

15

16

17

18

19

20

21

22

23

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

1

## TABLE OF CONTENTS

2   I.    INTRODUCTION.................................................................................................... 1

3   II.   ARGUMENT ........................................................................................................... 1

4         A.   Plaintiffs' Discovery Requests Are Not Moot ............................................... 1

5         B.   None of Defendants' Remaining Objections Justify Their Failure to Respond ........ 4

6              1.   Defendants largely concede their relevance objections ...................... 4

7              2.   Defendants' privilege objections, even if preserved, are unsupportable........... 6

8         C.   Plaintiff States Are Entitled to Their Fees for Bringing this Motion........................ 6

9   III.  CONCLUSION ........................................................................................................ 7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# I.    INTRODUCTION

Defendants refused to respond to Court-ordered discovery. Now they largely concede that their relevance and privilege objections are inadequate. But they insist they can choose not to respond because they have decided the discovery is moot. They are wrong. As this Court recently confirmed, Plaintiffs' contempt-related discovery remains live, and Defendants cannot short-circuit discovery by belatedly un-doing their termination of Dr. Ahrens' grant. Despite Defendants' effort to craft a *per se*, contempt-specific rule of mootness, Plaintiffs' request for monetary sanctions means this remains a live dispute, particularly in light of Defendants' continued terminations of grants following this Court's preliminary injunction. Moreover, it is up to this Court alone to excuse Defendants' compliance with Court-ordered discovery. Defendants cannot unilaterally refuse to respond. This Court should grant Plaintiffs' Motion to Compel and award Plaintiffs their fees in bringing it.[1]

# II.    ARGUMENT

## A.    Plaintiffs' Discovery Requests Are Not Moot

Whether HHS acted in contempt of this Court's PI order remains a live issue—as this Court already recognized. Dkt. #273 p.8. This is so for at least two reasons: (1) because Plaintiffs' request for monetary contempt sanctions remains live and (2) because Defendants' decision to reinstate a grant before this Court decided the ultimate contempt issue (while continuing to terminate other grants) does not divest this Court of jurisdiction over Plaintiffs' contempt motion.

Defendants nonetheless suggest there is a *per se* rule that contempt motions necessarily become moot where the specific contemptuous conduct has abated. Dkt. #279 pp.10-11. This is both legally and factually wrong.

---

[1] Defendants failed to sign their Opposition as required by Federal Rule 11(a). Although the rule provides that "[t]he court *must* strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention," (emphasis added), in the interest of promptly resolving this discovery dispute, Plaintiffs do not object to the Court's consideration of Defendants' unsigned brief.

PLS.' REPLY ISO MOT. TO COMPEL DISC.
NO. 2:25-cv-00244-LK

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

1    As a legal matter, a live request for monetary relief forecloses mootness. *See, e.g.*,

2    *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002). *Rosenblum*, on which

3    Defendants rely, neatly illustrates this proposition. There, the district court determined that

4    plaintiff's motion was moot precisely because, as "a pro se prisoner, [he] cannot obtain monetary

5    sanctions." *Rosenblum v. Blackstone*, SA CV 18-966-JVS(E), 2020 WL 4258580, at *3 (C.D.

6    Cal. Apr. 21, 2020) (citing cases). Same with *Oakland Cannabis Buyers' Cooperative. United*

7    *States v. Oakland Cannabis Buyers' Coop.*, 190 F.3d 1109, 1112-13 (9th Cir. 1999), *rev'd on*

8    *other grounds*, 532 U.S. 483 (2001) (holding that appeal from a purged contempt order was moot

9    where "[t]he court neither fined nor jailed members of OCBC as a result of the contempt"). For

10    the reasons Plaintiffs have already detailed, they may be entitled to monetary sanctions in the

11    form of attorneys' fees if Defendants contemptuously violated this Court's PI order.

12    Dkt. #254 pp.8-9.

13    Defendants protest that Plaintiffs "did not raise" monetary sanctions "in their motion for

14    contempt, and therefore such issues cannot keep their contempt discovery live." Dkt. #279

15    pp.11-13. This is a strange claim to make when Defendants' contempt opposition explicitly

16    argued against the monetary sanctions Plaintiffs sought and still seek. Dkt. #253 pp.14-15

17    (arguing that "[t]he Court should not award attorneys' fees"). If and when discovery confirms

18    the seemingly obvious fact that Defendants terminated grants in violation of this Court's PI,

19    Plaintiffs will return to this Court seeking the considerable fees it has undertaken to get

20    Dr. Ahrens' grant reinstated and to hold the government to account.

21    Defendants' arguments also fail as a factual matter because NIH only reinstated

22    Dr. Ahrens' grant *after* Plaintiffs moved for contempt, and even then, continued to terminate

23    grants that it determined promoted "gender ideology." Dkt #275 pp.6-7. In other words, NIH has

24    continued to violate the PI. Even so, Defendants' urge this Court to disregard its termination of

25    these other grants as "irrelevant," and also insist that these terminations shouldn't be held against

26    them because each of the other eight *additional* times Plaintiffs caught them, Defendants

PLS.' REPLY ISO MOT. TO COMPEL
DISC.
NO. 2:25-cv-00244-LK                    2                    ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

1   capitulated and reinstated the grants. Dkt. #279 p.14. But there is no rule of law or equity that

2   requires Plaintiffs or this Court to indulge Defendants in their game of whack-a-mole.

3       All of this aligns with this Court's prior recognition that "necessary and jurisdictionally

4   proper proceedings regarding the scope or enforcement of the preliminary injunction, including

5   the limited discovery this Court has already ordered" are proper to ensure that the Court's

6   preliminary injunction continues to protect the Plaintiffs. Dkt. #273 p.8. Whether Defendants

7   have a plan or policy to terminate grants to institutions providing gender-affirming care, and the

8   basis of any such plan or policy, is necessary to learn so that Plaintiffs can protect themselves

9   against exactly the conduct this lawsuit was instituted to prevent and the Court's preliminary

10   injunction enjoins. Defendants' refusal to respond substantively to compliance-related discovery

11   keeps the Plaintiffs and the Court in the dark, robbing the Court's injunction of its intended

12   effect.

13       Defendants also suggest there is no reason for discovery into the basis for their

14   termination of Dr. Ahrens' grant (or any other grants), because they have now introduced a

15   document from NIH's former acting Director, Dr. Matthew Memoli, that purports to show that

16   NIH didn't cancel grants pursuant to the EOs, they merely adopted an internal policy that

17   coincidentally followed the EOs precisely. *Id.* But Dr. Memoli's self-serving memo—which is

18   seemingly contradicted by internal documents, Dkt. #276-4, Dr. Memoli's own subsequent

19   memo, Dkt. #276-5, White House reports, Dkt. #278-2, deposition testimony that grant

20   termination decisions came from outside NIH, Dkt. #276-7 pp.20:1-5; 26:13-30:1; 33:24-34:10;

21   39:8-42:24; Dkt. #276-8 pp.10:3-11:24, and common sense—is precisely the sort of thing that

22   demands further discovery. At a minimum, in addition to obtaining answers to the discovery

23   they already brought, Plaintiffs will now likely need depositions of Dr. Memoli and Dr. Lorsch.[2]

24   _____

25   [2] Defendants' declarant, Dr. Lorsch, is now acting in the same role that Dr. Liza Bundesen previously
     occupied. Dr. Bundesen was in that role at the time Dr. Memoli's memo was purportedly drafted. But in her

26   deposition, Dr. Bundesen testified that termination decisions came from DOGE, not NIH; she made no mention of
     the Memoli memo and testified that she did not know how termination decisions were made, was not aware of

1  Defendants cannot resist Plaintiffs' discovery by introducing evidence that requires testing via

2  the very discovery Plaintiffs seek.

3          Here the evidence shows not only that Defendants terminated grants in violation of this

4  Court's order, but that they may have subsequently misrepresented the circumstances

5  surrounding those terminations to the Court. Discovery remains appropriate to determine

6  whether Defendants' conduct merits sanctions.

7          Finally, whether or not Plaintiffs may ultimately be entitled to a contempt finding or

8  sanctions, the discovery at issue in this motion is clearly not moot in any jurisdictional sense.

9  The Court specifically ordered that Plaintiffs may take it and re-affirmed as much in its recent

10  stay order. That is entirely within the Court's power—and Defendants' make no argument to the

11  contrary. Given this Court's clear direction, Defendants cannot unilaterally determine they'd

12  rather not do discovery.

13  **B.      None of Defendants' Remaining Objections Justify Their Failure to Respond**

14          As detailed in Plaintiffs' motion, Defendants' naked objections come nowhere near

15  justifying their total failure to respond to discovery—indeed, they don't even suffice to preserve

16  Defendants' objections. Dkt. #275 pp.9-10. Defendants' Opposition fails to fix the problem.

17          **1.      Defendants largely concede their relevance objections**

18          To start, Defendants make no effort to explain their relevance objections. Instead, they

19  claim their relevance objections only applied to the extent Plaintiffs' discovery requests were

20  construed as merits discovery, rather than compliance discovery. Dkt. #279 p.15. Thus,

21  Defendants appear to concede that Plaintiffs' requests are relevant for the compliance purpose

22  for which they were promulgated. And even if they had not, their failure to substantively justify

23  them operates as a concession as well. *See Kuykendall v. Les Schwab Tire Ctrs. of Wash., Inc.*,

24  2:20-CV-00154-SMJ, 2021 WL 6275066, at *2 (E.D. Wash. June 30, 2021).

25

26  anyone at NIH having input into terminations, and was not aware of any NIH policy not to fund research into
gender-affirming care. Dkt. #276-8 pp.9:19-23; 10:3-11:24; 16:10-16.

1      Defendants offer argument on only two of their relevance objections, to Requests 9 and

2    10 of the Bulls SDT. Dkt. #279 p.16. Request 9 seeks "[a]ll documents in your possession,

3    custody, or control, including communications, policy statements or guidance documents related

4    to or referencing Executive Order 14,168 . . . or Executive Order 14,187[.]" Dkt. #276-11 p.7. It

5    is hard to imagine what documents Defendants might have in mind that relate only to irrelevant

6    portions of the EOs. They certainly don't indicate what, if anything, they contend falls into this

7    bucket, as they were required to do. But more broadly, to the extent Defendants contend this is

8    overbroad insofar as it covers "aspects of the referenced Executive Orders not at issue in

9    Plaintiffs' Amended Complaint," Dkt. #279 p.16 (quoting *id.*), that doesn't explain what

10   Defendants actually did, which was refuse to respond *at all.*

11     Request 10 seeks "[a]ll communications between [Ms. Bulls] and any person(s) affiliated

12   with the Department of Government Efficiency, related to NIH grant funding." Dkt. #276-11

13   p.7. Here, Defendants object that "'any person affiliated with the Department of Government

14   Efficiency' is vague and ambiguous" and therefore the request "imposes a requirement . . . to

15   undertake a review of information and make determinations that are not apparent on the face of

16   the documents being requested." *Id.* pp.7-8. That is, Defendants would have this Court believe

17   that Ms. Bulls had no way of knowing *who* in her email inbox was affiliated with DOGE, and

18   indeed, that the burden in trying to figure that out justifies a complete refusal to provide

19   documents. Except Ms. Bulls' own testimony indicates that she was well aware when DOGE

20   affiliates were included on emails she received. Dkt #276-7 pp.18:24-19:6; 20:3-14 (recalling

21   specific email related to grant terminations where DOGE personnel was copied). And on top of

22   that, the notion that the Department of Justice doesn't know or can't figure out the names of

23   DOGE employees, is absurd on its face. All to say, to the very limited extent Defendants try to

24   defend their objections, they fall flat.

25

26

PLS.' REPLY ISO MOT. TO COMPEL
DISC.
NO. 2:25-cv-00244-LK

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

**2.      Defendants' privilege objections, even if preserved, are unsupportable**

On privilege, Defendants suggest it should be obvious that Plaintiffs requests sweep in some privileged material, and thus their objections were adequate. Dkt. #279 pp.16-17. This misses the point entirely. Even if some requests can be read to include some privileged material, Defendants must—obviously—still produce the non-privileged materials. There is no doubt such materials exist. Dkt. #275 pp.12-14. And for any documents that Defendants contend are covered by privilege, they must produce a log to support those privilege claims and give Plaintiffs an opportunity to challenge. Fed. R. Civ. P. 26(b)(5). Defendants here went 0 for 2: they failed to produce non-privileged documents and failed to produce a log. Given Defendants' dismissive refusal to follow the rules in responding to Court-ordered discovery or to defend its overbroad privilege assertions, this Court is well within its discretion to find that Defendants have waived their objections. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (concluding that whether privilege is waived should be evaluated "in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process"). But even if this Court finds Defendants have preserved these objections, Defendants must still produce non-privileged documents and a log.

**C.      Plaintiff States Are Entitled to Their Fees for Bringing this Motion**

Defendants contend their refusal to respond to Court-ordered discovery was "substantially justified." Dkt. #279 p.18. Nonsense. Defendants' refusal and threadbare objections violate at least two Court orders, clear dictates of the Federal Rules of Civil Procedure, and basic tenets of discovery. There is no justification for their cavalier disregard in this case. This Court should award the State its fees.

Defendants request that, if this Court awards fees, they have an "opportunity to address the appropriate fee amount after Plaintiffs complete their submission by providing timesheets." Dkt. #279 p.18 n.5. Plaintiffs' timesheets are provided along with this Reply. *See* Supp. Decl.

PLS.' REPLY ISO MOT. TO COMPEL DISC.
NO. 2:25-cv-00244-LK                                              6                    ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

1  Bowers Ex. A. Plaintiffs do not object to a short sur-reply to permit Defendants to respond to

2  Plaintiffs' evidence of attorneys' fees.

### III.    CONCLUSION

4    The Court should grant Plaintiffs' motion to compel discovery.

5    DATED this 21st day of May 2025.

6                                          I certify that this memorandum contains 2,082
                                           words, in compliance with the Local Civil Rules.

8                                          NICHOLAS W. BROWN
                                           Attorney General of Washington

9                                          _/s/ Andrew Hughes_____
10                                         WILLIAM MCGINTY, WSBA #41868
                                           CYNTHIA ALEXANDER, WSBA #46019
11                                         TERA HEINTZ, WSBA #54921
                                           ANDREW R.W. HUGHES, WSBA #49515
12                                         NEAL LUNA, WSBA #34085
                                           CRISTINA SEPE, WSBA #53609
13                                         LUCY WOLF, WSBA #59028
                                           Assistant Attorneys General
14                                         800 Fifth Avenue, Suite 2000
                                           Seattle, WA 98104-3188
15                                         360-709-6470
                                           William.McGinty@atg.wa.gov
16                                         Cynthia.Alexander@atg.wa.gov
                                           Tera.Heintz@atg.wa.gov
17                                         Andrew.Hughes@atg.wa.gov
                                           Neal.Luna@atg.wa.gov
18                                         Cristina.Sepe@atg.wa.gov
                                           Lucy.Wolf@atg.wa.gov
19                                         _Attorneys for Plaintiff State of Washington_

20                                         _/s/ Colleen Melody_____
21                                         LAURYN K. FRAAS, WSBA #53238
                                           COLLEEN MELODY, WSBA #42275
22                                         Assistant Attorneys General
                                           800 Fifth Avenue, Suite 2000
23                                         Seattle, WA 98104-3188
                                           360-709-6470
24                                         Lauryn.Fraas@atg.wa.gov
                                           Colleen.Melody@atg.wa.gov
25                                         _Attorneys for Physician Plaintiffs 1-3_

26

PLS.' REPLY ISO MOT. TO COMPEL
DISC.
NO. 2:25-cv-00244-LK

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

KEITH ELLISON
Attorney General of Minnesota

*/s/ James W. Canaday*
JAMES W. CANADAY (admitted pro hac vice)
Deputy Attorney General
445 Minnesota St., Ste. 600
St. Paul, Minnesota 55101-2130
651-757-1421
james.canaday@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*


DAN RAYFIELD
Attorney General of Oregon

*/s/ Allie M. Boyd*
ALLIE M. BOYD, WSBA #56444
Senior Assistant Attorney General
Trial Attorney
1162 Court Street NE
Salem, OR 97301-4096
503-947-4700
allie.m.boyd@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

PHIL WEISER
Attorney General of Colorado

*/s/ Shannon Stevenson*
SHANNON STEVENSON (admitted pro hac vice)
Solicitor General
LAUREN PEACH (admitted pro hac vice)
First Assistant Attorney General
Office of the Colorado Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6000
shannon.stevenson@coag.gov
lauren.peach@coag.gov
*Attorneys for Plaintiff State of Colorado*

PLS.' REPLY ISO MOT. TO COMPEL
DISC.
NO. 2:25-cv-00244-LK

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744