The Honorable Lauren King

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

STATE OF WASHINGTON, *et al*.,

                        Plaintiffs,

             v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al*.,

                      Defendants.

No. 2:25-cv-00244-LK

**DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL**

Noted For Consideration:
August 25, 2025

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>INTRODUCTION</u>

Pursuant to Federal Rule of Civil Procedure 62, Defendants respectfully move for a stay pending appeal of the Court's February 28, 2025 order. *See*, Order Granting in Part and Denying In Part Mot. for Prelim. Inj., ECF. No. 233 ("PI Order").  The order enjoins Defendants "from enforcing or implementing Section 4 of Executive Order 14,187[,]" *Protecting Children from Chemical and Surgical Mutilation*, 90 Fed. Reg. 8771 (Feb. 3, 2025), "within the Plaintiff States" and "from enforcing Sections 3(e) or 3(g) of Executive Order 14,168[,]" *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8615 (Jan. 30, 2025), "to condition or withhold federal funding based on the fact that a health care entity or health professional provides gender-affirming care within the Plaintiff States." PI Order at 53.[1]

A stay pending appeal is necessary because three recent Supreme Court decisions undermine this Court's determination that Plaintiffs are likely to prevail on the merits of their claims and that a multi-statewide preliminary injunction was appropriate.  First, in *Trump v. American Federation of Government Employees*, No. 24A1174, 606 U.S. __ , 2025 WL 1873449 (U.S. July 8, 2025) ("*AFGE*"), the Supreme Court stayed a nationwide preliminary injunction against an executive order that directed agencies to "undertake preparations to initiate large-scale reductions in force (RIFs), consistent with applicable law."  Exec. Order No. 14,210, § 3(c), 90 Fed. Reg. 9669, 9670 (Feb. 14, 2025).  The Executive Orders (EOs) challenged here similarly require any agency action to be taken consistent with applicable law.  Second, in *United States*

---

[1] The Court's order partially staying district court proceedings in this case does "not cover any necessary and jurisdictionally proper proceedings regarding the scope or enforcement of the Court's preliminary injunction[.]" Order Granting Defs.' Mot. to Stay at 5, ECF No. 273.  The partial stay does not prevent Defendants from filing, or the Court from resolving, the instant motion.  If the Court were to disagree, Defendants respectfully request that the Court lift the stay for the limited purpose of briefing and resolving this motion to stay preliminary injunction pending appeal.

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

*v. Skrmetti*, 605 U.S. __ , 145 S. Ct. 1816 (2025), the Supreme Court upheld a Tennessee law addressing materially indistinguishable sex transition interventions on minors as the EOs challenged here; the Court determined that the Tennessee law did not classify based on sex or transgender status and satisfied rational basis review.  Third, the Supreme Court's decision in *Trump v. CASA, Inc.*, makes clear that the Court's multi-statewide preliminary injunction is overbroad.  606 U.S. __ , 145 S. Ct. 2540, 2557 (2025).  *CASA* explains that a federal court's power is limited to "administer[ing] complete relief between the parties," *id*. (quotation omitted), and expressly rejects the rationales the Court advanced in support of granting multi-statewide relief.

The remaining stay factors likewise favor Defendants.  Accordingly, this Court should stay its preliminary injunction pending appeal.  In the alternative, at minimum, the Court should narrow its multi-statewide preliminary injunction to apply only to grant recipients owned or operated by one of the Plaintiff States and grant recipients where the Plaintiff physicians provide services.

## STANDARD OF REVIEW

Courts consider four factors in assessing a motion for stay pending appeal: (1) the movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will suffer irreparable harm absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest.  *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken v. Holder*, 556 U.S. 418 (2009).

## ARGUMENT

I.    **DEFENDANTS ARE LIKELY TO PREVAIL ON THE MERITS OF THEIR APPEAL.**

   *A.      The President acted within his authority in issuing the EOs.*

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The challenged EOs direct federal agencies to exercise what discretion they have under existing law to avoid funding "gender ideology" or "gender affirming care." Because the EOs merely tell agencies how to exercise their discretion within the limits established by law—and do not themselves terminate any funding—Plaintiffs' facial challenge to the President's authority to issue the EOs is without merit.

The Supreme Court's recent grant of a stay in *AFGE* underscores the point. There, an executive order directed agencies to "undertake preparations to initiate large-scale reductions in force (RIFs), consistent with applicable law." Exec. Order No. 14,210, § 3(c). The plaintiffs sued to challenge the order and an implementing memorandum from the Office of Personnel Management and Office of Management and Budget that directed agencies to submit RIF plans for review, asserting that the RIFs would be unlawful without Congressional authorization. The district court entered a preliminary injunction barring implementation of the order and memorandum, without reviewing any actual agency plan for a RIF. The Supreme Court stayed the injunction, explaining that the government was "likely to succeed on its argument that the Executive Order and Memorandum are lawful" and emphasizing that the district court had "enjoined further implementation or approval of the plans based on its view about the illegality of the Executive Order and Memorandum, not on any assessment of the plans themselves." *AFGE*, 2025 WL 1873449, at *1. As Justice Sotomayor observed in her concurrence, "the relevant Executive Order directs agencies to plan reorganizations and reductions in force 'consistent with applicable law,'" and because the "plans themselves" were not before the Court, it had "no occasion to consider whether they can and will be carried out consistent with the constraints of law." *Id.*

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

The same reasoning applies here. Plaintiffs do not challenge any action actually taken by an agency pursuant to the challenged EOs. They instead have brought a freestanding suit depending on the premise that the EOs impose some immediate obligation on agencies to act unlawfully in managing federal grant programs. That conclusion ignores the plain text of the EOs, which, like the executive orders at issue in *AFGE*, direct the President's subordinates to take steps "as permitted by law," Exec Order No. 14,168, § 3(e), "consistent with applicable law[,]" *see also* Exec. Order No. 14,168, §8(b), or "consistent with applicable law[,]" Exec. Order No. 14,187, § 4. The President may instruct subordinate officials on how to exercise any discretion they possess in carrying out their duties, and to the extent plaintiffs are actually harmed by some exercise of agency discretion, they would be free to challenge that action in the future. But Plaintiffs' facial challenge to the EOs fails—as recently made clear in *AFGE*.

**B.    The EOs do not discriminate on the basis of sex or transgender status, and they easily survive rational basis review.**

In issuing its preliminary injunction, the Court applied intermediate (or heightened) scrutiny based on its determination that "the Executive Orders facially discriminate on the basis of transgender status and sex." PI Order at 29. But the Supreme Court's recent decision in *Skrmetti* makes clear that the EOs here—which focus on specific forms of medical treatment for children age 19 and under—are reviewed under, and survive, rational basis review.

*Skrmetti* examined a Tennessee child-protection law proscribing sex transition interventions for minors, including the use of puberty blockers, cross-sex hormones, and surgery to address gender dysphoria. The Supreme Court held that the Tennessee law was not subject to heightened review because it merely classified "on the basis of age" and "on the basis of medical use," and "[c]lassifications that turn on age or medical use are subject to only rational basis review." *Skrmetti*, 145 S. Ct. at 1829. The Court explained that the law classified on the basis

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

of age because "[h]ealthcare providers may administer certain medical treatments to individuals ages 18 and older but not to minors." *Id.*  And it also classified on the basis of medical use because "[h]ealthcare providers may administer puberty blockers or hormones to minors to treat certain conditions but not to treat gender dysphoria, gender identity disorder, or gender incongruence." *Id.*

Like the Tennessee law at issue in *Skrmetti*, the Protecting Children EO classifies on the basis of age and medical use.  The Order addresses specified sex transition interventions—the use of puberty blockers, cross-sex hormones, and certain surgical procedures —for children under age 19, but not for older individuals.  Exec. Order No. 14,187, §§ 2(a), 2(c), 4.  These classifications, which "turn on age or medical use[,] are subject to only rational basis review." *Skrmetti*, 145 S. Ct. at 1829.  The Defending Women EO likewise makes no classification of persons based on sex or transgender status; indeed, Section 3(e) and 3(g) do not draw lines based on anyone's status.

The Supreme Court held that the Tennessee law at issue in *Skrmetti* "clearly" survived rational basis review because of concerns that interventions may have "irreversibl[e]" and long-term effects and that "minors lack the maturity to fully understand and appreciate the life-altering consequences of such procedures and [may later] express[] regret for medical procedures that were performed on or administered to them for such purposes when they were minors." *Id.* at 1835–36 (citing Tenn. Code Ann. 68-33-101(h) (West 2023)).  The Court also observed current "medical and scientific uncertainty" about the risks and benefits associated with administering puberty blockers and hormones to address gender dysphoria, and it pointed out that there are "open questions regarding basic factual issues" on these matters. *Id.* at 1836–37; *see id*. (citing Dr. Hilary Cass, *Independent Review of Gender Identity Services for*

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

*Children and Young People: Final Report* 22, 179 (Apr. 2024), *available at* https://perma.cc/88P4-KVUN).  That "ongoing debate" provided further justification for Tennessee's statute as responding to that "uncertainty," while also noting the potential for "less invasive approaches that are likely to result in better outcomes for the minor."  *Id*. at 1836.

Those same considerations provide the "reasonably conceivable" basis required by rational basis review to support the effectively identical Protecting Children EO, *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993), which expressly echoes many of the same concerns about the long-term effects of the interventions—such as "sterilization" or other "lifelong medical complications," and the potential risks of "regret" by this "vulnerable" population, Exec. Order No. 14,187, § 1.  Indeed, the EOs here even more straightforwardly satisfy rational basis review: unlike the state law in *Skrmetti*, the EOs do not purport to ban the identified interventions, but instead address only federal funding issues surrounding those interventions.

Because the EOs' age-based and medical-use classifications are not based on sex or transgender status and are rationally related to their purpose in protecting the health and welfare of children, Plaintiffs' constitutional discrimination claim fails.

### C.      *The multi-statewide injunction is overbroad.*

Even if Defendants were not likely to prevail on appeal on the merits of Plaintiffs' claims (and they are), Defendants are likely to prevail on their argument that the preliminary injunction should be limited in scope.  This Court entered a "statewide" injunction covering all four Plaintiff States and applying to the government's dealing with nonparties not before the Court.  PI Order at 49-52; ECF No. 233 at 53 ¶ 1 (enjoining Defendants from "enforcing or implementing Section 4 of Executive Order 14,187 *within* the Plaintiff States") (emphasis added); *id.* ¶ 2 (similar scope).

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

But the Supreme Court has since made clear that the equitable authority of district courts is limited to "administer[ing] complete relief *between the parties*." *CASA*, 2025 WL 1773631, at *11 (quotation omitted). This Court's injunction fails to comport with this basic rule, and thus, it should be stayed to the extent it extends beyond grant recipients owned or operated by one of the Plaintiff States and grant recipients where the Plaintiff physicians provide services, i.e., to the extent it provides relief to non-parties merely "within" the Plaintiff States. ECF No. 233 at 53 ¶¶ 1-2.

The rationales the Court adopted in granting multi-statewide relief cannot survive *CASA*. The Court believed statewide relief for all four Plaintiff States was appropriate because "dozens of [healthcare] providers attest[ed] to the widespread harms the [Executive] Orders have inflicted on providers in the Plaintiff States, including state institutions, nonprofit entities, and private practitioners." PI Order at 51. But as *CASA* explained, "the question is not whether an injunction offers complete relief to *everyone* potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief to *the plaintiffs before the court*." 2025 WL 1773631, at *11. Providing relief to nonparty healthcare providers throughout the Plaintiff States "would not render [the party's] relief any more complete." *Id.*

The Court also said multi-statewide relief was necessary because "a multidisciplinary approach is frequently necessary to address patients' medical needs," so "anything less than a statewide injunction would risk impacting some members of patients' care teams, but not others[,]" "leading to an overly complex enforcement landscape within the Plaintiff States and undermining the injunction's impact on transgender youth seeking care." PI Order at 51. But the desire to avoid "complex[ity]" does not expand a district court's power to enter injunctive relief, which remains bounded by the Article III injuries of the parties before the court. To the

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

extent the Court intended to remedy injuries to the medical provider plaintiffs' patients, then any relief must be so tailored and extend at most to the relevant "members of patients' care teams,"—such as specific providers of "surgical care" or "endocrinology medical providers"— for whom grant funding or continued practice might be affected. *Id.* at 51, n. 27. But *CASA* makes clear there is no basis for extending the injunction to nonparties simply because plaintiffs are unwilling to identify who needs relief. *See CASA, Inc.*, 2025 WL 1773631, at *17 (Thomas, J., concurring) (noting that the Court rejected the "argument that a 'plaintiff-specific injunction' would be difficult to administer and would subject the associations' members to the burden of having 'to identify and disclose to the government' their membership").

And even if Plaintiffs could identify some lingering injury not fully remedied by party-specific relief, those lingering effects would not justify the sweeping remedy of a statewide injunction that applies to nonparties across four states. *See id.* at *12, *16 (explaining that complete relief is a "maximum" and not a "guarantee"). Not only is the Court's injunction granting relief to nonparties inconsistent with *CASA*, but it is also inconsistent with basic principles of equity, including that an enjoined defendant must know against whom it must refrain from acting. *See* Fed. R. Civ. P. 65(d).

In recent weeks, several district courts have heeded the Supreme Court's clear direction and promptly narrowed the scope of their injunctions in response to *CASA's* mandate. *See* Modified Prelim. Inj., *Maryland v. Americorps*, No. 1:25-cv-01363-DLB, (D. Md. July 10, 2025), ECF No. 159 (modifying nationwide preliminary injunction regarding notice-and-comment requirements to apply only to plaintiff states in light of *CASA*); *see* Amended Order of Prelim. Inj., *California v. Trump*, No. 1:25-cv-10810-DJC, (D. Mass. July 18, 2025), ECF No. 116 (limiting nationwide injunction against enforcement of an executive order provision

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

requiring heads of federal voter registration agencies to assess citizenship before providing voter registration forms to public assistance program enrollees, restricting the injunction to plaintiff states); *see* Order, *Nat'l Job Corps Ass'n v. Dep't of Lab.*, No. 1:25-cv-04641-ALC, (S.D.N.Y. July 24, 2025), ECF No. 77 (modifying nationwide injunction against agency actions post-*CASA, Inc.* to cover only the 31 centers operated by plaintiff operators and five additional centers where plaintiff Transportation Communications Union/IAM provides training services).

This Court should do the same. If the Court does not stay its injunction in its entirety, the Court should at minimum stay the injunction to the extent it extends beyond grant recipients owned or operated by one of the Plaintiff States and grant recipients where the Plaintiff physicians provide services.

## II.     THE BALANCE OF EQUITIES, INCLUDING THE IRREPARABLE HARM DEFENDANTS WILL SUFFER, FAVORS GRANTING A STAY OF THE PRELIMINARY INJUNCTION.

Defendants will suffer irreparable harm absent a stay of the preliminary injunction. In particular, the Court's injunction impermissibly intrudes on the President's authority to direct his subordinates to take action to implement an administration's policy objectives, and that intrusion "into the workings of a coordinate branch of the Government" inflicts irreparable harm on the government. *INS v. Legalization Assistance Project of L.A. Cnty. Fed'n of Labor*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in chambers).

Allowing the injunction to stand also undermines important interests of the government and the public, whose interests "merge" in this context, *Nken*, 556 U.S. at 435, in protecting the health and welfare of children. "A democratic society rests, for its continuance, upon the healthy, well-rounded growth of young people into full maturity as citizens," and the Supreme Court has accordingly "sustained legislation aimed at protecting the physical and emotional well-being of youth even when the laws have operated in the sensitive area of constitutionally protected rights."

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: 202-305-0845

*New York v. Ferber*, 458 U.S. 747, 757 (1982) (quoting *Prince v. Massachusetts*, 321 U.S. 158, 168 (1944). By enjoining implementation of the EOs, the preliminary injunction has hampered Defendants' ability to respond to the reasonable concerns about sex transition interventions for minors that the Supreme Court recognized in *Skrmetti*.

Plaintiffs, moreover, will not suffer harm if the preliminary injunction is stayed. Plaintiffs do not challenge any actual agency action taken pursuant to the EOs, and the mere prospect than an agency might act unlawfully—notwithstanding the directives of the Orders themselves—is not sufficient to establish harm. And the Court's view that trans-identifying youth, none of whom are named plaintiffs in this lawsuit, will face "dire harms" from being "deprived of gender-affirming care[,]" PI Order at 48, is inconsistent with the Supreme Court's recognition that there is at minimum "medical and scientific uncertainty" about the risks and benefits associated with sex transition treatments for minors. *Skrmetti*, 145 S. Ct. at 1836-37, 1840 (Thomas, J., concurring) ("there is no medical consensus on how best to treat gender dysphoria in children"), including concerns about irreversible consequences that children may come to regret as adults, *see* 145 S. Ct. at 1841–43 (Thomas, J., concurring) (citing studies).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay its preliminary injunction pending appeal. In the alternative, the Court should stay its preliminary injunction to the extent it extends beyond grant recipients owned or operated by one of the Plaintiff States and grant recipients where the Plaintiff physicians provide services.


DATED: July 28, 2025                           Respectfully submitted,

                                               BRETT A. SHUMATE
                                               Assistant Attorney General

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

Civil Division

MICHELLE BENNETT
Assistant Branch Director
Federal Programs Branch

*/s/ Robert C. Bombard*
ROBERT C. BOMBARD
Trial Attorney (CO Bar No. 45388)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 616-0773
Fax: (202) 616-8460
robert.bombard2@usdoj.gov

*Attorneys for Defendants*

*I certify that this memorandum contains 3027
words, in compliance with the Local Civil Rules.*

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244-LK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**1100 L St. NW**
**Washington, DC 20530**
**Tel: 202-305-0845**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025, I electronically filed the foregoing Motion to Stay Preliminary Injunction Pending Appeal using this Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: July 28, 2025

*/s/ Robert C. Bombard*
ROBERT C. BOMBARD

DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL
*State of Washington, et al. v. Trump, et al.*, No. 2:25-cv-00244 -LK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**